

O'Melveny & Myers LLP
1625 Eye Street, NW
Washington, DC 20006-4061

T: +1 202 383 5300
F: +1 202 383 5414
omm.com

December 8, 2020

K. Lee Blalack II
D: +1 202 383 5374
lblalack@omm.com

**VIA ELECTRONIC DELIVERY & COURT FILING**

The Honorable Andrew L. Carter, Jr.
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

Re:   *United States v. Anthem, Inc., 1:20-cv-02593-ALC*

Dear Judge Carter:

  We represent the Defendant in this case, Anthem, Inc. ("Anthem"). We write in response to Plaintiff's December 7, 2020 letter regarding the Second Circuit's recent decision in *United States v. Strock*, No. 19-4331 (2d Cir. Dec. 2, 2020), which addresses the materiality requirement of the False Claims Act ("FCA"). *See* Dkt. 49; Dkt. 49-1 ("*Strock* Slip Op.").

  Plaintiff's letter identifies portions of the parties' principal briefs (Dkt. 37 & Dkt. 44) regarding Anthem's pending motion to dismiss. For the Court's convenience, Anthem identifies the following additional issues raised in the parties' briefing to which the *Strock* decision relates, and also includes references to the relevant portions of Anthem's Reply Memorandum of Law, Dkt. 45:

- The relation between the materiality "factors" described in *Universal Health Services, Inc. v. United States ex rel. Escobar*, 136 S. Ct. 1989 (2016), and the focus of the materiality inquiry on the government's "payment decision," *Strock* Slip Op. at 10-17; Dkt. 37 at 37-40; Dkt. 44 at 29-30; Dkt. 45 at 19-21.

- The importance of factual allegations that the government has previously "refused to pay a claim or terminated an existing contract based on" allegedly similar conduct, *Strock* Slip Op. at 22; Dkt. 37 at 46-48; Dkt. 44 at 33-35; Dkt. 45 at 15.

- The relevance, or lack thereof, of prior government FCA suits over allegedly similar conduct, *Strock* Slip Op. at 21-22; Dkt. 37 at 45; Dkt. 44 at 36; Dkt. 45 at 16-18.

- The relevance, or lack thereof, of Plaintiff's allegations about what the Center for Medicare and Medicaid Services ("CMS") "might have" or "would have" done if it knew of the allegedly false representations, *Strock* Slip Op. at 22-23; Dkt. 37 at 44-46; Dkt. 44 at 34-36; Dkt. 45 at 14-15.

  Like Plaintiff, Anthem would welcome the opportunity to address the relevance of the *Strock* decision in supplemental briefing if the Court would find it useful. We thank the Court for its consideration of this letter.

O'Melveny

Dated:  December 8, 2020          Respectfully submitted,

By: /s/ K. Lee Blalack, II

K. LEE BLALACK, II, *Pro Hac Vice*
**O'MELVENY & MYERS LLP**
1625 Eye Street, N.W.
Washington, D.C. 20006
Telephone:  (202) 383-5300
Facsimile:  (202) 383-5414
lblalack@omm.com

JAMES A. BOWMAN, *Pro Hac Vice*
MARGARET L. CARTER, *Pro Hac Vice*
**O'MELVENY & MYERS LLP**
400 South Hope Street, 18th Floor
Los Angeles, CA 90071
Telephone:    (213) 430-6000
Facsimile:     (213) 430-6407
jbowman@omm.com
mcarter@omm.com

DAVID DEATON, *Pro Hac Vice*
**O'MELVENY & MYERS LLP**
610 Newport Center Drive, 17th Floor
Newport, CA 92660
Telephone:    (949) 823-6900
Facsimile:     (949) 823-6994
ddeaton@omm.com

VALERYA ("VALERIE") COHEN
**O'MELVENY & MYERS LLP**
7 Times Square
New York, NY 10036
Telephone: (212) 326-2000
Facsimile:  (212) 326-2061
vcohen@omm.com

*Attorneys for Defendant Anthem, Inc.*

cc:    Assistant United States Attorney Li Yu, Esq.
       Assistant United States Attorney Peter Aronoff, Esq.
       Assistant United States Attorney Rachael Doud, Esq.