*Revised March 2021*

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| ----------------------------------------------------------- X | | |
| | : | CIVIL ACTION NO.:    20 Civ. 2593 (ALC) (KHP) |
| United States of America, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| against | : | |
| | : | |
| Anthem, Inc., | : | |
| | : | |
| Defendant | : | |
| ----------------------------------------------------------- X | | |

**PROPOSED CASE MANAGEMENT PLAN AND REPORT OF RULE 26(f) MEETING**

**Court Expectations**

**Rule 1 and Rule 26(b)(1).**  Counsel are expected to have reviewed Rule 1 and Rule 26(b)(1) and considered their obligations thereunder in discussing and preparing a discovery plan.

**Additional consideration of proportionality.**  Counsel shall discuss and consider whether phased or iterative discovery will increase efficiency, reduce costs and lead to a faster resolution of the case when preparing a discovery plan.

**Document Requests.**  Counsel shall be fully familiar with their obligations under Rules 34 and 26(g) and consider and discuss ways to ensure compliance and minimize disputes regarding overbreadth and specificity of requests and responses.

**Competence**.  Counsel shall be sufficiently knowledgeable in matters relating to their clients' technological systems to discuss competently issues relating to electronic discovery, or have involved someone competent to address these issues on their behalf.

Counsel are directed to the Model Confidentiality Stipulation and Order and  Discussion Topics for Rule 26(f) Conference on Judge Parker's Individual Practices Page.

Counsel represent by their signature below that they have read and will comply with the above.

1

*Revised March 2021*

**Proposed Discovery Plan**

**In accordance with Federal Rule of Civil Procedure 26(f) and Judge Parker's Individual Rules, the parties met on**   March 16, 2023   (at least one week before the Initial Case Management Conference) and are exchanging communications thereafter. At least one week before the Initial Case Management Conference, the parties submit the following report for the Court's consideration:

2.     **Summary of Claims, Defenses, and Relevant Issues**

Plaintiff:

In this civil fraud action, the Government alleges that defendant Anthem knowingly disregarded its duty to ensure the accuracy of risk adjustment data that it submitted to the Centers for Medicare and Medicaid Services ("CMS") for hundreds of thousands of beneficiaries. CMS used diagnosis codes submitted by Anthem to calculate payments to Anthem, as CMS paid Medicare Advantage Organizations (such as Anthem) more for beneficiaries with certain serious illnesses or chronic conditions. Anthem implemented a retrospective chart review program using a vendor, pursuant to which the vendor then reviewed medical charts for Anthem's beneficiaries. Anthem knew that the diagnosis codes it previously submitted to CMS, but which could not be substantiated by this retrospective chart review, had likely been reported inaccurately. But Anthem used the chart review program only to submit additional diagnosis codes to CMS while turning a blind eye to instances where the chart review could not substantiate diagnosis codes previously submitted by Anthem to CMS. By ignoring its duty to delete thousands of inaccurate diagnoses, Anthem unlawfully obtained and retained from CMS millions of dollars in payments under the risk adjustment payment system for Medicare Part C.

Defendant:

This case concerns an Anthem Medicare Advantage ("MA") business process known as the "corporate retrospective chart review program"—a common industry-wide practice—through which Anthem and its vendors reviewed MA members' medical records to report to CMS previously unreported health conditions reflected in those records.  Anthem's implementation of retrospective chart reviews was consistent with all statutes and applicable regulations, and indeed no statute or applicable regulation ever has delineated requirements for conducting such retrospective chart reviews, let alone prohibited them. Nevertheless, Plaintiff alleges that Anthem's annual attestations that data submitted to CMS was "complete, accurate and truthful" were rendered false, in violation of the False Claims Act, because Anthem's corporate retrospective chart reviews did not separately search for and report diagnosis codes previously reported to CMS that were not substantiated by medical records—so-called "two-way chart reviews."  Plaintiff pursues

this case despite the fact that CMS expressly declined to implement regulations requiring such two-way chart reviews after considering the issue in 2014, and that CMS itself has recognized that Medicare Advantage Organizations ("MAOs") like Anthem's affiliate entities that have signed annual agreements with CMS "cannot reasonably be expected to know that every piece of data [submitted to CMS] is correct."   Medicare Program; Medicare+Choice Program, 65 Fed. Reg. 40,170, 40,268 (June 29, 2000).

3.     **Basis of Subject Matter Jurisdiction:** Plaintiff contends the Court has subject matter jurisdiction over the claims under the False Claims Act pursuant to 31 U.S.C. § 3730(a) and 28 U.S.C. §§ 1331 and 1345, and it has jurisdiction over the common law claims pursuant to 28 U.S.C. § 1345. Anthem does not contest the Court's subject matter jurisdiction over Plaintiff's claims.

4.     **Subjects on Which Discovery May Be Needed**

Plaintiff(s):

This case will include discovery relating to: (i) Anthem's knowledge of its obligations to submit accurate attestations to CMS and to delete invalid diagnosis codes; (ii) Anthem's attestations to CMS; and (iii) Anthem's retrospective chart review program, including its origins, design, and results. The Government also intends to take discovery from vendors used by Anthem in relation to its retrospective chart review program.

Defendant(s):

Anthem intends to pursue discovery of (i) the U.S. Department of Health and Human Services ("HHS"), including CMS, and the current and former HHS and CMS personnel, contractors, vendors, or entities that acted on behalf of HHS or CMS or were involved in the issues alleged in the Amended Complaint concerning the topics referenced below; (ii) the U.S. Department of Justice concerning discovery it produced in similar MA litigation and concerning its investigation of Anthem before the filing of this lawsuit; and (iii) potentially non-parties. Anthem's discovery will generally seek information related to retrospective chart review practices, and the knowledge of those practices by HHS and CMS, internal decisions regarding the operation of the MA program, risk adjustment data validation audits conducted by CMS and the Office of Inspector General of HHS ("HHS-OIG"), and agency expectations and guidance regarding MAOs' annual attestations and compliance programs.  This discovery will encompass CMS' conduct and guidance from the origin of the MA program but will primarily focus on periods contemporaneous with the allegations in Plaintiff's Amended Complaint.

*Revised March 2021*

5.      **Informal Disclosures**

The information required by Rule 26(a)(1) of the Federal Rules of Civil Procedure was ***disclosed by Plaintiff(s)*** on <u>March 30, 2023</u>.  In addition, on <u>April 25, 2023</u>, <u>or within 14 days of the entry of a protective order in this matter, whichever comes later</u>, Plaintiff(s) produced/will produce an initial set of relevant documents identified in its Initial Disclosures and will continue to supplement its production.

The information required by Rule 26(a)(1) of the Federal Rules of Civil Procedure was ***disclosed by Defendant(s)*** on <u>March 30, 2023</u>.  In addition, on <u>April 25, 2023</u>, <u>or within 14 days of the entry of a protective order in this matter, whichever comes later,</u> Defendant(s) produced/will produce an initial set of relevant documents identified in its Initial Disclosures and will continue to supplement its production.

6.      **Formal Discovery**

The parties ~~jointly propose to the Court the following discovery plan~~: <u>disagree on proposed discovery deadlines, and some aspects of the following discovery plan. For the Court's convenience, Anthem also attaches its proposed case management schedule as Exhibit A. In addition to the disagreements on the dates for deadlines, the Government's position is that Anthem's proposed case management schedule also includes additional proposed deadlines that are inappropriate and unnecessary.</u>

All fact discovery must be completed by.  <u>The Government proposes June 11, 2024; Anthem proposes March 31, 2025.</u>

***The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York.  The following interim deadlines may be extended by the parties on consent without application to the Court, provided that the parties meet the deadline for completing fact discovery set forth in 3(a) above.***

a.      <u>Depositions</u>:  Depositions shall be completed by _____ and limited to no more than  35  depositions per party.  The parties agree that non-party depositions may occur before all party depositions are completed. The Government proposes that non-expert depositions shall be completed by its proposed fact discovery deadline; Anthem proposes that non-expert depositions shall be completed by its proposed fact discovery deadline.

b.      <u>Interrogatories</u>:  Initial sets of interrogatories shall be served on or before _____.  All subsequent interrogatories must be served no later than 30 days prior to the discovery deadline. Interrogatories are limited to no more than

*Revised March 2021*

35 per party.  The Government proposes an April 30, 2023, deadline for the service of initial sets of interrogatories.  Anthem does not object to an April 30, 2023 deadline for serving initial sets of interrogatories, subject to resolution of Anthem's request that each party be allowed to propound up to 5 interrogatories under Local Rule 33.3(b) early in fact discovery.

      c.      <u>Requests for Admission</u>:  Requests for admission must be served on or before <u>30 days prior to the fact discovery deadline</u>.

      d.      <u>Requests for Production</u>:  Initial requests for production were/will be exchanged on <u>March 17, 2023 (Anthem's Requests) and April   , 2023 (Government's Requests)</u>  and responses shall be due on <u>April 17, 2023 (Government's Response to Anthem's Requests); and May   , 2023 (Anthem's Response to the Government's Requests)</u>.  All subsequent requests for production must be served no later than 30 days prior to the discovery deadline.

      e.      <u>Supplementation</u>: Supplementations under Rule 26(e) must be made within a reasonable period of time after discovery of such information.

7.      **Anticipated Discovery Disputes**

Are there any anticipated discovery disputes?  Does either party seek limitations on discovery?  Describe.

<u>The parties are meeting and conferring regarding the following potential disputes: (1) Anthem's request to the Government for one additional early Rule 30(b)(6) deposition to cover organizational, reporting and foundational issues; and (2) Anthem's request to propound up to five interrogatories under Local Rule 33.3(b) early in fact discovery regarding the identification of the claims for payment that the Government contends are false under the False Claims Act.  In addition, although the Government is still in the process of preparing its response to Anthem's first requests for production, based on its initial review of those requests, the Government anticipates potential disputes relating to the scope and categories of discovery to be taken from the Government.</u>

8.      **Amendments to Pleadings**

      a.      Are there any amendments to pleadings anticipated? <u>    No.    </u>

      b.      Last date to amend the Complaint: <u>  N/A. The deadline to amend as a matter of course, without leave of the Court, has passed.</u>

*Revised March 2021*

9.  **Joinder of Parties**

      a.     Are there other necessary parties that need to be joined? Y/(N)

      b.     Is joinder of other parties anticipated? ____No.____

      c.     Last date to join other parties: ____N/A____

10. **Expert Witness Disclosures**

At this time, the parties (do)/do not (circle one) anticipate utilizing experts.  Expert discovery shall be completed by The Government proposes February 11, 2025 (8 months after its proposed fact discovery deadline); Anthem proposes December 12, 2025 (approximately 8 months after its proposed fact discovery deadline).

11. **Electronic Discovery and Preservation of Documents and Information**

      a.     Have the parties discussed electronic discovery? ____Yes.____

      b.     Is there an electronic discovery protocol in place? If not, when the parties except to have one in place? No.  On March 20, 2023, Anthem provided a draft ESI discovery protocol and Protective Order to Plaintiff for consideration, and on April 3, 2023, Plaintiff responded to Anthem's draft Protective Order.  The parties expect to meet and confer and anticipate having both in place by April 30, 2023.

      c.     Are there issues the parties would like to address concerning preservation of evidence and/or electronic discovery at the Initial Case Management Conference? ____No.____

12. **Anticipated Motions**

If the parties can agree on terms, the parties anticipate jointly moving for entry of a protective order and an ESI discovery protocol.  In addition to possible non-dispositive discovery motions, Anthem intends to file dispositive motions before trial.  The parties may also file Federal Rule of Evidence 702 (*Daubert*) motions and motions *in limine*, if warranted.

13. **Early Settlement or Resolution**

The parties (have)/have not (circle one) discussed the possibility of settlement.  The parties request a settlement conference by no later than N/A – not requested at this time.

*Revised March 2021*

The following information is needed before settlement can be discussed:

**Government Statement.** <u>The Government does not need any additional information before settlement can be discussed, and is prepared to make a demand based on information in its possession. In this proposed case management plan, Anthem has now demanded further information before settlement discussions, which it did not request during the parties' Rule 26(f) conference. The Government does not believe that this information is necessary for an informed settlement discussion.</u>

**Anthem Statement.** <u>Anthem requires Plaintiff to identity the allegedly false claims for payment that allegedly give rise to liability under the False Claims Act, the information and statements rendering each of those claims for payment false, the estimated damages for each alleged false claim, and a total monetary demand, before settlement can be discussed.  The parties discussed settlement in late 2019 and early 2020 before Plaintiff filed this action but, to date, Plaintiff has declined to provide any of this information to Anthem.</u>

14.     **Trial**

    a.     The parties anticipate that this case will be ready for trial by _____ .

        The Government anticipates that this case will be ready for trial on May 11, 2025. Anthem anticipates that this case will be ready for trial on April 26, 2027.

    b.     The parties anticipate that the trial of this case will require _____ days.

        The Government anticipates that the trial of this case will require approximately 20 trial days. Anthem anticipates that trial of this case will require 30 to 35 days.

    c.     The parties request a jury/bench (circle one) trial.

    d.     The parties consent/do not consent (circle one) to Magistrate Judge jurisdiction at this time.

15.     **Other Matters**

None at this time.

_____
_____
_____

**The parties are advised that they may consent to Magistrate Judge jurisdiction at any time during the case pursuant to 28 USC § 636(c).  To consent to Magistrate Judge jurisdiction for all purposes or specific dispositive motions, please utilize the consent form on Judge Parker's Individual Practices Webpage.**

Respectfully submitted this 4th day of April, 2023.

By:    /s/ K. Lee Blalack, II_____

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York
*Attorney for the United States of America*

K. LEE BLALACK, II, *Admitted Pro Hac Vice*
**O'MELVENY & MYERS LLP**
1625 Eye Street, N.W.
Washington, D.C.  20006-4061
Telephone: +1 202 383 5300
Facsimile: +1 202 383 5414
lblalack@omm.com

By: /s/ Charles S. Jacob_____
PETER ARONOFF
ZACHARY BANNON
CHARLES S. JACOB
ADAM M. GITLIN
REBECCA S. TINIO
JEANNETTE VARGAS
DANA WALSH KUMAR
Assistant United States Attorneys
86 Chambers Street, Third Floor
New York, New York  10007
Telephone: (212) 637-2725
Facsimile: (212) 637-2717

JAMES A. BOWMAN, *Admitted Pro Hac Vice*
**O'MELVENY & MYERS LLP**
400 South Hope Street
18th Floor
Los Angeles, California 90071-2899
Telephone: +1 213 430 6000
Facsimile: +1 213 430 6407
jbowman@omm.com

*Revised March 2021*

DAVID DEATON, *Admitted Pro Hac Vice*
**O'MELVENY & MYERS LLP**
610 Newport Center Drive
17th Floor
Newport Beach, California 92660
Telephone: +1 949 823 6900
Facsimile: +1 949 823 6994
ddeaton@omm.com

VALERYA ("VALERIE") COHEN
**O'MELVENY & MYERS LLP**
7 Times Square
New York, New York 10036
Telephone: +1 212 326 2000
Facsimile: +1 212 326 2061
vcohen@omm.com

*Attorneys for Defendant Anthem, Inc.*