UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
:
United States of America,    :      20 CIV 2593  (ALC) (KHP)
:
Plaintiff(s),    :
:      **STIPULATION AND** ~~**PROPOSED**~~
against    :      **PROTECTIVE ORDER**
:
Anthem, Inc.    :
:
Defendant(s).    :
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/8/2023

WHEREAS, the Parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

ORDERED that the following restrictions and procedures shall apply to the information, data, and documents (collectively "Discovery Material") exchanged by each party or non-party (each a "Producing Person") or to any other party or non-party (each a "Receiving Person") in connection with the pre-trial phase of the above captioned action ("Action").

This Stipulated Protective Order ("Protective Order") is agreed upon by the United States of America ("Plaintiff") and Anthem, Inc. ("Defendant" together with Plaintiff, the "Parties" and each individually a "Party").  The terms herein are binding on the Parties and any other persons or entities, including non-Parties, who become bound by this Protective Order by signifying their assent through execution of Exhibit A hereto.

1. Pursuant to 5 U.S.C. § 552a(b)(11), this Protective Order authorizes the United States to produce information that otherwise would be prohibited from disclosure under the Privacy Act (5 U.S.C. § 552a) without presenting Privacy Act objections to this Court for a decision regarding disclosure.  To the extent the Privacy Act allows the disclosure of information pursuant to court order, this Protective Order constitutes such a court order and authorizes the disclosure of that information.

2. Furthermore, this Protective Order authorizes the disclosure of information protected by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), as amended by the Health Information Technology for Economic and

1

Clinical Health Act ("HITECH Act"), including all applicable regulations and guidance issued by the Secretary of the United States Department of Health and Human Services (collectively "HIPAA Rules"), including specifically 42 C.F.R. Part 2 and 45 C.F.R. §§ 164.512(e)(1)(ii)(B), 164.512(e)(1)(v), as well as all state laws and regulations regarding the privacy and security of personal information (collectively with the HIPAA Rules, "Privacy and Security Rules"). This Protective Order constitutes a Qualified Protective Order, as that term is defined in the Privacy and Security Rules.

3. Nothing in the preceding two paragraphs shall require production of information that is prohibited from disclosure (even with the entry of this Protective Order) by other applicable privileges, statutes, regulations, or authorities.

4. A Producing Person may designate any document or information, in whole or in part, as confidential if the Producing Party determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret or otherwise sensitive non-public information. Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL" or "SUBJECT TO PROTECTIVE ORDER".

5. A Producing Person may also designate Discovery Material as "ATTORNEYS' EYES ONLY" if such Discovery Material contains sensitive government information or financial and/or commercially sensitive data such as trade secrets, pricing proposals, projections, financial projections or modeling, profit and sales figures, or similar categories of documents that are so sensitive that the Producing Person believes in good faith (or, with respect to documents received from another person, has been reasonably advised by such other person) that disclosure of such Discovery Material to persons other than those listed in Paragraph 8 would create a substantial risk of economic injury or other harm that could not be avoided by less restrictive means.

6. The parties should meet and confer if there is a dispute regarding the designation of any Discovery Material as "CONFIDENTIAL", "SUBJECT TO PROTECTIVE ORDER", or "ATTORNEYS' EYES ONLY" (collectively "Protected Information").

7. All documents designated as "CONFIDENTIAL" or "SUBJECT TO PROTECTIVE ORDER" shall not be disclosed to any person, except:

    a. The requesting party and counsel, including in-house counsel and government agency counsel;

    b. Employees and litigation support vendors of such counsel assigned to and necessary to assist in the litigation;
    c. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel;
    d. Any deponent or witness who was noticed for a deposition, or is on a witness list for hearing or trial, and counsel for any such person, in preparation for his or her noticed deposition, hearing, or trial testimony where such Protected Information is determined by counsel in good faith to be necessary to the anticipated subject matter of testimony. The persons identified in this paragraph will not be permitted to retain copies of such Protected Information and the Party taking the deposition will use best efforts to secure the witness's agreement in the form provided as Exhibit A;
    e. The Court (including the mediator, or other person having access to any Protected Information by virtue of his or her position with the Court); and
    f. Court reporters, videographers, and their companies necessary to facilitate the depositions of witnesses.
    g. Any other person or entity to whom disclosure is reasonably necessary for the prosecution or defense of this Action based on a good faith determination by the Receiving Party, and who has signed the form provided as Exhibit A hereto.

8. Documents marked "ATTORNEYS' EYES ONLY" may only be disclosed to outside counsel for the Parties, up to four in-house counsel of Defendant's who have been disclosed to Plaintiff and whose current and reasonably foreseeable future primary job duties do not involve Defendant's competitive decision-making, and the persons delineated in Paragraph 7 (b), (c), and (e) above. For avoidance of doubt, documents labeled "ATTORNEYS' EYES ONLY" may, in the case of the United States, be disclosed to officials, attorneys, and employees of the Department of Justice or the Department of Health and Human Services to whom it is reasonably necessary to disclose the information for the litigation of this action, provided that each is advised of the terms of this Protective Order and their obligation under the Protective Order to keep the Protected Information confidential and the United States secures the official, attorney, or employee's agreement to be bound by this Protective Order by signing the agreement in the form of Exhibit A, attached hereto.

9. The Protected Information disclosed will be held and used by the person receiving such information solely for use in connection with this Action.

10. In the event a party challenges another Party's designation, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective

Order constitutes an admission by any party that Protected Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Protected Information.

11. Responses to Requests for Admission and Interrogatories shall be deemed protected under this Order if the response starts with "This response is designated" and includes a confidentiality designation described in this Order.

12. Information to be treated as "CONFIDENTIAL" under this Order includes all materials, information and testimony labelled or otherwise designated as "protected," "confidential" and/or "proprietary" that have been produced or provided to the United States Attorney's Office for the Southern District of New York or Department of Justice in response to any Civil Investigative Demands or subpoenas in connection with the investigation underlying this action.

13. Prior to disclosing or displaying the Protected Information to any person delineated in Paragraph 7(c), (d), and (g) the Receiving Person must:

    a. Inform the person of the confidential nature of the information or documents;
    b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this Action and has enjoined the disclosure of the information or documents to any other person; and
    c. Require each such person to sign an agreement to be bound by this Protective Order by signing the agreement in the form of Exhibit A, attached hereto.

14. When Discovery Material is elicited during a deposition, persons not entitled to receive such information under the terms of this Order shall be excluded from the portion of the deposition so designated. Counsel for any Party may designate any portion of any deposition as "CONFIDENTIAL," "SUBJECT TO PROTECTIVE ORDER", or "ATTORNEYS' EYES ONLY" or both by stating so orally on the record and requesting that the relevant portion(s) of testimony be so designated, or providing written notice within thirty (30) days of the receipt by the Party or non-Party of the transcript from the court reporter that the relevant portion(s) of such transcript is so designated. If a deponent is represented by independent counsel at a deposition, that counsel may designate any portion of their client's testimony under the same as counsel for a Party as set forth in this paragraph. Such designation and notice shall be made in writing to the court reporter, with copies to all other counsel, identifying the portion(s) of the transcript that is so designated, and directing the court reporter to treat the transcript as provided herein. Until expiration of the 30-

4

day period, as applicable, following receipt of the transcript by the Parties or non-Parties, all deposition transcripts in their entirety shall be considered and treated as though it was designated ATTORNEYS' EYES ONLY unless otherwise agreed on the record at the deposition. If any deposition testimony is designated as confidential, the court reporter shall affix the appropriate legend on the face of the transcript (or on the face of the storage of any audio or video recordings) and shall indicate in a prominent place the specific pages and/or exhibits that have been so designated. Nothing in this paragraph shall preclude the witness from reviewing their deposition transcript.

15. In advance of a hearing in this matter, the Parties agree to confer in good faith to reach an agreement regarding the appropriate protections in the event a Party seeks to use Protected Information at a hearing. Nothing in this Order shall limit a Party's ability to use its own Discovery Material or Protected Information, however designated, at a hearing in this Action or in any other proceeding, subject to the Court's determination of the admissibility of the Discovery Material or Protected Information.

16. The disclosure of a document or information without designating it as "CONFIDENTIAL", "SUBJECT TO PROTECTIVE ORDER", or "ATTORNEYS' EYES ONLY" shall not constitute a waiver of the right to designate such document or information as Protected Information. The Producing Person may later correct the error by notifying the Receiving Person in writing and providing a replacement document with the proper designation. If so designated, the document or information shall thenceforth be treated as Protected Information subject to all the terms of this Protective Order.

17. In the event of a disclosure by a Receiving Person of Protected Information to persons or entities not authorized by this Order to receive such Protected Information, whether by inadvertence or otherwise, the Receiving Person making the unauthorized disclosure shall, upon learning of the disclosure: (i) immediately notify the person or entity to whom the disclosure was made that the disclosure contains Protected Information subject to this Order and request the recipient to execute the agreement at Exhibit A; (ii) make reasonable efforts to recover the disclosed Protected Information as well as preclude further dissemination or use by the person or entity to whom the disclosure was made; and (iii) notify the Producing Person of the identity of the person or entity to whom the disclosure was made, the circumstances surrounding the disclosure, and the steps taken to recover the disclosed Protected Information and ensure against further dissemination or use thereof. To the extent FRE 502(d) is applicable, the parties shall have the maximum protection under that Rule.

18. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for

5

identity theft) exchanged in discovery shall be maintained by the Receiving Person in a manner that is secure and confidential and shared only with authorized individuals in a secure manner. The Producing Person may specify the minimal level of protection expected in the storage and transfer of its information. In the event the person who received PII experiences a data breach, it shall immediately notify the producing party of same and cooperate with the producing party to address and remedy the breach. Nothing herein shall preclude the Producing Person from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

19. The production of privileged or work- product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). The provisions of Federal Rule of Evidence 502(b) do not apply. In the event that a Party asserts that it failed to designate any production materials or other information as privileged or work product materials, it shall promptly notify all Parties to whom such privileged material was produced or disclosed of the Producing Person's intent to assert a claim of privilege or work product over such materials. Upon such notice, if the Receiving Person intends to challenge the designation of the document(s) as privileged material, it shall promptly sequester all copies of the document(s), pending Court resolution of the challenge. Following notice by the Producing Person, the Receiving Person: (i) must not use or disclose the privileged material until the claim is resolved; and (ii) must take reasonable steps to retrieve the privileged material if the Party disclosed it before being notified. The burden of persuasion shall be on the Party asserting the claim of privilege or other protection to show that the information is privileged or otherwise protected. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

20. Notwithstanding the designation of information as "CONFIDENTIAL", "SUBJECT TO PROTECTIVE ORDER", or "ATTORNEYS' EYES ONLY" in discovery, there is no presumption that such information shall be filed with the Court under seal. Where a Party seeks to utilize Protected Information in Court filings, it must provide the designating Party reasonable notice of the Court filing. Without

written permission from the designating Party or a Court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Designated Material and must seek to file the portions containing such Designated Material under seal in compliance with applicable Court rules and procedures and give the Designating Party reasonable opportunity to move the Court to maintain such Designated Material under seal. The parties shall follow the Court's procedures with respect to filing under seal.

21. The provisions of this Order shall continue with respect to any Protected Information until expressly released by the Producing Party and shall survive the conclusion of this Action. At the conclusion of litigation, Protected Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that: (1) the parties' counsel shall be permitted to retain their working files, and (2) a Receiving Person may retain Protected Information that is auto-archived or otherwise "backed up" on electronic management and communications systems or servers, or as may be required for regulatory recordkeeping purposes; on the condition that those files will remain protected and counsel's retention of such attorney work product is in compliance with the Privacy and Security Rules. For Protected Information, if a Receiving Person chooses to take all commercially reasonable steps to destroy, rather than return, documents in accordance with this Paragraph, that Receiving Person shall, if requested, verify such destruction in writing to counsel for the Producing Person. For purposes of this Order, the "conclusion of this Action" shall be deemed to be the latter of (i) full settlement of all claims; (ii) final judgment herein after the completion and exhaustion of all appeals, re-hearings, remands, trials, and reviews, if any, of this proceeding (excluding any time period under which the Court has supervision or oversight over any relief issued through a consent decree or any non-preliminary injunction issued by the Court); or (iii) the expiration of all time limits under federal law for the filing of or application for all appeals, rehearings, remands, trials, or reviews of this proceeding, including the time limits for the filing of any motions or applications for extension of time pursuant to applicable law. Any time period under which the Court has supervision or oversight over any relief issued through a consent decree or any non-preliminary injunction issued by the Court will be considered after the conclusion of this proceeding. Notwithstanding anything in this Paragraph, to the extent that the information in the Protected Information remains confidential, the terms of this Order shall remain binding. For avoidance of doubt, attorneys for the United States may maintain copies of any Protected Information in their case files, as well as copies of any notes or summaries containing such Protected Information, subject to the Federal Records Act, 44 U.S.C. § 3101 *et seq.*

22. Nothing herein shall preclude the Parties from disclosing material designated to be Protected Information if otherwise required by law or pursuant to a valid subpoena.  If such a request is received, the Receiving Person shall give notice to the Producing Person of any such requirement or request within seven (7) days of receiving any such request or requirement so that the Producing Person may seek a protective order or other appropriate remedy, unless notification would be improper under the circumstances in which the request was received.

23. Nothing contained in this Protective Order shall prevent or in any way limit or impair the right of the United States of America (the "United States") to disclose to any agency or department of the United States, or any division of any such agency or department, Protected Information relating to any potential violation of law or regulation, or relating to any matter within that agency's jurisdiction, nor shall anything contained in this Protective Order prevent or in any way limit or impair the use of any such Protected Information by an agency in any proceeding relating to any potential violation of law or regulation, or relating to any matter within that agency's jurisdiction; provided, however, that the agency or department shall be advised of the terms of this Protective Order and maintain the confidentiality of the Protected Information in a manner consistent with the terms of this Protective Order.

24. Nothing contained in this Protective Order shall prevent or in any way limit or impair the right of the United States to provide Protected Information to a Congressional entity; provided, however, that the United States shall notify the Congressional entity requesting the documents that the Protected Information has been produced pursuant to this Protective Order and shall, if there are no objections interposed by the Congressional entity requesting the documents, use reasonable efforts to notify the producing party or nonparty of the Congressional entity's request and the United States' response thereto.

25. Nothing contained in this Protective Order shall prevent the United States from producing Protected Information to the extent required by the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. In the event that the United States determines that Protected Information is required to be produced under FOIA, the United States shall provide the producing party with written notifications at least ten days prior to the production of such Protected Information.

SO STIPULATED AND AGREED.

FOR THE UNITED STATES:

By:   /s/ Zachary Bannon
PETER ARONOFF
ZACHARY BANNON
ADAM GITLIN
CHARLES JACOB
JEANNETTE VARGAS
REBECCA TINIO
DANA WALSH KUMAR
Assistant United States Attorneys
86 Chambers St., 3rd Floor
New York, New York 10007

Dated: May 5, 2023

Dated: May 5, 2023

Respectfully submitted,

By: /s/ K. Lee Blalack, II

K. LEE BLALACK, II, *Pro Hac Vice*
**O'MELVENY & MYERS LLP**
1625 Eye Street, N.W.
Washington, D.C. 20006
Telephone: (202) 383-5300
Facsimile: (202) 383-5414
lblalack@omm.com

JAMES A. BOWMAN, *Pro Hac Vice*
**O'MELVENY & MYERS LLP**
400 South Hope Street, 18th Floor
Los Angeles, CA 90071
Telephone: (213) 430-6000
Facsimile: (213) 430-6407
jbowman@omm.com

DAVID DEATON, *Pro Hac Vice*
**O'MELVENY & MYERS LLP**
610 Newport Center Drive, 17th Floor
Newport, CA 92660
Telephone: (949) 823-6900
Facsimile: (949) 823-6994
ddeaton@omm.com

VALERYA ("VALERIE") COHEN
**O'MELVENY & MYERS LLP**
7 Times Square
New York, NY 10036
Telephone: (212) 326-2000
Facsimile: (212) 326-2061
vcohen@omm.com

HEYWARD BONYATA, *Pro Hac Vice*
**NELSON MULLINS RILEY & SCARBOROUGH LLP**
1320 Main Street, 17th Floor
Columbia, SC 29201
Telephone: (803) 255-9655
heyward.bonyata@nelsonmullins.com

JOHN MARTIN, *Pro Hac Vice*
**NELSON MULLINS RILEY & SCARBOROUGH LLP**
1320 Main Street, 17th Floor
Columbia, SC 29201
Telephone: (803) 255-9241
john.martin@nelsonmullins.com

*Attorneys for Defendant Anthem, Inc.*

SO ORDERED.

_____
KATHARINE H. PARKER, U.S.M.J.

Dated:	New York, New York
_____

SO ORDERED:

*/s/ Katharine H. Parker*
HON. KATHARINE H. PARKER
UNITED STATES MAGISTRATE JUDGE

5/8/2023

11

## Exhibit A - Agreement

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled have been designated as CONFIDENTIAL, SUBJECT TO PROTECTIVE ORDER, or ATTORNEYS EYES ONLY. I have been informed that any such documents or information labeled "CONFIDENTIAL," "SUBJECT TO PROTECTIVE ORDER," or "ATTORNEYS' EYES ONLY" are confidential by Order of the Court.

I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

DATED:

_____

Signed in the presence of:

_____

(Attorney)