```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
  UNITED STATES OF AMERICA,

                                    Plaintiff,            20-CV-2593 (ALC) (KHP)

                  -against-                               OPINION AND ORDER

ANTHEM, INC.,
                                    Defendant.
-----------------------------------------------------------------X
```

**KATHARINE H. PARKER, United States Magistrate Judge:**

This action concerns claims against Anthem, Inc. ("Anthem") for false claims brought by the United States of America ("the Government"). The parties have moved to seal materials submitted in connection with Anthem's motion to compel. (ECF Nos. 176, 183). For the reasons stated below, the motions to seal at ECF Nos. 176 and 183 are denied, without prejudice.

## LEGAL FRAMEWORK

The common law and the First Amendment accord a presumption of public access to judicial documents. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006). The public's presumptive right of access to judicial documents is "potent and fundamental," *Mirlis v. Greer*, 952 F.3d 51, 58 (2d Cir. 2020) (citation omitted), and is "integral to our system of government," *United States v. Erie Cty., N.Y.*, 763 F.3d 235, 238-39 (2d Cir. 2014).

In considering a motion to seal, the court undertakes a three-part analysis. First, the court must determine whether the document is in fact a judicial document. A judicial document is "a filed item that is 'relevant to the performance of the judicial function and useful in the judicial process.'" *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132,

139 (2d Cir. 2016) (*quoting Lugosch*, 435 F.3d at 119). "Documents that are never filed with the court, but simply 'passed between the parties in discovery,'" are not judicial documents and lie "beyond the presumption's reach." *Brown v. Maxwell*, 929 F.3d 41, 49-50 (2d Cir. 2019). When a document becomes a "judicial document," the presumption of public access attaches.

Second, once the Court finds that the document is a "judicial document," the court must determine the weight of the presumption that attaches. The weight given the presumption of access is "governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Id.* at 49. "The strongest presumption attaches where the documents 'determin[e] litigants' substantive rights,' and [the presumption] is weaker where the 'documents play only a negligible role in the performance of Article III duties.'" *Olson v. Major League Baseball*, 29 F.4th 59, 89-90 (2d Cir. 2022) (citations omitted). "Thus, a strong presumption attaches to materials filed in connection with dispositive motions, such as a motion to dismiss or a summary judgment motion." *Id.* The weight accorded to the presumptive right to public access is lower if the document is submitted in connection with a discovery dispute or other non-dispositive motion. *Brown*, 929 F.3d at 49-50.

Third, once the Court has determined the weight to accord the presumption of public access, it must determine whether competing considerations outweigh the presumption. *Lugosch*, 435 F.3d at 120. Regardless of the weight that must be accorded to the presumption, the court must make "specific, on the record findings" that sealing is necessary "to preserve higher values," and "is narrowly tailored to serve that interest." *Id*. The court may deny public disclosure of the record only "if the factors counseling against public access outweigh the presumption of access afforded to that record." *Olson*, 29 F.4th at 88.

"Higher values" the preservation of which might warrant sealing include personal privacy interests, public safety, the preservation of attorney-client privilege, and the protection of competitively sensitive business information. *Bernsten v. O'Reilly*, 307 F. Supp. 3d 161, 168 (S.D.N.Y. 2018); *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015). A sealing request is "narrowly tailored" when it seeks to seal *only* that information that must be sealed to preserve higher values. *Susquehanna Int'l Grp. Ltd. v. Hibernia Express (Ir.) Ltd.*, 2021 WL 3540221, at *4 (S.D.N.Y. Aug. 11, 2021).

## DISCUSSION

The sealed materials at issue here relates to a discovery dispute. Since the motion to compel, "at least on [its] face, call[s] upon the court to exercise its Article II powers," and "erroneous judicial decision-making with respect to such evidentiary and discovery matters can cause substantial harm," it is "subject to at least some presumption of public access." *Brown v. Maxwell*, 929 F. 3d 41, 50 (2d Cir. 2019). However, the presumption is generally somewhat lower than that applied to materials submitted for trial or related to dispositive motions. *Id.*

Neither party has articulated any "higher values" that justify sealing the documents, instead only noting that the documents were produced pursuant to a protective order. The fact that the information was designated by the parties as confidential or attorney's eyes only has no bearing on the weight accorded to the presumption of public access and is not sufficient to overcome the presumption of public access. *Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 155 (S.D.N.Y. 2015); see also *Rojas v. Triborough Bridge & Tunnel Auth.*, 2022 WL 773309, at *2 (S.D.N.Y. Mar. 14, 2022) ("[T]he showing required in connection with a sealing motion is significantly higher than the burden for obtaining a protective order in civil discovery.") While the parties have proposed limited redactions to each submission, the Court

cannot, on this record, asses the propriety of those redactions or keeping any of the documents under seal.

Given the volume of documents involved, the Court will give the parties three weeks from the date of this opinion to re-file their motions to seal and make a specific showing that higher values justify continuing to keep the documents under seal.

## CONCLUSION

The parties' motions to seal at ECF Nos. 176 and 183 are denied without prejudice.  **The Clerk of the Court is respectfully directed to terminate the motions to seal at ECF Nos. 176 and 183, but shall not unseal any documents at this time.**

By **May 1, 2024**, the parties shall publicly re-file their motions to seal.  If the parties do not refile their motions by **May 1, 2024**, the Court will direct that the documents be unsealed.

**SO ORDERED.**

DATED:   New York, New York
April 10, 2024

*Katharine H. Parker*
_____
KATHARINE H. PARKER
United States Magistrate Judge