```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
   UNITED STATES OF AMERICA,

                                    Plaintiff,                        20-CV-2593 (ALC) (KHP)

                -against-
                                                                      ORDER
ANTHEM, INC.,

                                    Defendant.
-----------------------------------------------------------------X
```

**KATHARINE H. PARKER, United States Magistrate Judge:**

On April 9, 2023, the parties appeared for a Case Management Conference. As discussed at the conference:

- Plaintiff is directed to apply its proposed word strings to the 2.2 million *Poehling* documents that were the subject of the Court's recent order to remove documents related to the UnitedHealth bidding process and FFS/actuarial equivalence (the "Excluded Subset"). (ECF No. 190.) The Court understands the strings that will be used to create the Excluded Subset are: (1) (United OR UHG or UnitedHealth OR Pacificare OR Optum OR Ingenix OR Ovations OR OptumInsight) AND (bid!); and (2) "FFS" OR "fee for service" OR "actuarial equivalence." collection and exclude irrelevant documents consistent with the undersigned's March 12, 2024 order. Once these terms are applied to create the Excluded Subset, Plaintiff shall then produce the remaining, smaller subset of *Poehling* documents;

- In addition, Plaintiff shall develop search terms to apply against the *Poehling* documents removed from the production (i.e., the Excluded Subset) to search for relevant documents pertaining to the chart review process at issue in this case, Medicare Managed Care Manual chapter 7, MA participant guides, and Anthem-specific documents. The Court contemplates that the process of evaluating whether there are relevant documents within the Excluded Subset of the *Poehling* documents will take place after production of the non-excluded *Poehling* documents so that both sides can better tailor discrete search terms to capture relevant, non-redundant information that may have been excluded from the search string listed above;

- Defendant will add Plaintiff's proposed four additional custodians (i.e., Gallina, Bowers, Sassi and Smith) for purposes of its search of ESI responsive to Plaintiff's Requests for Production;

- For purposes of its search for ESI responsive to Plaintiff's Request for Production No. 3-1, Defendant shall include additional custodians from Anthem's compliance and audit teams, and the parties shall meet and confer on appropriate search terms for these custodians;

- The only custodian whose ESI Plaintiff shall be required to search for purposes of responding to Defendant's Request for Production No. 15 is Owen Clybourne;

- Within 45 days, the parties shall finalize search terms to apply to the group of custodians authorized by the Court and as discussed at the conference;

- The parties' next agenda letter to the Court should include an update on search term negotiations and an estimated timeline for production of documents.

**SO ORDERED.**

DATED:    New York, New York
          April 10, 2024

_____
KATHARINE H. PARKER
United States Magistrate Judge