USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/25/2024

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
   UNITED STATES OF AMERICA,

                                Plaintiff,                    **20-CV-2593 (ALC) (KHP)**

              -against-

ANTHEM, INC.,                                **OPINION AND ORDER ON**
                                                                        **MOTIONS TO SEAL**
                                Defendant.
-----------------------------------------------------------------X

**KATHARINE H. PARKER, United States Magistrate Judge:**

        This action concerns claims against Anthem, Inc. ("Anthem") for false claims brought by the United States of America ("the Government").  The parties have moved to seal materials submitted in advance of a status conference held before the undersigned.  (ECF Nos. 215, 216). For the reasons stated below, the motions to seal at ECF Nos. 212 and 214 are GRANTED.

**LEGAL FRAMEWORK**

        The common law and the First Amendment accord a presumption of public access to judicial documents.  *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006).  The public's presumptive right of access to judicial documents is "potent and fundamental," *Mirlis v. Greer*, 952 F.3d 51, 58 (2d Cir. 2020) (citation omitted), and is "integral to our system of government," *United States v. Erie Cty., N.Y.*, 763 F.3d 235, 238-39 (2d Cir. 2014).

        In considering a motion to seal, the court undertakes a three-part analysis.  First, the court must determine whether the document is in fact a judicial document.  A judicial document is "a filed item that is 'relevant to the performance of the judicial function and useful in the judicial process.'" *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139 (2d Cir. 2016) (*quoting Lugosch*, 435 F.3d at 119).  "Documents that are never filed with the

court, but simply 'passed between the parties in discovery,'" are not judicial documents and lie "beyond the presumption's reach." *Brown v. Maxwell*, 929 F.3d 41, 49-50 (2d Cir. 2019). When a document becomes a "judicial document," the presumption of public access attaches.

Second, once the Court finds that the document is a "judicial document," the court must determine the weight of the presumption that attaches. The weight given the presumption of access is "governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Id.* at 49. "The strongest presumption attaches where the documents 'determin[e] litigants' substantive rights,' and [the presumption] is weaker where the 'documents play only a negligible role in the performance of Article III duties.'" *Olson v. Major League Baseball*, 29 F.4th 59, 89-90 (2d Cir. 2022) (citations omitted). "Thus, a strong presumption attaches to materials filed in connection with dispositive motions, such as a motion to dismiss or a summary judgment motion." *Id.* The weight accorded to the presumptive right to public access is lower if the document is submitted in connection with a discovery dispute or other non-dispositive motion. *Brown*, 929 F.3d at 49-50.

Third, once the Court has determined the weight to accord the presumption of public access, it must determine whether competing considerations outweigh the presumption. *Lugosch*, 435 F.3d at 120. Regardless of the weight that must be accorded to the presumption, the court must make "specific, on the record findings" that sealing is necessary "to preserve higher values," and "is narrowly tailored to serve that interest." *Id*. The court may deny public disclosure of the record only "if the factors counseling against public access outweigh the presumption of access afforded to that record." *Olson*, 29 F.4th at 88.

"Higher values" the preservation of which might warrant sealing include personal privacy interests, public safety, the preservation of attorney-client privilege, and the protection

2

of competitively sensitive business information. *Bernsten v. O'Reilly*, 307 F. Supp. 3d 161, 168 (S.D.N.Y. 2018); *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015). A sealing request is "narrowly tailored" when it seeks to seal *only* that information that must be sealed to preserve higher values. *Susquehanna Int'l Grp. Ltd. v. Hibernia Express (Ir.) Ltd.*, 2021 WL 3540221, at *4 (S.D.N.Y. Aug. 11, 2021).

## DISCUSSION

The sealed materials at issue here are position statements submitted in advance of a case management conference held before the undersigned. Since the letters, "at least on [their] face, call upon the court to exercise its Article II powers," and "erroneous judicial decision-making with respect to such evidentiary and discovery matters can cause substantial harm," it is "subject to at least some presumption of public access." *Brown v. Maxwell*, 929 F. 3d 41, 50 (2d Cir. 2019). However, the presumption is generally lower than that applied to materials submitted for trial or related to dispositive motions. *Id.*

Both letters concern the parties' positions regarding specific data security measures requested by the Defendant for analysis of data it intends to produce. These measures were requested in light a previous data breach in matter as discussed in *United States v. Anthem, Inc.*, 2024 WL 2982908, at *1 (S.D.N.Y. June 12, 2024). Disclosure of these materials could result in another data breach, which other courts have recognized as a higher value warranting sealing. *See e.g. In re Yahoo! Inc. Customer Data Sec. Breach Litig.*, No. 16-MD-02752-LHK, 2018 WL 9651897, at *3 (N.D. Cal. Jan. 3, 2018). This higher value is sufficient to overcome the generally weaker presumption of public access that attaches to materials submitted related to discovery disputes, and justify sealing in this case.

## CONCLUSION

The parties' motions to seal at ECF Nos. 212 and 214 are GRANTED in their entirety. **The Clerk of the Court is respectfully directed to terminate the motions to seal at ECF Nos. 212 and 214, and the materials at ECF Nos. 215 and 216 may remain under seal.**

   **SO ORDERED.**

DATED:  New York, New York
      July 25, 2024

*/s/ Katharine H. Parker*
_____
KATHARINE H. PARKER
United States Magistrate Judge

4