```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/15/2025
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X

   UNITED STATES OF AMERICA,

                                      Plaintiff,         **20-CV-2593 (ALC) (KHP)**

                -against-                       **POST-CONFERENCE DISCOVERY**
                                                                          **ORDER**
ANTHEM, INC.,

                                      Defendant.
-----------------------------------------------------------------X

**KATHARINE H. PARKER, United States Magistrate Judge:**

       At today's discovery conference, the parties raised several issues related to document production. First, Anthem objected to producing documents in response to the Government's RFP No. 4-2. That request seeks communications, memoranda, presentations, drafts, notes, agendas, meeting minutes and analysis concerning deletions made in connection with, or as a result of, (i) the claim audits referenced in a specific document produced by Anthem in this matter; (ii) any claims validation audits referenced by Kristina Cournoyer in her March 13, 2019 testimony; (iii) quality assurance audits referenced by Joell Keim in her August 13, 2019 testimony; or (iv) deletions as a result of RADV audits or other programs instituted by Anthem as referenced in Jeff DeShay's testimony.

       Second, the Government objected to producing additional documents in response to Anthem's RFP Nos. 15-16 and 27-30. Anthem's RFP Nos. 15 and 16 seek internal CMS communications concerning CMS's receipt and response to two letters from Anthem Medicare President Marc Russo dated September 11, 2017 and September 27, 2017. RFP Nos. 27-30 seek Anthem-related documents concerning MAO retrospective chart reviews, risk adjustment

1

attestations, risk scores, and adjustment payments for risk adjustment data or diagnosis codes identified through retrospective chart reviews.

## LEGAL STANDARD

Rule 26(b)(1) provides that parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Factors relevant to proportionality include "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). The proportionality rule is "intended to encourage judges to be more aggressive in identifying and discouraging discovery overuse by emphasizing the need to analyze proportionality before ordering production of relevant information." *BlackRock Allocation Target Shares: Series S Portfolio v. Wells Fargo Bank, Nat'l Ass'n*, No. 14-cv-10067 (KPF) (SN), 2017 WL 3610511, at *6 (S.D.N.Y. Aug. 21, 2017) (citations and internal quotation marks omitted).

Rule 26(b)(2)(C) provides that courts must limit discovery that is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive, or when the party seeking discovery has had ample opportunity to obtain the information by discovery in the action. Fed. R. Civ. P. 26(b)(2)(C).

The party seeking discovery bears the initial burden of demonstrating relevance and proportionality, which may be rebutted by the party opposing discovery. To the extent the

discovery is alleged to run afoul of the limits of Rule 26(b)(2)(C), the party seeking the discovery must rebut that allegation.

**Government RFP No. 4-2**

The Court has already determined that the information sought in this RFP is relevant to the case, but the parties are now arguing about the scope of documents produced by the Government's search terms. The Government seeks documents related to Anthem's deletion of codes that were or might be submitted to CMS for purposes of CMS determining amounts payable to Anthem as part of its management of certain health care plans offered to medicare-eligible participants. As part of this request, the Government is interested in communications between and among Anthem personnel regarding the basis for deletions and decision-making regarding whether or not to make deletions. This type of information is relevant to the element of scienter in the Government's fraud claim.

The Government's search terms – (delete* or withdr* or remov* or retract*) and audit* – returned approximately 160,000 documents. Anthem argues the search terms are overbroad and that it is unduly burdensome to search 160,000 documents, especially in light of the nearly 760,000 documents it is already reviewing in response to other requests. Anthem, however, does not provide the time it will take to review these additional documents or the costs involved. Nor has it reviewed any sample set from the 160,000 to know the nature of the documents returned through the search, which would provide the Court with a better sense of whether the search can or should be refined.

Insofar as the Court has a case management conference in three weeks, Anthem shall review a sample of the documents retrieved to determine the responsiveness of the documents

returned by the search and ascertain whether there are refinements that can be made to better identify the type of documents the Government seeks. It shall be prepared to report back to the Court at the next case management conference. In advance of the next conference, Anthem also shall provide the Government with any insights it obtains from the sample and, if appropriate, provide proposed refined search terms and the rationale for them.

**Anthem RFPs Nos. 15-16**

The Government already searched for documents and communications related to the two Russo letters and produced them. However, Anthem is not satisfied with the Government's search and contends that the search terms used were overly restrictive. For example, its search included "September 11" but not variants of how that date might be expressed. The Government contends there was little communication within CMS about these two letters because an investigation had already commenced and lawyers within the Department of Justice were assisting with a response to the September 11 letter and that there was no response at all to the September 27 letter. In other words, it believes there is little basis to believe additional searches would turn up additional responsive documents.

In their meet and confers, the Government tested other search strings. A search of words in the subject line of the letters returned another 63 documents that the Government has refused to search and a search of "Russo" or "Anthem" and "Letter" returned approximately 4,000 documents that the Government has refused to search on the grounds that the terms are too broad and would bring up communications that do not relate specifically to communications about the two letters.

Insofar as the burden is minimal, the Government shall review the 63 documents to determine if any are responsive and produce same. Further, the parties shall meet and confer to see if there are refinements to the search of "Russo" or "Anthem" and "Letter," such as including reference to the dates of the letters, that will reduce the size of documents responsive to the search and report back to the Court at the next case management conference.

**Anthem RFPs Nos. 27-30**

The Government has already produced over one million documents in this matter, including all of the attestations that it contends are false and at issue in this case. Anthem, however, is not satisfied and believes that there are additional documents specific to Anthem responsive to these requests on the grounds that it has identified only 170 documents within the Government's production responsive to these RFPs. Anthem has proposed supplemental search terms that return an additional approximately 13,000 documents (inclusive of family members).

Apart from complaining about the number of documents relating to these RFPs produced, Anthem has not demonstrated that in fact there are more responsive documents that were not captured in the search pertaining to these categories. It did, however, identify a potential issue with the Government's search term "attest*" – that it might not have returned all documents pertaining to attestations as it was not the correct root expander – and that "attest!" should have been used instead. The Government shall evaluate whether it used the proper root word expander and, if appropriate, determine whether there are additional

documents that are returned that should be reviewed for responsiveness and produced. The Government shall report back to the Court by the next conference.

**Additional Directions**

The parties shall meet and confer regarding family expansion hit count issues and attempt to resolve any dispute. In the event the parties are unable to reach a compromise, the parties shall file a joint letter to the Court **by January 31, 2025**, for the Court to resolve the disagreement. The letter shall be no longer than 6 pages, exclusive of attachments.

The parties shall discuss dates for depositions and be prepared to talk about dates that have been set aside for depositions of key witnesses at the next case management conference.

**SO ORDERED.**

DATED:   New York, New York
         January 15, 2025

_____
KATHARINE H. PARKER
United States Magistrate Judge