

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

86 Chambers Street
New York, New York 10007

September 2, 2025

<u>Via ECF</u>
The Honorable Katharine H. Parker
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *United States of America v. Anthem, Inc.*, No. 20 Civ. 2593 (ALC) (KHP)

Dear Judge Parker:

      The Government and Anthem have a dispute. The Government is requesting that the Court adjourn the conference currently scheduled for September 9, 2025, to a date between October 1, 2025, and October 14, 2025, or a time thereafter that is convenient for the Court.[1] Anthem opposes this request and has included a separate statement at the end of this letter.

## The Government's Statement

      We make this request so to permit Anthem has sufficient time to pull and produce a random sample of 25 medical records in a manner that is compliant with the Court's July 25, 2025, post-conference order prior to the parties' next conference with the Court. We understand that Anthem requires additional time in light of a delayed delivery by FedEx of the Government's narrowed list of false diagnosis codes. As set forth below, Anthem opposes this adjournment request.

      Specifically, on July 25, 2025, the Court ordered Anthem to, among other things, "pull and review a random sample of 25 medical records from the narrowed list of 250,000 records and produce them to the Government." Dkt. No. 388 at 1 (the "Post-Conference Order"). The Court also directed the parties to "use this sample to evaluate the timeline for producing additional medical records, the steps and burden involved, and the scope of a potential sample that the Government believes is sufficient to be representative." *Id.* And the Court noted that "the parties shall be prepared to discuss their findings with the Court at the September 9 conference." *Id.*

      On or about July 29, 2025, the Government produced its narrowed list of approximately 250,000 diagnosis codes to Anthem by shipping the list of diagnosis codes on a secured drive via FedEx priority overnight shipping. Unfortunately, FedEx experienced issues in delivering the secured drive to Anthem in a timely manner, despite the parties' prompt and diligent follow up. Further, the Government also offered to re-produce the data to Anthem promptly by FedEx or

---

[1] Anthem's counsel has represented that it is unavailable for such a conference during the last two weeks of September.

electronically. As a result, however, Anthem's counsel did not receive the narrowed list of diagnosis codes until later than originally anticipated in mid-August. Anthem has informed the Government that, as a result of this delay, Anthem is unable to timely "pull and review a random sample of 25 medical records from the narrowed list of 250,000 records and produce them to the Government." Post-Conference Order, Dkt. No. 388 at 1.

The Government understands and appreciates that Anthem requires additional time to pull and produce a random sample of 25 medical records in a manner that complies with the Court's Post-Conference Order in light of the delay. The Government thus requests an adjournment of the September 9, 2025, conference so that Anthem has sufficient time to do so, so that the parties may discuss that production ahead of the next conference with the Court, and so that the parties are in a position to "discuss their findings with the Court." *Id.*

Anthem has informed the Government that it opposes the Government's request for an adjournment and that, instead of complying with the Court's Post-Conference Order, Anthem intends to produce today "25 medical records associated with the seven Anthem members identified by Plaintiff in the Amended Complaint along with 18 randomly selected medical records that were reviewed by the government in risk adjustment data validation audits of Anthem's MA contracts that are associated with diagnosis codes included in Plaintiff's prior list of 730,000 allegedly false diagnosis codes." *Id.* But this proposal is contrary to the Court's unequivocal and explicit order that the medical records be random and derived from the Government's operative list of 250,000 codes, **not** the moot prior list of approximately 730,000 codes (let alone a subset of those diagnosis codes that were previously selected for audits). Instead, Anthem's proposed set of medical records is biased and includes records that are irrelevant to the case. Indeed, Anthem has disclosed to the Government that, out of the 18 records that are not derived from the Government's amended complaint, only **two** such records relate to diagnosis codes that are still operative in this case. Further, Anthem's production will provide little guidance to the parties regarding the potential burden of collecting additional medical records, as these records all appear to have been already been collected by Anthem. Lastly, Anthem cannot refuse to comply with the Court's unequivocal order and instead fashion its own criteria without even seeking the Court's approval for modification.[2] In the event that Anthem declines to comply with the Court's Post-Conference Order and use its own biased set of medical records, the Government intends to seek appropriate relief from the Court.

As stated above, however, the Government recognizes and appreciates that Anthem experienced a delay in receiving the list. Thus, the Government respectfully requests that the Court: (1) adjourn the September 9, 2025, conference to a date during the first two weeks of October, or a date thereafter that is convenient for the Court; and (2) so-order this letter to provide that the references to the "September 9 conference" set forth in the Court's prior post-conference

---

[2] Although Anthem informed the Government on August 8 that it intended to use new criteria to select medical records in light of the delay, the Government never consented to that approach. As soon as Anthem articulated its specific proposal—and it became clear that Anthem intended to obviate the purpose behind the Court's prior post-conference order through a biased sample—the Government objected and informed Anthem that it intended to seek this adjournment request so that Anthem could comply with the post-conference order.

order, *see* Dkt. No. 388, shall be deemed to refer to the rescheduled conference. The Government correspondingly requests that the Court excuse the parties from any requirement to submit a proposed agenda until the week before the rescheduled conference, in light of this request.

Anthem has provided the following position for insertion into this letter:

### Anthem's Statement

The Government concedes that it did not provide to Anthem its revised list of allegedly false diagnosis codes until nearly three weeks after the July 24, 2025 case management conference ("CMC"). (*See* Attachment A, Aug. 13, 2025 email from P. Aronoff to W. Buffaloe.) Nor does it dispute that Anthem notified the Government on August 8, 2025 that the delay in service of the new list would render it impossible for Anthem to identify, collect, and produce 25 medical records associated with a "random sample" of the diagnosis codes identified on the Government's new list in advance of the September 9, 2025 CMC ("September 9 CMC"). (*See id.*, Aug. 8, 2025 email from D. Deaton to P. Aronoff.) The Government also does not dispute that Anthem notified the Government on August 8, 2025 that it would be seeking alternative methods of identifying 25 medical records that could be produced in advance of the September 9 CMC. (*See id.*) Therefore, pursuant to the Court's guidance, Anthem developed a sample of 25 medical records that is being produced to the Government today in advance of the September 9 CMC. Seven of the medical records are associated with the patient encounters identified in the Amended Complaint and the other 18 medical records are associated with patient encounters from the Government's original list of allegedly false diagnosis codes. In total, eight of the 25 medical records also happen to be associated with the Government's recently narrowed list of allegedly false diagnosis codes.

The Government has failed to justify postponement of the September 9 CMC and the further delay in the progress of discovery that this postponement will cause. As more fully explained in Attachment A, the Court requested a sample of 25 medical records during the July CMC to obtain "a sense of what does a medical record look like" and to better understand their content, complexity, and variability. (Attachment A, Sept. 1, 2025 email from W. Buffaloe to C. Jacob). The Court also was interested in learning the steps, burden, and projected timeline associated with Anthem's possible production of additional medical records and "how the government would be utilizing them." (*Id.*) This sample of 25 records was never intended to be statistically valid and the Court expressly stated that the Government would not be required to use this sample of medical records for proof on the merits in this case. (*See id.*, Sept. 2, 2025 email from W. Buffaloe to C. Jacob.) In addition, the sample was not intended to be representative of any larger population because the Government still has not identified its final list of allegedly false diagnosis codes. In sum, this sample of records complies with the Court's instructions during the July CMC and will permit the parties and the Court to address the issues that the Court raised at the July CMC. Anthem will also be prepared during the September 9 CMC to discuss the medical records in the sample and the burden associated with identifying additional medical records. In the event the Court vacates the September 9 CMC and instructs Anthem to identify a second collection of 25 medical records, Anthem asks that the Court set the next conference during the first or second week of October when the Anthem counsel who are knowledgeable about the medical records are next available and subject to Anthem's confirmation that it can identify a second collection of 25 medical records by the end of September.

* * *

We thank the Court for its consideration of this request.

                                                Respectfully submitted,

                                                JAY CLAYTON
                                                United States Attorney

By:    */s/ Charles S. Jacob*
       PIERRE ARMAND
       ZACHARY BANNON
       RACHAEL DOUD
       ADAM GITLIN
       CHARLES JACOB
       DANA WALSH KUMAR
       REBECCA TINIO
       Assistant United States Attorneys
       86 Chambers Street, 3rd Floor
       New York, New York 10007

cc:    Anthem's Counsel (Via ECF)