

O'Melveny & Myers LLP
400 South Hope Street
Suite 1900
Los Angeles, CA 90071-2811

T: +1 213 430 6000
F: +1 213 430 6407
omm.com

September 17, 2025

Jim Bowman
D: +1 213 430 6569
jbowman@omm.com

**VIA ELECTRONIC DELIVERY AND COURT FILING**

The Honorable Katharine H. Parker
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 750
New York, New York 10007

Re:   *United States v. Anthem, Inc.* (Case No. 1:20-cv-02593-ALC-KHP)

Dear Judge Parker:

      We represent Defendant Anthem, Inc. ("Anthem" or "Company") in the above-referenced action. Anthem respectfully seeks leave to serve on Plaintiff a single request for production ("RFP") pursuant to the Court's September 3, 2025 Order (Dkt. 403). The RFP—attached as Exhibit A—seeks highly probative evidence regarding the Centers for Medicare and Medicaid Services' ("CMS") knowledge and communications regarding Anthem's retrospective chart review practices ("chart reviews").

      CMS regulations require that Medicare Advantage Organizations ("MAOs") attest, based on "best knowledge, information and belief," that they have submitted not only "accurate" risk adjustment data for their beneficiaries but also "complete" data. 42 C.F.R. § 422.504(l). As relevant here, CMS has defined "accurate" to mean that diagnosis codes reported to CMS are documented in the beneficiaries' medical records and coded in compliance with the ICD-9 or ICD-10-CM Official Guidelines for Coding and Reporting ("ICD Guidelines"), while it has defined "complete" to mean that the MAOs have reported to the agency all of the beneficiaries' diagnoses that healthcare providers have documented in the medical records. CMS witnesses have testified that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇, *see* Ex. B at 111:7-112:1, and CMS routinely conducts audits that evaluate whether MAOs submitted risk adjustment data to the agency that is both complete and accurate.

      In 2009, CMS conducted such an audit of one of Anthem's Medicare Advantage ("MA") contracts, Contract H3655, which involved an Anthem MA plan that Plaintiff has identified as "relevant to this action" in its Amended Complaint. (Dkt. 26 ¶ 11; Dkt. 26-1). The audit addressed a number of operational issues but, as relevant here, CMS concluded that, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. MA program guidance required Anthem to develop a Corrective Action Plan ("CAP") to remediate the audit's findings, and on September 29, 2010, Anthem submitted that CAP to CMS ("CAP Materials"). With respect to the ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ that CMS

identified in the audit, Anthem explained that ███████████████████████████
████████████████████████████████████████████████████████████████████████
████████████ In the CAP Materials, Anthem also shared documents with CMS describing in great detail how the retrospective chart review program operated. The documents show that Anthem's chart reviews were ████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████
█████████ Thus, before the liability period alleged in this case, Anthem affirmatively notified CMS that it was reviewing medical records *only* to identify additional diagnosis codes and was not auditing diagnosis codes that Anthem had previously submitted to the agency to confirm that those codes were properly documented in the beneficiaries' medical records.

Plaintiff's claims for relief in this case are premised on its allegation that Anthem's annual attestations to CMS from January 1, 2014 to June 30, 2018 were false because the Company was conducting chart reviews only to identify and submit additional diagnosis codes to CMS and was not also auditing previously submitted diagnosis codes to confirm that they were documented in the records—a fact that Anthem affirmatively disclosed to CMS years earlier. Anthem's proposed RFP thus seeks targeted discovery from Plaintiff relating to CMS's knowledge and communications regarding Anthem's disclosure to the agency that it was conducting chart reviews only to identify and report additional diagnosis codes to CMS. The requested discovery is critical to Anthem's scienter and materiality defenses under the False Claims Act ("FCA"). Accordingly, there is good cause to allow Anthem to serve this single RFP.

I.  **Anthem Seeks Documents That Are Critical to Its FCA Defenses**

In 2009, in connection with a routine audit of Anthem Contract H3655, CMS concluded—among other things—that it ████████████████████████████ after the auditors █████████████████████████████████████████████████████████████
████████████████████████████████████ *See* Ex. C at -002 to -012. On September 29, 2010, Anthem submitted the CAP Materials to CMS, explaining that ██████████████████████
█████████████████ Ex. D at -189. In response to the audit finding, Anthem notified CMS that it had ███████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████
*Id.* (emphasis added). Anthem explicitly disclosed that ████████████████████████
████████ Anthem informed CMS that ███████████████████████████████████████
████████████████████████████████████████████████████████████████ *Id.*

Within the CAP Materials, Anthem shared several documents that described its chart reviews in detail. These documents emphasized that █████████████████████████████
and that █████████████████████████████████████████████████████████████████
████████████████████████ Ex. E at -126. In a recent meet-and-confer, Plaintiff

2

disputed that the CAP Materials disclosed the fact that ███████████
████████████████████ See Ex. F (Sept. 15, 2025 email from R. Kohli). But these documents do just that. They stated explicitly that Anthem's chart reviews were ████
████████████████████████████████████ and the detailed description of the chart reviews did not reference ████████████████████████
████████████████ See Ex. G at -172. Notably, CMS evaluated Anthem's CAP Materials and closed the audit for Contract H3655 on December 30, 2011, concluding that Anthem had ████████████████████████████████████████████████
███████████████ Ex. H.

The CAP Materials evidence that CMS was fully aware of the Anthem business practice that Plaintiff now alleges was fraudulent. Such evidence is obviously relevant to Plaintiff's allegation that Anthem's interpretation of MA program requirements was so objectively unreasonable that the Company was reckless in attesting to the accuracy of its risk adjustment data. *See United States ex rel. Sheldon v. Forest Labs., LLC*, 754 F. Supp. 3d 615, 651-53 (D. Md. 2024) (finding no scienter under FCA where defendant affirmatively disclosed interpretation of program requirement to CMS and CMS did not object). Further, the evidence shows that CMS officials had knowledge of Anthem's chart review practices by at least 2010 and nevertheless continued to contract with Anthem and remit payments to the Company *year after year*, which is highly probative of Anthem's defense that its chart reviews were not material to CMS's payment decision under the MA program. *See United States ex rel. Poehling v. UnitedHealth Group*, 16-cv-08697 (C.D. Cal.) R. & R. 45 (recommending dismissal of plaintiff's FCA claim for lack of materiality where plaintiff alleged that the defendant's one-way chart review program violated its attestation, yet the government was aware of the program and took no adverse payment action).

Plaintiff's actions in this case demonstrate that it also believes Anthem's CAP disclosures are relevant. Plaintiff has questioned deponents about Anthem's CAP Materials and disclosure to CMS regarding chart reviews. Ex. I-J. It also demanded documents from Anthem about the origin and design of the chart review program in 2010, which resulted in the production of certain portions of Anthem's CAP Materials. *See* Ex. K-L. And Plaintiff has conceded that CMS's knowledge of chart review practices is "fair game" and couldn't "[be] contest[ed]" as irrelevant. *See* 9/19/2023 Hr'g Tr. 49:20–24; 3/12/2024 Hr'g Tr. 28:24–29:3.

## II. Anthem Seeks Documents That Are Uniquely Within Plaintiff's Control

Plaintiff has exclusive possession of CMS documents regarding the CAP Materials. While Anthem has produced its own CAP-related documents, it has not identified any *internal* CMS documents related to the CAP Materials in Plaintiff's previous productions to Anthem.

## III. The Proposed RFP is Narrow, Proportional, and Not Unduly Burdensome to Plaintiff

The RFP is confined to a limited timeframe of just over one year, September 2010 to December 2011. The RFP is also limited to a discrete subject matter and the CMS custodians who were involved in evaluating the CAP Materials. The relevance of these documents far outweighs the limited burden of locating and producing the documents to Anthem in this case.

Dated: September 17, 2025

Respectfully submitted,

By: /s/ *James A. Bowman*

JAMES A. BOWMAN, *Pro Hac Vice*
ADAM LEVINE, *Pro Hac Vice*
HANNAH E. DUNHAM, *Pro Hac Vice*
**O'MELVENY & MYERS LLP**
400 South Hope Street, 18th Floor
Los Angeles, California 90071
Telephone: (213) 430-6000
Facsimile: (213) 430-6407
jbowman@omm.com
alevine@omm.com
hdunham@omm.com

K. LEE BLALACK, II, *Pro Hac Vice*
ANWAR GRAVES, *Pro Hac Vice*
WILLIAM BUFFALOE, *Pro Hac Vice*
BRIAN DAVID BOYLE
BENJAMIN D. SINGER
**O'MELVENY & MYERS LLP**
1625 Eye Street, N.W.
Washington, D.C. 20006
Telephone: (202) 383-5300
Facsimile: (202) 383-5414
lblalack@omm.com
agraves@omm.com
wbuffaloe@omm.com
bboyle@omm.com
bsinger@omm.com

DAVID DEATON, *Pro Hac Vice*
**O'MELVENY & MYERS LLP**
Two Embarcadero Center, 28th Floor
San Francisco, California 94111
Telephone: (949) 823-6900
Facsimile: (949) 823-6994
ddeaton@omm.com

CHRISTOPHER P. BURKE, *Pro Hac Vice*
**O'MELVENY & MYERS LLP**
1301 Avenue of the Americas, Suite 1700
New York, New York 10019
Telephone: (212) 326-2000



Facsimile: (212) 326-2061
cburke@omm.com

**JOHN MARTIN**, *Pro Hac Vice*
**HEYWARD BONYATA**, *Pro Hac Vice*
**NELSON MULLINS RILEY & SCARBOROUGH LLP**
1320 Main Street, 17th Floor
Columbia, South Carolina 29201
Telephone: (803) 255-9655
john.martin@nelsonmullins.com
heyward.bonyata@nelsonmullins.com

*Attorneys for Defendant Anthem, Inc.*

cc: Assistant United States Attorney Rebecca Sol Tinio, Esq.
     Assistant United States Attorney Peter M. Aronoff, Esq.
     Assistant United States Attorney Charles S. Jacob, Esq.
     Assistant United States Attorney Adam M. Gitlin, Esq.
     Assistant United States Attorney Dana Walsh Kumar, Esq.
     Assistant United States Attorney Rachael L. Doud, Esq.
     Assistant United States Attorney Pierre Armand, Esq.
     Trial Attorney Martha Glover, Esq.