# EXHIBIT L

**Anthem Production Letter (Volume 32)**

O'Melveny

O'Melveny & Myers LLP  
400 South Hope Street  
Suite 1900  
Los Angeles, CA 90071-2811

T: +1 213 430 6000  
F: +1 213 430 6407  
omm.com

May 23, 2025

**Adam Levine**  
D: +1 213 430 6105  
alevine@omm.com

**VIA E-MAIL AND SECURE FILE TRANSFER**

Peter Aronoff, Esq.  
Zachary Bannon, Esq.  
Charles Jacob, Esq.  
Adam Gitlin, Esq.  
Rachael Doud, Esq.  
Dana Walsh Kumar, Esq.  
Rebecca Tinio, Esq.  
Pierre Armand, Esq.  
United States Attorney's Office for the Southern District of New York  
86 Chambers Street, 3rd Floor  
New York, New York 10007

Re:   *United States v. Anthem, Inc.* **(Case No. 1:20-cv-02593-ALC-KHP) – Production Volume ANTHEM_SDNY_032**

Dear Counsel:

      Anthem is producing with this letter, via secure transfer site, Anthem's supplemental production of documents in response to Plaintiff's May 16, 2023 Second Set of Requests for Production; October 30, 2023 Third Set of Requests for Production; September 9, 2024 Fourth Set of Requests for Production; and/or September 24, 2024 Fifth Set of Requests for Production (the "Requests").  These documents, bearing Bates numbers ANTHEM_SDNY_00191519 through ANTHEM_SDNY_00203191, were initially withheld for a privilege review but were subsequently determined to be non-privileged.  This production includes documents that have been designated as Attorneys' Eyes Only and Confidential under the terms of the parties' Joint Stipulation and Protective Order (Dkt. 96) (the "Protective Order").

      This production is made without waiving or intending to waive, but to the contrary, preserving and intending to preserve: (i) all responses and objections delineated in Anthem's June 15, 2023 Responses and Objections to Plaintiff's Second Set of Requests for Production and November 29, 2023 Responses and Objections to Plaintiff's Third Set of Requests for Production; (ii) all responses and objections delineated in Anthem's October 9, 2024 Responses and Objections to Plaintiff's Fourth Set of Requests for Production and October 24, 2024 Responses and Objections to Plaintiff's Fifth Set of Requests for Production; (iii) all objections to the competence, relevance, materiality, privilege, and admissibility as evidence for any purpose, at any trial or hearing in this case, or in any related or subsequent action or proceeding, of any documents produced hereunder or the subject matter thereof; and (iv) the right to object

on any ground to the use of any of the documents produced herein at any trial or hearing in this case or in any related or subsequent action or proceeding.[1]  If Anthem later identifies additional non-privileged, responsive documents, Anthem reserves the right to supplement or amend its production.

*          *          *

While Anthem has made diligent efforts to identify documents sufficient to satisfy Plaintiff's Requests, the information provided is made to the best of Anthem's present knowledge, information, and belief, is based upon information in its present possession, custody, control, or otherwise currently available, and is subject to elaboration, revision, and supplementation.  Anthem reserves the right to amend or supplement its identification of documents responsive to these requests to the extent that it discovers, or is provided with, additional information or documents.

Anthem has taken steps to confirm that these documents exclude information protected by the attorney-client privilege, the attorney work product doctrine, and all other applicable privileges.  To the extent these documents disclose protected information, any such disclosure would be inadvertent and not intended to waive applicable privileges.  This production is made pursuant to the protections of the Protective Order, including Paragraph 19, which provides the maximum protection allowed by Federal Rule of Evidence 502(d).

These documents may contain protected health information ("PHI"), which is guaranteed confidentiality under federal law and related state laws.  Anthem produces these documents pursuant to the Protective Order, which serves as a Qualified Protective Order as that term is defined in the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), as amended by the Health Information Technology for Economic and Clinical Health Act ("HITECH Act"), including all applicable regulations and guidance issued by the Secretary of the United States Department of Health and Human Services, as well as all state laws and regulations regarding the privacy and security of personal information.

Sincerely,


*/s/ Adam Levine*


Adam Levine
of O'MELVENY & MYERS LLP

---

[1] This production is consistent with our understanding, as reiterated in our representations to the Court, that "accuracy and truthfulness" of diagnosis codes relates only to whether a diagnosis code is properly documented in the medical record for a particular encounter and does not include requirements related to whether a particular medical procedure is eligible to be submitted to CMS for risk adjustment purposes.