```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/15/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
UNITED STATES OF AMERICA,

                                         Plaintiff,                    **20-CV-2593 (ALC) (KHP)**


                    -against-                                          **OPINION AND ORDER ON
                                                                       MOTION TO COMPEL
ANTHEM, INC.,                                                          PRODUCTION OF DOCUMENTS
                                                                       WITHELD AS PRIVILEGED**

                                         Defendant.
-----------------------------------------------------------------x
**KATHARINE H. PARKER, United States Magistrate Judge:**

        This action concerns claims for violations of the False Claims Act ("FCA"), 31 U.S.C. §

3729 *et seq.* brought by the United States of America ("the Government") against Anthem, Inc.

("Anthem").  Anthem now challenges the Government's assertion of privilege concerning three

documents which the Government produced and subsequently clawed-back.  For the reasons

that follow, Anthem's challenge is GRANTED in part and DENIED in part.

                                    **BACKGROUND**

        The facts underlying this action were previously set forth in a prior opinion by this Court.

(*See* ECF No. 400).  The facts relevant to the instant challenges are summarized below, and

familiarity with the general background of and prior litigation in this case is assumed.

        The instant challenge concerns the assertions of attorney-client privilege made in three

documents that were initially produced by the Department of Justice in the *Poehling* litigation

(and in this litigation), later clawed back in part in both actions, and reproduced in redacted

format.  (ECF No. 405, at 1).  Anthem challenges the Government's assertion of privilege over

the documents.  (ECF No. 414, at 1-3). The documents at issue are as follows:

First, US_014680774-76 is an email thread between and among employees of Centers for Medicare and Medicaid Services ("CMS") about possible language for a regulation that was later proposed in 2014. No lawyers are included in the email communications, but the employees are drafting language for the regulation and considering whether the language should be vetted by counsel and the process for obtaining counsel's comments.

The Government has represented that one redacted sentence reflects the advice or views of counsel while another redacted portion separately restates legal advice received and attempts to align the draft with that advice. (ECF No. 405, at 2-3).

The second and third documents, US_014680924 and US_14683010, are variations of the same email exchange among non-attorney CMS personnel regarding questions from the U.S. Office of Management and Budget about a proposed rule. (ECF No. 414, at 3). The emails reference a CMS subdivision identified as the Center for Public Integrity ("CPI"). No attorneys are participants in the communications. Plaintiff produced these documents with redactions, asserting that the redacted portions reflect legal advice or requests for legal advice.

Defendant characterizes all three email threads as internal discussions among non-attorney staff regarding draft regulatory text and the timing of any potential consultation with OGC, rather than a communication conveying or reflecting OGC's legal advice. However, Defendant concedes that if any portion of the emails are deemed to convey or reflect counsel's advice, they should be narrowly redacted with the remainder produced.

## LEGAL STANDARDS

Motions to compel are "entrusted to the sound discretion of the district court," *United States v. Sanders*, 211 F.3d 711, 720 (2d Cir. 2000), cert. *denied*, 531 U.S. 1015, and "[a] trial

court enjoys wide discretion in its handling of pre-trial discovery," *In re Finch, Inc.*, 330 F.3d

104, 108 (2d Cir. 2003) (citations and quotations marks omitted). Although Anthem brings this

motion, the party asserting the privilege—here, the Government—bears the burden of showing

that a given document is privileged. *Walsh v. CSG Partners, LLC*, 544 F.Supp.3d 389, 393

(S.D.N.Y. 2021).

    **1.** ***Attorney-Client Privilege***

       The attorney-client privilege protects communications between client and counsel made

for the purpose of obtaining or providing legal advice that were intended to be and in fact kept

confidential. *In re County of Erie*, 473 F.3d 413, 418-419 (2d Cir. 2007); *United States v. Constr.*

*Prods. Research, Inc.*, 73 F.3d 464, 473 (2d Cir. 1996). As the U.S. Supreme Court explained

in *Upjohn Co. v. United States*, the privilege encourages full and frank communications between

a client and counsel, which in turn promotes an understanding of and compliance with the law

and the administration of justice. 449 U.S. 383, 389 (1981). The privilege is narrowly

construed, however, because it renders relevant information undiscoverable. *Fisher v. United*

*States*, 425 U.S. 391, 403 (1976); *In re County of Erie*, 473 F.3d at 418.

       While in-house lawyers commonly provide legal advice protected by the privilege, they

also sometimes provide business advice which is unprotected. *Id.* at 418, 420; *In re Grand Jury*

*Subpoena Duces Tecum*, 731 F.2d 1032, 1036-37 (2d Cir. 1984). When determining the

predominant purpose of a communication between a company's employees and its in-house

lawyers, a court must assess the communication "dynamically and in light of the advice being

sought or rendered, as well as the relationship between advice that can be rendered only by

consulting legal authorities and advice that can be given by a non-lawyer." *In re County of Erie*,

473 F.3d at 420-421; *WCA Holdings III, LLC*, 2025 WL 1434375, at *4 (S.D.N.Y. May 17, 2025). The determination "also may be informed by the overall needs and objectives that animate the client's request for advice." *In re County of Erie*, 473 F.3d at 421. The fact that a lawyer may highlight collateral non-legal risks and costs relating to "expense, politics, insurance, commerce, morals and appearances" or report "what other persons are doing or thinking about the matter" in the course of rendering legal advice does not compromise the privilege so long as the predominant purpose of the communication was to render legal advice. *Id.* at 420.

Courts also have applied the privilege to communications among non-lawyer employees of a corporation where the purpose of the communication was to provide information to counsel or aid counsel in providing legal advice. *Upjohn Co.*, 449 U.S. at 394; *People's United Bank v. PeoplesBank*, No. 08-cv-1858 (PCD), 2009 WL 10689492, at *2 (D. Conn. Dec. 28, 2009); *see also Cuno, Inc. v. Pall Corp.*, 121 F.R.D. 198, 203 (E.D.N.Y. 1988) (attorney-client privilege protects the giving of information from an employee to a superior for transmission to lawyer if made for the purpose of securing legal advice, requested by corporate superior, provided within the scope of the employees' corporate duties and confidentiality maintained).

Generally, attorney-client privilege is waived "if the holder of the privilege voluntarily discloses or consents to disclosure of any significant part of the mater or communication over which the privilege is claimed." *Fullerton v. Prudential Ins. Co.*, 194 F.R.D. 100, 102 (S.D.N.Y. 2000) (quoting *United States v. Int'l Bhd. of Teamsters*, 961 F. Supp. 665, 673 (S.D.N.Y. 1997) ); *see also Gruss v. Zwirn*, No. 09-cv-6441 (PGG) (MHD), 2013 WL 3481350, at *11 (S.D.N.Y. July 10, 2013) (citing *In re Steinhardt Partners, L.P.*, 9 F.3d 230, 235 (2d Cir. 1993) ); *In re Visa*

*Check/MasterMoney Antitrust Litig.*, 190 F.R.D. 309, 314 (E.D.N.Y. 2000). There is no argument here that the Government has waived privilege as to these three email threads.

## DISCUSSION

With the above standard in mind, and after reviewing the documents and redactions, the Court finds that certain portions of the emails were properly redacted as follows:

As to document US_014680775, the redaction at the end of the paragraph that begins "Attached – inserted in the reg text . . . " is appropriate because the redacted portion at the end of the paragraph reflects counsel's opinion. However, the next paragraph which is redacted does not reflect counsel's opinion; rather, it concerns a proposed rule and speculation about whether the regulation would be approved by a lawyer. It does not reflect a request for or provision of legal advice. Therefore, the document should be reproduced with the narrow redaction approved above and with the paragraph beginning "But if we write this amendment . . . " unredacted.

As to the other two email threads, in the email from Whitney Johnson dated September 27, 2013 at 5:56 p.m. (US_14683010), the redaction of the sentence beginning "They did . . . " is appropriate because it reflects legal advice. Next, the redaction in the email from Jennifer Harlow dated September 27, 2013 at 1:52 p.m., the redaction of the first sentence "I like John's answer" is not appropriate because this does not reflect or convey legal advice. However, the redaction of the following two sentences, beginning "Can we also say. . ." is appropriate because the two employees are discussing an issue on which they need legal advice or to confirm legal advice. The redaction in the email from Jennifer Harlow dated September 27, 2013, at 1:23 p.m. (US_14683011) is appropriate only as to the portion of the sentence that

begins "and did OGC" for the same reason. Next, the redaction in the email from Ilina Chaudhuri dated September 27, 2013 at 12:05 p.m. is properly redacted because it reflects legal advice regarding CMS/CM authority. Next, the redaction of the text in the email from Whitney Johnson dated September 27, 2013 at 10:04 a.m. is overbroad. Only the first two sentences are privileged because they reflect legal advice. The last two sentences beginning with "Plus, CPI uses the same term . . . " should not be redacted because this does not reflect or request or convey legal advice. The redaction of the email from Johan Scott dated September 27, 2013, at 9:38 a.m. (US_14683012) is largely appropriate in part because the text relates to a definition of a term and reflects communications with/views of counsel regarding the term and sets out particular advice to be sought from counsel and any non-privileged portions are too intertwined with privileged portions to un-redact portions, except that the first sentence beginning "I don't think our response answers . . ." can be easily unredacted and is not privileged because it merely reflect a non-legal point about a response to a question. Similarly, in the email from Whitney Johnson dated September 26, 2013 at 2:05 p.m., the redacted portion reflects a question pending with legal counsel and constitutes a request for legal advice. Thus, the redaction is proper. As to the email from John Scott on September 27, 2013, at 11:41 a.m. (US_014680925), the redaction is proper in part as to the portion of the sentence that begins "maybe say OGC told . . ." but should be unredacted beginning with "but we still expect a plan . . ." In other words, only that portion of the sentence reflecting the advice of OGC should be redacted.

As to whether the redacted portions are responsive, the Court finds that they are. While it is true that the request sought documents produced in *Poehling* and the emails were

produced in the same format as they were produced in *Poehling*, this Court never intended to preclude Anthem from challenging privilege assertions in this action even if the defendant in *Poehling* did not challenge a privilege assertion.

## CONCLUSION

For the reasons discussed above, the motion is GRANTED in part and DENIED in part. Upon the lifting of the stay during the government shutdown, the Government shall reproduce the documents in redacted form as specified herein.

DATED: October 15, 2025
New York, New York

KATHARINE H. PARKER
United States Magistrate Judge