

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

November 13, 2025

<u>Via ECF</u>
The Honorable Katharine H. Parker
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *United States of America v. Anthem, Inc.*, No. 20 Civ. 2593 (ALC) (KHP)

Dear Judge Parker:

      We write pursuant to the Court's order (ECF No. 403), and in response to Anthem's September 17, 2025 letter regarding Anthem's request for leave to serve yet another request for production ("RFP") on the Government.[1]  Because of the huge volume of documents that the Court ordered the Government to produce in response to the 33 RFPs Anthem previously served on the Government, the Court held that Anthem would be "required to show good cause to propound any additional RFPs." ECF No. 190 at 12.  Anthem has not shown good cause, and its eleventh-hour request is, in any event, disproportional.  Anthem's request should be denied.

### I.    The Court's March 2024 Order and Anthem's New Request

      At the outset of discovery, Anthem served 33 RFPs on the Government, including RFP No. 1, which requested approximately 3 million documents that were produced by the Government in the *Poehling* litigation.  In its March 2024 Order, ECF No. 190 ("March 2024 Order"), the Court noted that the "requests are incredibly broad, many are not limited in time period, and many seek 'all documents' about broad subjects." ECF No. 190 at 4.  The Court then ordered the Government to produce a subset of the documents that had previously been produced in *Poehling*, and limited Anthem's other broad RFPs to Anthem-specific topics.  In addition, because of the extent of discovery that the Government produced, the Court held that Anthem would be required to show "good cause" to propound any additional RFPs. ECF 190 at 12.

      The Government complied with the Court's March 2024 Order (and its April 2024 Order further clarifying the scope of the searches the Government was ordered to conduct) and has produced approximately 1.3 million documents.  The Government also produced the deposition transcripts and exhibits for all of the Government witnesses deposed in *Poehling*, including approximately 55 hours of Rule 30(b)(6) deposition testimony from the *Poehling* litigation.  The Government sought to impose a time limit for deposition testimony for witnesses already deposed in *Poehling*, but Anthem refused such a limitation.  Instead, to date, Anthem has deposed 12 current or former Government witnesses (nine of whom were deposed in *Poehling*); noticed depositions for an additional six former or current Government witnesses; and has served a Rule 30(b)(6)

---

[1] This letter was originally due on October 1, 2025.  The deadline was extended to today by the Chief Judge Swain's District-wide Order, which also stayed this case until today. Earlier today, appropriations were restored to the Department of Justice. As a result, the Government has also commenced the process of meeting and conferring with Defendants regarding an updated proposed discovery schedule.

notice for a deposition, which the parties are discussing.

Despite all of this, on August 25, 2025, one and a half years after the Court issued the March 2024 Order, Anthem informed the Government that it intended to request leave to file yet another RFP. In its new RFP, Anthem seeks "All HHS and CMS Communications, memoranda, presentations, drafts, notes, agendas, meeting minutes, or analysis Concerning Anthem's Corrective Action Plan Materials" for a fifteen-month period from September 2010 to December 2011. Although Anthem has long had possession of and already produced the relevant documents related to Anthem's 2010 Corrective Action Plan ("CAP"), including Anthem's submissions to CMS and CMS's response to Anthem, Anthem now claims it should be permitted to seek additional discovery into internal communications at CMS. This request should be denied because Anthem has not shown good cause and it is disproportional.

## II. Anthem's Has Not Shown Good Cause To Issue a New Request

Anthem has not shown the good cause required in light of the large amount of discovery Anthem has already received and its belated request for additional documents should be denied. For one, Anthem fails to explain why it waited until close to the end of fact discovery to make this request, when Anthem has known about the issues for many years. The documents that Anthem seeks relate to an audit performed in 2009 for contract year 2006, and for which Anthem submitted a corrective action plan to CMS in 2010. These documents, and their subject matter, which were in Anthem's possession and which Anthem produced as part of its Rule 26 disclosures, are thus approximately 15 years old and their subject matter has clearly been known to Anthem for many years. Anthem now contends that this request seeks "highly probative evidence," yet when asked why Anthem waited so long to issue this RFP, Anthem simply said that Rule 26(d)(3)(A) does not "require a party to serve particular discovery requests at a specific time or in a fixed sequence" and that outside counsel "identified a gap."

To be sure, targeted discovery requests can be permissible towards the end of discovery when new information is revealed. But here, nothing new has been revealed and Anthem has been in possession of the information that it submitted to CMS, which it only now claims is "highly probative," since 2010. Anthem did not raise this issue during the Government's investigation,[2] or produce these documents with its initial Rule 26 disclosure. As discovery nears its end, Anthem is asking for a fishing expedition to hunt for the possibility that a CMS employee at some point supposedly condoned Anthem's fraudulent conduct. Such evidence is unlikely to exist, as Anthem has found none in over a million documents produced, nor has any witness testified as much.

Notably, in the 12 depositions Anthem has taken to date of current and former Government witnesses, it has not asked a single witness about this supposed exonerating and "highly probative" disclosure Anthem made in 2010. Two days after Anthem alerted the Government that it intended to seek leave to propound this RFP, Anthem deposed Cheri Rice, the former head of the relevant CMS component and who was copied on CMS's CAP response to Anthem. Anthem did not ask Ms. Rice any questions about these documents. Anthem did not ask Ms. Rice what she understood from Anthem's submission or whether she ever had discussions with anyone at CMS about it. Nor has Anthem asked any other witnesses whether they had communications about Anthem's

---

[2] Anthem's Exhibit C to its submission (ECF No. 408-2) is a document that was produced to the Government during its investigation and before the complaint was filed. Yet Anthem still waited for years to revise its Rule 26 disclosures with additional documents that it now claims are "highly probative."

submission or how they interpreted it.[3] Anthem also has not pointed to any other document in the Government's 1.3 million document production indicating that anyone at CMS had discussions regarding Anthem's submission. As the Court is aware, the *Poehling* productions were voluminous and covered a broad array of topics, particularly chart reviews. Yet Anthem has not identified any documents indicating that CMS interpreted Anthem's 2010 submission in the way Anthem is now arguing. Anthem should not be permitted to issue a broad new request, and thereby burden the Government, when it did not think this topic warranted any exploration in depositions and has pointed to no reason to believe documents supporting its interpretation exist.

### III.  Anthem's Request Is Disproportionate

Anthem also should not be permitted to serve its proposed RFP because it is not proportional. Anthem has already produced what it argues are the relevant documents it requires to assert its defenses – Anthem's submission to CMS and CMS's response. Anthem contends that its submission to CMS contains information informing CMS how it was operating retrospective chart reviews that in some way exonerates its fraudulent conduct because CMS supposedly knew about the practice. That is incorrect. The documents only reference ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

Notably, the documents submitted by Anthem do not explain how Anthem was conducting chart reviews, or inform CMS that Anthem was deliberately failing to delete codes it identified as unsupported through its chart review. Nor is there any indication that anyone at CMS interpreted Anthem's submission in such a way and Anthem has not established any basis to believe such documents exist. The relevance of these documents in aiding Anthem's defenses is further cast in doubt since Anthem did not even send the CAP submission to the the relevant component at CMS that was responsible for plan payments and overseeing plan additions and deletions of diagnosis codes. Despite now arguing that these documents are "highly probative," Anthem made no disclosure to the relevant component or "inform" the Government utilizing "email addresses or phone numbers it regularly used," but rather "bur[ied] its head in the sand." *United States ex. rel. Streck v. Eli Lilly & Co.*, 152 F.4th 816, 845 (7th Cir. 2025).

Particularly in light of the low likelihood that Anthem's request would lead to relevant documents, Anthem's proposed RFP would put an undue burden on the Government. Even if potentially responsive documents exist, the Government would need to review them for responsiveness and privilege, which would be burdensome and time-consuming. And the relevance of those documents, to the extent they even exist, would be slight. CMS speaks through its public pronouncements and communications with regulated entities like Anthem. CMS's response on this matter has already been produced, and permitting Anthem to go on a fishing expedition for additional material is not proportional in light of the discovery the Government has produced to date and Anthem's failure to establish any basis that such documents exist.

For the foregoing reasons, the Government respectfully requests that the Court deny Anthem's request.

---

[3] Anthem argues that the Government "believes Anthem's CAP disclosures are relevant" because the Government has asked Anthem witnesses about these documents. ECF No. 408 at 3. This argument is baseless and circular. *Anthem* produced these CAP disclosures as part of its Rule 26 disclosures, indicating that *Anthem* believes they are relevant. To further understand Anthem's views and position regarding these documents, the Government has asked relevant Anthem witnesses about the audit. This in no way suggests or concedes that the Government finds these documents to be relevant to the case or that the Government agrees with Anthem's theories of relevance.

        Respectfully submitted,

        JAY CLAYTON
        United States Attorney

By:   */s/ Dana Walsh Kumar*
        PIERRE ARMAND
        PETER ARONOFF
        RACHAEL DOUD
        ADAM GITLIN
        CHARLES JACOB
        DANA WALSH KUMAR
        REBECCA TINIO
        Assistant United States Attorneys
        86 Chambers Street, 3rd Floor
        New York, New York 10007
        Tel.: (212) 637-2741

cc:  Counsel of record (via ECF)