

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

March 10, 2026

<u>Via ECF</u>
The Honorable Katharine H. Parker
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

  Re: *United States of America v. Anthem, Inc.*, No. 20 Civ. 2593 (ALC) (KHP)

Dear Judge Parker:

  This Office represents the United States of America in the above-referenced case. We write to respectfully request leave to file a position statement in advance of the March 17, 2026 conference. As the Court is aware, the parties have a dispute over Anthem's assertion of the common interest privilege regarding testimony elicited during the deposition of non-party Deborah Bradley. The Government challenged the assertion of the privilege during the deposition on February 24, and I called the Court regarding the dispute. Anthem informed the Court that it required additional briefing on the issue, and the Court directed the parties to place the issue on the next agenda. Pursuant to the Court's direction, the Government is placing the issue on the agenda for the March 17 conference. As we have done with other discovery disputes in this case, and to give the Court additional information prior to the conference, the Government respectfully requests that it be permitted to file a position statement, no longer than 2 pages, by Friday, March 13 regarding the dispute. The Government proposed to Anthem to make this a joint request for position statements, but Anthem did not consent to submitting position statements and requested that the Government include the following language in this request.

**Anthem's Position**

  Anthem objects to Plaintiff's request to resolve this privilege dispute via simultaneous two-page position statements due three days after the filing of this letter, and instead requests formal staggered briefing. Such has been the practice in this litigation in previous disputes related to privilege and is warranted here as well. While neither Cotiviti nor the witness (who was Cotiviti's Senior Vice President of Coding) is located in New York, Cotiviti's and the witness's privileged communications are likewise being challenged by Plaintiff here, and their counsel has informed Anthem that Cotiviti and the witness join in Anthem's opposition to Plaintiff's request. Anthem, Cotiviti, and the witness request that at the March 17, 2026 case management conference the Court, as it has in the past, set a briefing schedule to resolve this dispute, which will allow adequate time for them to prepare responses to what is effectively Plaintiff's motion to compel further testimony from Ms. Bradley regarding her privileged discussions with Anthem counsel and her own counsel during preparation for her deposition. Anthem submits that the parties can fully brief this issue such that the Court can resolve it at

the April 21, 2026 case management conference and, if Plaintiff's motion is granted, the parties can schedule any additional deposition testimony from Ms. Bradley in advance of the April 30, 2026 30(b)(1) deposition discovery deadline.

Anthem respectfully submits that this proposal is consistent both with the Court's past practice as well as the Court's own statements during the parties' February 24, 2026 call on this topic, where the Court indicated she expected that briefing and *in camera* submissions would be needed to resolve this dispute. Further, as Cotiviti's and the witness's counsel had previously informed Plaintiff, Cotiviti's and the witness's counsel is unable to attend the March 17, 2026 case management conference and therefore Cotiviti and the witness respectfully request that the Court set a briefing schedule at the March 17, 2026 conference and not hear argument or rule on the substance of the privilege dispute until the April 21 conference, after briefing and in camera submissions are complete. Setting a briefing schedule in advance of the April case management conference would thus also resolve this prejudice to non-parties.

We thank the Court for its consideration of this request.

Respectfully submitted,

JAY CLAYTON
United States Attorney

By:   */s/ Dana Walsh Kumar*
PIERRE ARMAND
PETER ARONOFF
RACHAEL DOUD
ADAM GITLIN
HARRY FIDLER
CHARLES JACOB
DANA WALSH KUMAR
Assistant United States Attorneys
86 Chambers Street, 3rd Floor
New York, New York 10007

cc:   Anthem's Counsel (Via ECF)