# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>   v.<br><br>ANTHEM, INC.,<br><br>          Defendant. | Case No. 1:20-cv-02593-ALC-KHP<br><br>**DECLARATION OF WILLIAM T. BUFFALOE IN SUPPORT OF DEFENDANT ANTHEM, INC.'S POSITION STATEMENT CONCERNING GOVERNMENT AUDITS OF MEDICAL RECORDS FOR ANTHEM BENEFICIARIES** |

I, William T. Buffaloe, declare and state as follows:

1. I am Counsel at O'Melveny & Myers LLP ("O'Melveny"), which is counsel for Defendant Anthem, Inc. ("Anthem") in the above-captioned matter. I am licensed to practice law in the District of Columbia and was admitted to practice *pro hac vice* in the above-captioned action on May 19, 2025.

2. I submit this declaration in support of Anthem's Position Statement Concerning Government Audits of Medical Records for Anthem Beneficiaries (the "Position Statement"). I have personal knowledge of the facts set forth herein and, if called to testify, could and would do so competently.

3. During the period from 2015 through 2021, the Centers for Medicare and Medicaid Services ("CMS") conducted Risk Adjustment Data Validation ("RADV") audits of medical records for Medicare Advantage ("MA") program beneficiaries enrolled in Anthem MA plans and the Office of Inspector General for the U.S. Department of Health and Human Services

("HHS-OIG") conducted a compliance audit of medical records for MA program beneficiaries enrolled in Anthem MA plans.

4.      I am familiar with Anthem's corporate retrospective chart review program ("Chart Review Program"), which is described in the Amended Complaint.  During the period at issue, Anthem's vendor collected medical records from healthcare providers in connection with Anthem's Chart Review Program  ("Chart Review Medical Records").  In the Amended Complaint, Plaintiff contends that Anthem failed to delete allegedly false diagnosis codes submitted to Anthem by healthcare providers which later Anthem passed along to CMS. Plaintiff alleges that Anthem had knowledge that the diagnosis codes were false because those codes were not documented in the Chart Review Medical Records that were collected and reviewed by Anthem's vendor in connection with Anthem's Chart Review Program.

5.      I have reviewed the Court's Order, dated July 24, 2024, stating that "[b]y December 30, 2024, the Plaintiff will provide Defendant with a list of allegedly false diagnosis codes or allegedly false claims for payment or overpayments." (Dkt. 243).  Plaintiff nevertheless sought and obtained a substantial extension of this deadline from the Court.

6.      On May 5, 2025, Plaintiff delivered to Defendant via a secure physical data box its first list of allegedly false diagnosis codes or allegedly false claims for payment or overpayments as instructed by the Court's July 24, 2024 Order ("First List").

7.      On August 13, 2025, Plaintiff delivered to Defendant via secure electronic file transfer a revised list of allegedly false diagnosis codes or allegedly false claims for payment or overpayments ("Second List").

8.      On December 11, 2025, Plaintiff delivered to Defendant via secure electronic file transfer a further revised list of allegedly false diagnosis codes or allegedly false claims for payment or overpayments ("Third List").

9.      Plaintiff's First, Second, and Third Lists identify MA beneficiaries enrolled in Anthem MA plans for whom allegedly false diagnosis codes were submitted to CMS for dates of service ("DOS") between January 1, 2012 and December 31, 2015 (the "Relevant DOS Period").

10.     On February 18, 2026, over Anthem's objections, the Court granted Plaintiff leave to "seek[] to obtain a sample of medical records associated with the diagnosis codes it contends were falsely submitted." (Dkt. 441).

11.     Counsel for Anthem has compared the Chart Review Medical Records with the medical records for the Relevant DOS Period that were submitted by Anthem to CMS for the RADV audits and to HHS-OIG for the compliance audit that are referenced in Paragraph 3.

12.     On March 20, 2026, in response to the Court's February 18, 2026 Order, Anthem provided Plaintiff with four interrogatories that sought information from Plaintiff about the results of CMS RADV audits and the results of the HHS-OIG compliance audit of medical records for the Relevant DOS period that were also Chart Review Medical Records ("Interrogatories").  Anthem also provided Plaintiff with a single Request for Production ("RFP") that sought the documents, including any underlying medical records, reflecting Plaintiff's responses to the Interrogatories.

13.     Attached as Exhibit 1 to this declaration is a true and correct copy of the Interrogatories that were formally served upon Plaintiff on April 3, 2026.[1]

---

[1] "Exhibit A" and "Attachment A," as referenced in the Definitions section of the Interrogatories, are not included in Exhibit 1 because Attachment A contains Protected Health Information.  These documents can be made available upon request.

14.     Attached as Exhibit 2 to this declaration is a true and correct copy of the single RFP for which Anthem is now seeking leave to serve upon Plaintiff.  The RFP included in Exhibit 2 is identical to the single RFP described above in Paragraph 12.

15.     Attached as Exhibit 3 to this declaration is a true and correct copy of Plaintiff's Supplemental and Amended Rule 26(a) Disclosures, dated March 13, 2026.

16.     On March 25, 2026, counsel for Plaintiff met and conferred with counsel for Anthem regarding the Interrogatories and the RFP.  During that conference, counsel for Plaintiff stated that Plaintiff had removed from its First, Second, and Third Lists all allegedly false diagnosis codes that were included in medical records that were submitted by Anthem to CMS for RADV audits or to HHS-OIG for the compliance audit.

17.     Counsel for Anthem has evaluated and compared the information in Plaintiff's First, Second, and Third Lists and the results of the CMS RADV audits and the HHS-OIG compliance audit of medical records for Anthem beneficiaries for the Relevant DOS Period. Based upon this evaluation and comparison, Anthem's counsel has determined that certain allegedly false diagnosis codes included in Plaintiff's First, Second, and Third Lists are also included in the medical records that were submitted by Anthem to CMS for RADV audits and to HHS-OIG for the compliance audit.

18.     As part of the aforementioned evaluation and comparison, Anthem's counsel also concluded that CMS or HHS-OIG validated in their respective medical record audits some of the allegedly false diagnosis codes included on Plaintiff's First, Second, and Third Lists.


I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED on __April 14, 2026 in Washington, District of Columbia

By: _____

William T. Buffaloe