# Exhibit 1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| |
|---|
| UNITED STATES OF AMERICA, |
|                        Plaintiff, |
|               v. |
| ANTHEM, INC., |
|                   Defendant. |

Case No.: 1:20-cv-02593-ALC-KHP

Assigned to Hon. Andrew L. Carter, Jr.

### DEFENDANT ANTHEM, INC.'S FIRST SET OF INTERROGATORIES TO PLAINTIFF UNITED STATES OF AMERICA

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Local Civil Rules 26.3, 26.4, and 33.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York ("Local Civil Rules"), Defendant Anthem, Inc. ("Anthem"), by and through its undersigned attorneys, hereby requests that Plaintiff United States of America ("Plaintiff" or "You" / "Your") respond in writing and under oath to the Interrogatories set forth below (collectively, "Interrogatories" and individually, "Interrogatory") within 30 days of the service of these Interrogatories, to the offices of O'Melveny & Myers LLP, 1625 Eye Street, N.W., Washington, D.C. 20006-4061.

The following Definitions and Instructions shall govern the Interrogatories, as well as responses to the Interrogatories.

### DEFINITIONS

The Interrogatories incorporate by reference the definitions and rules of construction set forth in Local Civil Rule 26.3.

1

The following terms as used in the Interrogatories have the definitions mandated by Local Civil Rule 26.3(c): "Communication," "Concerning," "Document," "Identify" (as used with respect to "Person"), "Identify" (as used with respect to "Documents"), "Parties," and "Person." The Interrogatories shall be interpreted in compliance with the rules of construction set forth in Local Civil Rule 26.3(d), including with respect to use of the terms "all," "any," and "each" (which "shall be construed as encompassing any and all"), the use of the terms "and" and "or" (which "shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery requests all responses that might otherwise be construed to be outside of its scope"), and the use of the singular form of any word (which includes the plural and vice versa). The Interrogatories shall also be interpreted in compliance with Local Civil Rule 26.4(b): "Discovery requests shall be read reasonably in the recognition that the attorney serving them generally does not have the information being sought and the attorney receiving them generally does have such information or can obtain it from the client."

The following terms shall have the meanings set forth below whenever used in any Interrogatory.

1.    **"Action"** shall mean the above-captioned case, *United States of America v. Anthem, Inc.*, Case No. 1:20-cv-02593-ALC-KHP (S.D.N.Y.).

2.    **"Amended Complaint"** shall mean the first amended complaint filed by Plaintiff on July 2, 2020 in this Action (Dkt. No. 26).

3.    **"Anthem"** shall mean "Anthem, Inc." as used in Paragraph 11 of the Amended Complaint.

4.    **"Anthem's Chart Review Program"** shall mean the retrospective chart review program conducted by Anthem's Medicare Programs Revenue & Reconciliation business unit through its third-party Vendor, Verscend Technologies, Inc. ("Verscend").[1]

5.    **"Attachment A"** shall mean the attached list of Beneficiary and Date of Service Year combinations that Identifies the Beneficiaries whose Medical Records for the Identified Date of Service Year were collected by Verscend in connection with Anthem's Chart Review Program and also submitted to CMS or HHS-OIG for a RADV Audit or the HHS-OIG Audit.

6.    **"Associated"** shall mean connected with, related to, or linked.

7.    **"Beneficiary"** shall mean a "beneficiary" or "beneficiaries" as those terms are used in Part C of Title XVIII of the Social Security Act, 42 U.S.C. § 1395w-21 et seq., as limited to "beneficiaries" enrolled in an Anthem, Inc. Medicare Advantage contract.

8.    **"CMS"** shall mean "Centers for Medicare and Medicaid Services" as that term is defined in 45 C.F.R. § 160.103, its departments, components, agents, representatives, contractors, and all other Persons acting on its behalf.

9.    **"Communication"** shall have the meaning set forth in Local Civil Rule 26.3(c), subject to any limitations imposed in the Protocol for Electronically Stored Information ("ESI Protocol") that the Parties entered into in this Action (Dkt. No 99).

10.    **"Concerning"** shall have the meaning set forth in Local Civil Rule 26.3(c).

11.    **"Date of Service"** shall mean "date of service" or "dates of service" as used in Paragraph 39 of the Amended Complaint.

12.    **"Date of Service Year"** or **"DOS year"** shall mean "date of service year" or "DOS year" as used in Paragraph 39 of the Amended Complaint.

---

[1] Verscend currently does business as Cotiviti, Inc., and previously did business as Verisk Health, Inc. and MediConnect Global, Inc. (collectively referred to herein for consistency, as "Verscend").

13.    **"Diagnosis Codes"** shall mean "ICD diagnosis codes" as used in Paragraph 36 of the Amended Complaint and shall encompass all Diagnosis Codes listed in ICD-9 or ICD-10.

14.    **"Document"** or **"Documents"** shall have the meaning set forth in Local Civil Rule 26.3(c), subject to any limitations imposed in the ESI Protocol.

15.    **"Elevance Health"** shall mean "Elevance Health, Inc." as used in the Notice of Intermediate Sanctions.

16.    **"HHS"** shall mean the United States Department of Health and Human Services, as used in Paragraph 10 of the Amended Complaint, Including its agencies, departments, agents, representatives, contractors, consultants, and all other Persons acting on its behalf.

17.    **"HHS-OIG"** shall mean the Office of the Inspector General for HHS, its departments, components, agents, representatives, contractors, consultants, and all other Persons acting on its behalf.

18.    **"HHS-OIG Audit"** shall mean the HHS-OIG audit described in the report entitled *Medicare Advantage Compliance Audit of Specific Diagnosis Codes That Anthem Community Insurance Company, Inc. (Contract H3655) Submitted to CMS*, which is dated May 2021 and covers Date of Service years 2014 through 2015 and has a report label of A-07-19-01187. (attached hereto as Exhibit A).

19.    **"Hierarchical Condition Category"** or **"HCC"** means "Hierarchical Condition Category" or "HCC" as used in Paragraph 31 of the Amended Complaint.

20.    **"ICD-9"** shall mean the *International Classification of Diseases, Ninth Revision, Clinical Modification*, Volumes 1 and 2, Including the index and tabular list of Diagnosis Codes, for the period from October 16, 2002 through September 30, 2015, as referenced in 45 C.F.R. § 162.1002.

21.    **"ICD-10"** shall mean the *International Classification of Diseases, Tenth Revision, Clinical Modification*, Including the index and tabular list of Diagnosis Codes, for the period on and after October 1, 2015, as referenced in 45 C.F.R. § 162.1002.

22.    **"Identify"** or **"Identified"** shall mean to describe with particularity, Including, with respect to an HCC, the specific model version of the HCC, such as model version 12 or model version 22, and with respect to a Diagnosis Code, whether ICD-9 or ICD-10.   When used Concerning Documents, these terms shall have the meaning set forth in Local Civil Rule 26.4.

23.    **"Include(s)"** and **"Including"** shall mean "without limitation" and shall be construed as broadly as possible.

24.    **"Mapped To"** shall mean "mapped to" as used in Paragraphs 154(a), 154(b), 154(c), 154(d), 154(e), 154(f), and 154(g) of the Amended Complaint.

25.    **"Medical Record"** or **"Medical Records"** shall mean "medical records" or "medical record" as used in Paragraphs 92, 93, and 94 of the Amended Complaint.

26.    **"Notice of Intermediate Sanctions"** shall mean the February 27, 2026 "Notice of Imposition of Intermediate Sanctions (Suspension of Enrollment and Communications) for Medicare Advantage-Prescription Drug Plan Contract Numbers: H0544, H0629, H0907, H1212, H1423, H1607, H1894, H1947, H2441, H2593, H2687, H2836, H3240, H3447, H3536, H3655, H4003, H4004, H4036, H4161, H4346, H4471, H4694, H4704, H4909, H5422, H5427, H5431, H5471, H5594, H5828, H5854, H6078, H6316, H6988, H7093, H7220, H7522, H8432, H8552, H8849, H9065, H9219, H9525, and R5941" sent to Elevance Health by CMS.

27.    **"Parties"** shall have the meaning set forth in Local Civil Rule 26.3(c).

28.    **"Person"** shall have the meaning set forth in Local Civil Rule 26.3(c).

29.    **"Risk Adjustment Data Validation Audits" or "RADV Audits" or "RADV Audit"** shall mean "Risk Adjustment Data Validation audits" or "RADV Audits" or "RADV Audit" as used in Paragraphs 91, 93, 95, 96, 97, 138, 140, and Footnote 15 of the Amended Complaint.

30.    **"Validated"** shall mean "validated" as used in Paragraph 92 of the Amended Complaint and page 7 of the HHS-OIG Audit report attached hereto as Exhibit A.

## INSTRUCTIONS

1.    The use of a verb in any tense shall be construed as the use of the verb in all other tenses as necessary to bring within the scope of each Interrogatory all information that might otherwise be construed to be outside its scope.

2.    For each Interrogatory response, You shall furnish all information that is available to You, Including information in the possession, custody, or control of Your agents, employees, or representatives.

3.    You shall answer each Interrogatory separately and fully in writing, under oath, setting forth the question in full followed by each answer.

4.    If You cannot respond to the Interrogatories in full after exercising due diligence to obtain the information to do so, You must so state and respond to the Interrogatories as fully as possible.

5.    If You assert any ambiguity in interpreting an Interrogatory, the definitions, or the instructions applicable thereto, then such assertion shall not be utilized by You as a basis for refusing to respond.  Rather, You shall set forth in a part of Your response the language deemed to be ambiguous and the interpretation chosen or used in responding to the Interrogatory.

6

6.      If You contend that any Interrogatory is objectionable in whole or in part, then You must state with particularity each objection, the basis for it, and the categories of information to which the objection applies, and respond to the Interrogatory insofar as it is not deemed objectionable.

7.      If a privilege or immunity is asserted with respect to any Interrogatory, or You refuse to disclose any information requested herein on any other ground, then state the basis for Your assertion that such information need not be disclosed with such specificity as will permit the Court to determine the legal sufficiency of Your objection or position, and, for each such assertion of privilege or immunity, describe the basis for such assertions in a manner consistent with procedure(s) to be negotiated and agreed upon by the Parties and Local Civil Rule 26.2.

8.      If You object to any portion of an Interrogatory on the ground of privilege or immunity, You must state the part to which the assertion of privilege or immunity applies and respond to the remainder of the Interrogatory.

9.      All Interrogatory responses for which You choose to exercise the option to produce Documents or other writings pursuant to Rule 33(d) shall describe each responsive Document in sufficient detail to permit Anthem to locate and Identify it, such as by referring to specific control numbers, and You shall afford Anthem a reasonable opportunity to examine, audit, or inspect such Documents and to make copies, compilations, abstracts, or summaries of them.

10.     Where an Interrogatory asks for a date, an amount, or any other specific information, if the precise date, amount, or other specific information is unknown to You, please approximate the information requested as precisely as You are reasonably capable of doing, and indicate that You have done so.

11.    If You believe the meaning of any term in an Interrogatory is unclear, then You must assume a reasonable meaning, state what that assumed meaning is, and respond to the Interrogatory according to that assumed meaning, consistent with Local Civil Rule 26.4(b).

12.    These Interrogatories are continuing in nature.  You are under a duty to supplement Your responses to these Interrogatories pursuant to Rule 26(e)(1) with such additional information as You or any Persons acting on Your behalf may hereafter obtain that will augment, clarify, or otherwise modify the responses now given to these Interrogatories.

## **INTERROGATORIES**

### **INTERROGATORY NO. 1**

Identify each HCC Validated and each HCC not Validated in a RADV Audit that Mapped To a Beneficiary-DOS Year listed in Attachment A.

### **INTERROGATORY NO. 2**

For each Validated HCC Identified in response to Interrogatory No. 1, Identify all Diagnosis Codes that Validated the HCC, Including all Associated Dates of Service and Medical Records.

### **INTERROGATORY NO. 3**

Identify each HCC Validated and each HCC not Validated in the HHS-OIG Audit that Mapped To a Beneficiary-DOS Year listed in Attachment A.

### **INTERROGATORY NO. 4**

For each HCC Identified in response to Interrogatory No. 3, Identify all Diagnosis Codes that Validated the HCC, Including all Associated Dates of Service and Medical Records.

### **INTERROGATORY NO. 5.**

Identify all Persons who participated in the decision to issue the Notice of Intermediate Sanctions against Elevance Health.

Dated: <u>April 3, 2026</u>
   Washington, D.C.

By:  */s/ Anwar Graves*

K. LEE BLALACK, II, *Pro Hac Vice*
ANWAR GRAVES, *Pro Hac Vice*
WILLIAM BUFFALOE, *Pro Hac Vice*
BRIAN D. BOYLE*, Pro Hac Vice*
BENJAMIN D. SINGER
RAHUL KOHLI *Pro Hac Vice*
**O'MELVENY & MYERS LLP**
1625 Eye Street, N.W.
Washington, D.C. 20006
Telephone: (202) 383-5300
Facsimile: (202) 383-5414
lblalack@omm.com
agraves@omm.com
wbuffaloe@omm.com
bboyle@omm.com
bsinger@omm.com
rkohli@omm.com

JAMES A. BOWMAN, *Pro Hac Vice*
ADAM LEVINE, *Pro Hac Vice*
HANNAH E. DUNHAM, *Pro Hac Vice*
SHELBY A. CUMMINGS, *Pro Hac Vice*
**O'MELVENY & MYERS LLP**
400 South Hope Street, 18th Floor
Los Angeles, California 90071
Telephone: (213) 430-6000
Facsimile: (213) 430-6407
jbowman@omm.com
alevine@omm.com
hdunham@omm.com
scummings@omm.com

DAVID DEATON, *Pro Hac Vice*
**O'MELVENY & MYERS LLP**
Two Embarcadero Center, 28th Floor
San Francisco, California 94111
Telephone: (949) 823-6900
Facsimile: (949) 823-6994
ddeaton@omm.com

9

CHRISTOPHER P. BURKE, *Pro Hac Vice*
**O'MELVENY & MYERS LLP**
1301 Avenue of the Americas, Suite 1700
New York, New York 10019
Telephone: (212) 326-2000
Facsimile: (212) 326-2061
cburke@omm.com

JOHN MARTIN, *Pro Hac Vice*
HEYWARD BONYATA, *Pro Hac Vice*
**NELSON MULLINS RILEY &**
**SCARBOROUGH LLP**
1320 Main Street, 17th Floor
Columbia, South Carolina 29201
Telephone: (803) 255-9655
john.martin@nelsonmullins.com
heyward.bonyata@nelsonmullins.com

*Attorneys for Defendant Anthem, Inc.*

10

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

UNITED STATES OF AMERICA,

              Plaintiff,

     v.

ANTHEM, INC.,

              Defendant.

CASE NO. 1:20-cv-02593-ALC (KHP)

Assigned to Hon. Andrew L. Carter, Jr.

DISCOVERY MATTER

**CERTIFICATE OF SERVICE**

I, Anwar Graves, certify that on April 3, 2026, I served a true and accurate copy of Defendant Anthem Inc.'s First Set of Interrogatories to Plaintiff United States via electronic mail to Plaintiff's counsel of record:

Assistant United States Attorney Pierre Armand, Esq. (pierre.armand@usdoj.gov)
Assistant United States Attorney Peter Max Aronoff, Esq. (peter.aronoff@usdoj.gov)
Assistant United States Attorney Charles Salim Jacob, Esq. (charles.jacob@usdoj.gov)
Assistant United States Attorney Adam M. Gitlin, Esq. (adam.gitlin@usdoj.gov)
Assistant United States Attorney Dana Walsh Kumar, Esq. (dana.walsh.kumar@usdoj.gov)
Assistant United States Attorney Rachael Doud, Esq. (rachael.doud@usdoj.gov)
Assistant United States Attorney Harry Fidler, Esq. (harry.fidler@usdoj.gov)

    Dated:  April 3, 2026
    Washington, D.C.

                                */s/ Anwar Graves*
                                Anwar Graves