# Exhibit 2

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

<table>
<tr><td>

UNITED STATES OF AMERICA,

                Plaintiff,

     v.

ANTHEM, INC.,

                Defendant.

</td><td>

Case No.: 1:20-cv-02593-ALC-KHP

Assigned to Hon. Andrew L. Carter, Jr.

</td></tr>
</table>

**DEFENDANT ANTHEM, INC.'S THIRD SET OF REQUESTS FOR PRODUCTION**
**OF DOCUMENTS TO PLAINTIFF UNITED STATES OF AMERICA**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Local Rules 26.3 and 26.4 of the Local Rules of the United States District Court for the Southern and Eastern Districts of New York ("Local Civil Rules"), Defendant Anthem, Inc. ("Anthem"), by and through its undersigned attorneys, hereby requests that Plaintiff United States of America ("Plaintiff" or "You" / "Your") produce the documents requested below (the "Request") within 30 days of the service of the Request, to the offices of O'Melveny & Myers LLP, 1625 Eye Street, N.W., Washington, D.C. 20006-4061.

The following Definitions and Instructions shall govern the Request, as well as responses to the Request.

**DEFINITIONS**

The Request incorporates by reference the definitions and rules of construction set forth in Local Civil Rule 26.3.

The following terms as used in the Request have the definitions mandated by Local Civil Rule 26.3(c): "Communication," "Concerning," "Document," "Identify" (as used with respect to "Person"), "Identify" (as used with respect to "Documents"), "Parties," and "Person." The

1

Request shall be interpreted in compliance with the rules of construction set forth in Local Civil Rule 26.3(d), including with respect to use of the terms "all," "any," and "each" (which "shall be construed as encompassing any and all"), the use of the terms "and" and "or" (which "shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery requests all responses that might otherwise be construed to be outside of its scope"), and the use of the singular form of any word (which includes the plural and vice versa).  The Request shall also be interpreted in compliance with Local Civil Rule 26.4(b): "Discovery requests shall be read reasonably in the recognition that the attorney serving them generally does not have the information being sought and the attorney receiving them generally does have such information or can obtain it from the client."

The following terms shall have the meanings set forth below as used in the Instructions and the Request.

1.      **"Action"** shall mean the above-captioned case, *United States of America v. Anthem, Inc.*, Case No. 1:20-cv-02593-ALC-KHP (S.D.N.Y.).

2.      **"Amended Complaint"** shall mean the first amended complaint filed by Plaintiff on July 2, 2020 in this Action (Dkt. No. 26).

3.      **"Anthem"** shall mean "Anthem, Inc." as used in Paragraph 11 of the Amended Complaint.

4.      "**Concerning**" shall have the meaning set forth in Local Civil Rule 26.3(c).

5.      **"Document"** and **"Documentation"** shall have the meaning set forth in Local Civil Rule 26.3(c), subject to limitations imposed in the Protocol for Electronically Stored Information ("ESI Protocol") that the Parties entered into in this Action (Dkt. No 99).

6.      **"Parties"** shall have the meaning set forth in Local Civil Rule 26.3(c).

7. **"Produce"** or **"Production"** shall mean "produce" or "production" as used in Rules 26 and 34 of the Federal Rules of Civil Procedure.

### INSTRUCTIONS

1. The use of a verb in any tense shall be construed as the use of the verb in all other tenses as necessary to bring within the scope of the Request all information that might otherwise be construed to be outside its scope.

2. The Request extends to any Documents in the possession, custody, or control of, and/or that can be obtained by, Your employees, agents, or representatives.

3. Each non-identical copy of a responsive Document, whether different from the original because of indications of the recipient(s), handwritten notes, marks, attachments, marginalia, or any other reason, is a separate Document that must be Identified.

4. Documents must be Produced in a manner consistent with the ESI Protocol.

5. If You cannot respond to the Request in full after exercising due diligence to secure the Documents requested, You must so state and respond to the Request as fully as possible. If there are no Documents responsive to the Request, You must provide a written response so stating.

6. If You object to any part of the Request and withhold any Documents on the basis of any objections, You must provide a written response so stating. To the extent that part of the Request does not fall within the scope of Your objections, You must Produce Documents responsive to that part of the Request.

7. If any Document or portion of any Document responsive to the Request is withheld under an assertion of privilege or upon any other ground, list each such Document (or portion of such Document) on a privilege log in a manner consistent with the ESI Protocol and Local Civil Rule 26.2.

3

8.      If a portion of any Document responsive to the Request is withheld under assertion of privilege pursuant to the preceding instruction, any non-privileged portion of such Document must be Produced with the portion asserted to be privileged redacted.

9.      You are to Produce each Document requested in its entirety, without deletion or excision, except as qualified by the preceding instructions, regardless of whether You consider the entire Document to be relevant or responsive to the Request.

10.     If You believe the meaning of any term in the Request is unclear, then You must assume a reasonable meaning, state what that assumed meaning is, and respond to the Request according to that assumed meaning, consistent with Local Civil Rule 26.4(b).

## REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 37

Documents sufficient to reflect Your responses to Interrogatory Nos. 1, 2, 3, and 4 of Anthem's First Set of Interrogatories to Plaintiff United States of America, served on April 3, 2026.

Dated: [Insert Date]
      Washington, D.C.

By: */s/ DRAFT*

K. LEE BLALACK, II, *Pro Hac Vice*
ANWAR GRAVES, *Pro Hac Vice*
WILLIAM BUFFALOE, *Pro Hac Vice*
BRIAN D. BOYLE*, Pro Hac Vice*
BENJAMIN D. SINGER
RAHUL KOHLI *Pro Hac Vice*
**O'MELVENY & MYERS LLP**
1625 Eye Street, N.W.
Washington, D.C. 20006
Telephone: (202) 383-5300
Facsimile: (202) 383-5414
lblalack@omm.com
agraves@omm.com
wbuffaloe@omm.com
bboyle@omm.com
bsinger@omm.com
rkohli@omm.com

JAMES A. BOWMAN, *Pro Hac Vice*
ADAM LEVINE, *Pro Hac Vice*
HANNAH E. DUNHAM, *Pro Hac Vice*
SHELBY A. CUMMINGS, *Pro Hac Vice*
**O'MELVENY & MYERS LLP**
400 South Hope Street, 18th Floor
Los Angeles, California 90071
Telephone: (213) 430-6000
Facsimile: (213) 430-6407
jbowman@omm.com
alevine@omm.com
hdunham@omm.com
scummings@omm.com

DAVID DEATON, *Pro Hac Vice*
**O'MELVENY & MYERS LLP**
Two Embarcadero Center, 28th Floor
San Francisco, California 94111
Telephone: (949) 823-6900
Facsimile: (949) 823-6994
ddeaton@omm.com

CHRISTOPHER P. BURKE, *Pro Hac Vice*

5

**O'MELVENY & MYERS LLP**
1301 Avenue of the Americas, Suite 1700
New York, New York 10019
Telephone: (212) 326-2000
Facsimile: (212) 326-2061
cburke@omm.com

JOHN MARTIN, *Pro Hac Vice*
HEYWARD BONYATA, *Pro Hac Vice*
**NELSON MULLINS RILEY &**
**SCARBOROUGH LLP**
1320 Main Street, 17th Floor
Columbia, South Carolina 29201
Telephone: (803) 255-9655
john.martin@nelsonmullins.com
heyward.bonyata@nelsonmullins.com

*Attorneys for Defendant Anthem, Inc.*

6

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                   Plaintiff,<br><br>          v.<br><br>ANTHEM, INC.,<br><br>                   Defendant. | CASE NO. 1:20-cv-02593-ALC (KHP)<br><br>Assigned to Hon. Andrew L. Carter, Jr.<br><br>DISCOVERY MATTER |

**CERTIFICATE OF SERVICE**

I, Anwar Graves, certify that on [Insert Date], I served a true and accurate copy of Defendant Anthem Inc.'s Third Set of Requests for Production to Plaintiff United States via electronic mail to Plaintiff's counsel of record:

Assistant United States Attorney Pierre Armand, Esq. (pierre.armand@usdoj.gov)
Assistant United States Attorney Peter Max Aronoff, Esq. (peter.aronoff@usdoj.gov)
Assistant United States Attorney Charles Salim Jacob, Esq. (charles.jacob@usdoj.gov)
Assistant United States Attorney Adam M. Gitlin, Esq. (adam.gitlin@usdoj.gov)
Assistant United States Attorney Dana Walsh Kumar, Esq. (dana.walsh.kumar@usdoj.gov)
Assistant United States Attorney Rachael Doud, Esq. (rachael.doud@usdoj.gov)
Assistant United States Attorney Harry Fidler, Esq. (harry.fidler@usdoj.gov)

      Dated:  [Insert Date]


                                                    /s/ DRAFT
                                                    Anwar Graves

7