**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X

UNITED STATES OF AMERICA,

                                        Plaintiff,

                    -against-

ANTHEM, INC.,

                                        Defendant.

------------------------------------------------------------------X

**KATHARINE H. PARKER, United States Magistrate Judge:**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:____5/5/2026____

**20-CV-2593 (ALC) (KHP)**

**OPINION AND ORDER ON
MOTION TO SEAL**

This action concerns claims against Anthem, Inc. ("Anthem") for false claims brought by the United States of America ("the Government").  The parties have moved to seal materials previously placed under provisional seal and submitted in connection with a privilege dispute. (ECF No. 492)  For the reasons stated below, the motion to seal is GRANTED.

## LEGAL FRAMEWORK

The common law and the First Amendment accord a presumption of public access to judicial documents.  *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006).  The public's presumptive right of access to judicial documents is "potent and fundamental," *Mirlis v. Greer*, 952 F.3d 51, 58 (2d Cir. 2020) (citation omitted), and is "integral to our system of government," *United States v. Erie Cty., N.Y.*, 763 F.3d 235, 238-39 (2d Cir. 2014).

In considering a motion to seal, the court undertakes a three-part analysis.  First, the court must determine whether the document is in fact a judicial document.  A judicial document is "a filed item that is 'relevant to the performance of the judicial function and useful in the judicial process.'"  *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139 (2d Cir. 2016) (*quoting Lugosch*, 435 F.3d at 119).  "Documents that are never filed with the

court, but simply 'passed between the parties in discovery,'" are not judicial documents and lie "beyond the presumption's reach." *Brown v. Maxwell*, 929 F.3d 41, 49-50 (2d Cir. 2019). When a document becomes a "judicial document," the presumption of public access attaches.

Second, once the Court finds that the document is a "judicial document," the court must determine the weight of the presumption that attaches. The weight given the presumption of access is "governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Id.* at 49. "The strongest presumption attaches where the documents 'determin[e] litigants' substantive rights,' and [the presumption] is weaker where the 'documents play only a negligible role in the performance of Article III duties.'" *Olson v. Major League Baseball*, 29 F.4th 59, 89-90 (2d Cir. 2022) (citations omitted). "Thus, a strong presumption attaches to materials filed in connection with dispositive motions, such as a motion to dismiss or a summary judgment motion." *Id.* The weight accorded to the presumptive right to public access is lower if the document is submitted in connection with a discovery dispute or other non-dispositive motion. *Brown*, 929 F.3d at 49-50.

Third, once the Court has determined the weight to accord the presumption of public access, it must determine whether competing considerations outweigh the presumption. *Lugosch*, 435 F.3d at 120. Regardless of the weight that must be accorded to the presumption, the court must make "specific, on the record findings" that sealing is necessary "to preserve higher values," and "is narrowly tailored to serve that interest." *Id*. The court may deny public disclosure of the record only "if the factors counseling against public access outweigh the presumption of access afforded to that record." *Olson*, 29 F.4th at 88.

"Higher values" the preservation of which might warrant sealing include personal privacy interests, public safety, the preservation of attorney-client privilege, and the protection of competitively sensitive business information. *Bernsten v. O'Reilly*, 307 F. Supp. 3d 161, 168 (S.D.N.Y. 2018); *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015). A sealing request is "narrowly tailored" when it seeks to seal *only* that information that must be sealed to preserve higher values. *Susquehanna Int'l Grp. Ltd. v. Hibernia Express (Ir.) Ltd.*, 2021 WL 3540221, at *4 (S.D.N.Y. Aug. 11, 2021).

### DISCUSSION

The sealed materials at issue are redacted portions of position statements submitted in connection with a discovery dispute before the undersigned, as well as limited related declaration material. The Court ultimately entered an order regarding the dispute on April 27, 2026. (ECF No. 486) Now, Defendant Anthem, Inc. and non-party Cotiviti, Inc., formerly known as Verscend Technologies, Inc., seek to maintain under seal portions of the parties' submissions that quote, paraphrase, or otherwise reveal confidential deposition testimony of Deborah Bradley, a former Verscend employee, concerning Verscend's business operations, regulatory interpretations, client base, and internal processes. The Government does not oppose the request.

Because the submissions were provided to the Court in connection with a discovery-related dispute, they are judicial documents subject to at least some presumption of public access. *See Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019). That presumption, however, is lower than the presumption applicable to materials submitted in connection with trial or dispositive motions. *Id.*; *see also Alexander Interactive, Inc. v. Adorama, Inc.*, No. 12 Civ. 6608

(PKC) (JCF), 2014 WL 4346174, at *2 (S.D.N.Y. Sept. 2, 2014) (recognizing that the presumption is "not particularly great" for documents submitted in connection with a motion to compel discovery).

Indeed, here, the redacted information does not bear on the merits of the case or the adjudication of substantive rights.  The public interest in disclosure is therefore limited.  By contrast, the materials contain nonpublic commercial information of a non-party, including information concerning Verscend's operations, client base, internal processes, and business practices.  Courts in this Circuit have recognized that protecting confidential non-party information and competitively sensitive business information may constitute higher values sufficient to overcome the presumption of access. *See United States v. Amodeo*, 71 F.3d 1044, 1050–51 (2d Cir. 1995); *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015).

The proposed redactions are narrowly tailored to protect only confidential non-party business information and related testimony.  On balance, the limited presumption of public access is outweighed by the higher values of protecting non-party confidentiality and preventing competitive harm.  Accordingly, the motion to maintain the seal is granted.  The redacted portions of Anthem's Position Statement, the Government's Position Statement, and the entirety of Exhibit 1 to the Matthews Declaration shall remain sealed.

### CONCLUSION

The Anthem's motion to seal at ECF No. 492 is GRANTED.  **The Clerk of the Court is respectfully directed to terminate the motion to seal at ECF Nos. 492 and that the redacted portions of ECF Nos. 453 and 462 and the entirety of ECF No. 454-1 may remain under seal.**

**SO ORDERED.**

DATED:     New York, New York
            May 5, 2026

                                           _____
                                           KATHARINE H. PARKER
                                           United States Magistrate Judge