

O'Melveny & Myers LLP
400 South Hope Street
Suite 1900
Los Angeles, CA 90071-2811

T: +1 213 430 6000
F: +1 213 430 6407
omm.com

File Number:

May 6, 2026

**Jim Bowman**
D: +1 213 430 6569
jbowman@omm.com

**VIA ELECTRONIC DELIVERY AND COURT FILING**

The Honorable Katharine H. Parker
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 750, New York, New York 10007

Re:    *United States of America v. Anthem, Inc.*, 1:20-cv-02593-ALC-KHP

Dear Judge Parker:

We represent Defendant Anthem, Inc. ("Anthem") and write to oppose Plaintiff's demand to depose Peter Haytaian, who until May 4, 2026, was Executive Vice President and Anthem's second-most senior executive. *See* Declaration of Peter D. Haytaian ¶¶ 1, 2. Mr. Haytaian is an apex witness who lacks unique knowledge of the issues in this case and for whom a deposition would be an undue burden given his transition at the company and the demands of caring for his father, who was recently diagnosed with cancer. *Id.* ¶¶ 30-31. Mr. Haytaian has provided a declaration that addresses in detail each of the areas Plaintiff identified in demanding his deposition. His declaration demonstrates that Plaintiff misrepresented certain documents, which have no relevance to this case, and that Plaintiff already deposed witnesses with greater knowledge than Mr. Haytaian—but chose not to ask those witnesses about these topics.

**A. The Apex Doctrine Creates a Presumption Against Mr. Haytaian's Deposition**

Given his position at Anthem, there is no dispute that Mr. Haytaian is an apex witness. Accordingly, it is not enough that Plaintiff show that Mr. Haytaian may have relevant information. Instead, "[u]nder the apex doctrine, unless an executive has *unique evidence*, personal knowledge of the claims at issue, *and other witnesses are incapable of providing testimony* about the conduct alleged, executives are protected from being deposed." *Harapeti v. CBS Television Stations, Inc.*, 2021 WL 3932424, at *2 (S.D.N.Y. Sept. 2, 2021) (emphasis added). As this Court has stated, "under the apex doctrine, there is a rebuttable presumption that a high-level officer's deposition represents an undue burden," and "the party seeking the deposition must prove that the executive has first-hand knowledge of important facts and/or . . . there are not other less intrusive means to obtain the information." *GMO Gamecenter USA, Inc. v. Whinstone US, Corp.*, 2025 WL 1488512, at *1 (S.D.N.Y. May 23, 2025) (Parker, J.).

**B. Plaintiff Has Not Met Its Burden Under the Apex Doctrine**

Plaintiff has not met its burden here. After nearly nine years of discovery and litigation, Plaintiff cannot identify any area where Mr. Haytaian has unique knowledge, much less

O'Melveny

information unobtainable from other witnesses. The clearest proof of his lack of connection to this case is Plaintiff's own approach in discovery; until Plaintiff sought his deposition, it had not even included him among more than 60 custodians from whom it sought documents.

Now, in its last-minute demand, Plaintiff stretches facts to justify taking his deposition:

- For example, Plaintiff argues it must depose Mr. Haytaian because of his involvement in terminating employees who "falsif[ied] records." (Pl. Stmt. at 2 (citing Ex. H.)  This could be important, if it were true. But it is not.

- Plaintiff's assertion that Mr. Haytaian also "sanctioned providers" fares no better. (Pl. Stmt. at 2.)

- Plaintiff claims Mr. Haytaian "communicated with Anthem's Board" about whether Anthem should change its chart review program to a so-called "two-way" review. (Pl. Stmt. at 2.) But the document Plaintiff cites (Ex. F)

- Similarly, Plaintiff claims that Mr. Haytaian made decisions regarding "unsupported diagnosis codes" that are "at the center of the case." (Pl. Stmt. at 2.)

Haytaian Decl. ¶ 25).

2

O'Melveny

- Lastly, given Mr. Haytaian's senior position, Plaintiff predictably argues that it must depose him to expose a "revenue-focused culture" for Anthem's Medicare Advantage business. (Pl. Stmt. at 2.)  But Plaintiff mischaracterizes this document to advance a false narrative.



Plaintiff's inaccurate portrayal of these materials, as well as its decision not to ask prior deponents about them, calls into question its purported need for Mr. Haytaian's deposition.

Plaintiff also seeks to depose Mr. Haytaian about documents that other deponents authored and presented, about operations that other deponents oversaw, that Plaintiff elected not to ask about at numerous prior depositions.  Plaintiff's failure to do so is fatal to its attempt to depose an apex witness on such areas.  *See Iowa Pub. Employees' Ret. Sys. v. Merrill Lynch, Pierce, Fenner & Smith Inc.*, 2020 WL 6273396, at *1 (S.D.N.Y. Aug. 28, 2020) (failure to depose other employees about topics precluded finding that apex witness's knowledge was unique).

For example, Plaintiff argues that it must ask Mr. Haytaian about



Plaintiff also seeks to ask Mr. Haytaian about

Plaintiff's demand to depose Mr. Haytaian, without asking knowledgeable witnesses about these areas, is precisely the situation the apex doctrine prohibits.  *See Mark Anthony Int'l SRL v. Prime Hydration*, 2025 WL 2055998, at *3 (S.D.N.Y. July 23, 2025) (deposition not warranted where deponent attested others were present at relevant meetings); *Morrison v. Scotia Capital (USA) Inc.*, 2024 WL 3316086 (S.D.N.Y. June 7, 2024) (Parker, J.).  And it is far different from the case relied on by Plaintiff, *Oakley v. MSG Networks, Inc.*, 2024 WL 4134903, at *3 (S.D.N.Y. Sept. 10, 2024), where the executive was an eyewitness to the sole event at issue.

Because Plaintiff has failed to meet its burden, Anthem respectfully requests that the Court issue a protective order preventing Mr. Haytaian's deposition.

O'Melveny

Dated:  May 6, 2026

Respectfully submitted,

By:  /s/ James A. Bowman

JAMES A. BOWMAN, *Pro Hac Vice*
ADAM LEVINE, *Pro Hac Vice*
HANNAH E. DUNHAM, *Pro Hac Vice*
SHELBY A. CUMMINGS, *Pro Hac Vice*
**O'MELVENY & MYERS LLP**
400 South Hope Street, 18th Floor
Los Angeles, California 90071
Telephone: (213) 430-6000
Facsimile: (213) 430-6407
jbowman@omm.com
alevine@omm.com
hdunham@omm.com
scummings@omm.com

K. LEE BLALACK, II, *Pro Hac Vice*
ANWAR GRAVES, *Pro Hac Vice*
WILLIAM BUFFALOE, *Pro Hac Vice*
BRIAN D. BOYLE
BENJAMIN D. SINGER
RAHUL KOHLI, *Pro Hac Vice*
**O'MELVENY & MYERS LLP**
1625 Eye Street, N.W.
Washington, D.C. 20006
Telephone: (202) 383-5300
Facsimile: (202) 383-5414
lblalack@omm.com
agraves@omm.com
wbuffaloe@omm.com
bboyle@omm.com
bsinger@omm.com
rkohli@omm.com

DAVID DEATON, *Pro Hac Vice*
**O'MELVENY & MYERS LLP**
Two Embarcadero Center, 28th Floor
San Francisco, California 94111
Telephone: (949) 823-6900
Facsimile: (949) 823-6994
ddeaton@omm.com

CHRISTOPHER P. BURKE, *Pro Hac Vice*
**O'MELVENY & MYERS LLP**

4



1301 Avenue of the Americas, Suite 1700
New York, New York 10019
Telephone: (212) 326-2000
Facsimile: (212) 326-2061
cburke@omm.com

JOHN MARTIN, *Pro Hac Vice*
HEYWARD BONYATA, *Pro Hac Vice*
**NELSON MULLINS RILEY & SCARBOROUGH LLP**
1320 Main Street, 17th Floor
Columbia, South Carolina 29201
Telephone: (803) 255-9655
john.martin@nelsonmullins.com
heyward.bonyata@nelsonmullins.com

*Attorneys for Defendant Anthem, Inc.*

cc:  Assistant United States Attorney Peter Max Aronoff, Esq.
Assistant United States Attorney Charles Salim Jacob, Esq.
Assistant United States Attorney Adam M. Gitlin, Esq.
Assistant United States Attorney Dana Walsh Kumar, Esq.
Assistant United States Attorney Rachael Doud, Esq.
Assistant United States Attorney Pierre Armand, Esq.
Assistant United States Attorney Harry Fidler, Esq.
Trial Attorney Martha Glover, Esq.