

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

May 12, 2026

<u>Via ECF</u>
The Honorable Katharine H. Parker
United States District Court
500 Pearl Street
New York, New York 10007

Re:    *United States of America v. Anthem, Inc.*, No. 20 Civ. 2593 (ALC) (KHP)

Dear Judge Parker:

The Government writes in further support of its request that the Court direct Peter Haytaian to testify in this case. Anthem's opposition cannot be reconciled with the record. First, Mr. Haytaian's recent departure from his executive role reduces any concern regarding a disruption to his work. Second, the record establishes his knowledge of conduct central to this case, satisfying the apex standard. Third, Anthem's response— ███████████████████████████████ ██████████████████████████████████ confirms, rather than refutes, the need for examination. The Court should direct Anthem to produce Mr. Haytaian for a deposition.

*Mr. Haytaian's Departure from His Executive Vice President Role Reduces Any Apex Concern.* As an initial matter, Mr. Haytaian stepped down from his role as EVP on May 4, 2026. The apex doctrine exists to protect busy, high-level executives from disruption to their corporate responsibilities. To the extent that rationale ever applied to Mr. Haytaian in this matter, it certainly does not now. *See, e.g., Minter v. Wells Fargo Bank, N.A.*, 258 F.R.D. 118, 126 (D. Md. 2009) ("[The executive] has asserted that he is no longer a busy corporate executive, but works a limited schedule. A deposition would seemingly not interfere with any of his corporate responsibilities.").

*The Record Establishes Knowledge That Satisfies the Apex Standard.* Mr. Haytaian's first-hand involvement in conduct central to this case is well documented. As the Government previously stated, ███████████████████████████████ ██████████████████████████████████ ECF No. 489, at 1–2. As a result, Mr. Haytaian has a "unique perspective" and was "intimately involved in directing and deciding key corporate actions" related to chart review and risk adjustment. *GMO Gamecenter USA, Inc. v. Whinstone US, Corp.*, No. 22 Civ. 5974 (JPC) (KHP), 2025 WL 1488512, at *1 (S.D.N.Y. May 23, 2025).

*Anthem's Response Confirms the Need for Examination.* Anthem resists this showing on two grounds. First, Anthem submits Mr. Haytaian's self-serving declaration, ███████████████████████████████ ██████████████████████████████████ ECF No. 496-1 ("Haytaian Decl."). Second, Anthem attempts to apply its own post-hoc spin to the documents themselves. ECF No. 496, at 2–3. Both responses underscore, rather than defeat, the need for a deposition. The Government is entitled to test ███████████████████████████████ through a deposition, not to accept them on faith. *See Scott v. Chipotle Mexican Grill, Inc.*, 306 F.R.D. 120,

124 (S.D.N.Y. 2015) (even where the executive had "very little" to testify about, "plaintiffs should be given a limited opportunity to probe his . . . memory"). Indeed, resolving such contradictions is precisely what depositions exist to accomplish. *See GMO*, 2025 WL 1488512, at *1 (permitting apex deposition where the record was "replete" with the deponent's emails, which "portray[ed] a very different picture than the one painted by" the company resisting the deposition).[1]

*Other Witnesses Cannot Speak for Mr. Haytaian.* Anthem contends that the Government should not be permitted to depose Mr. Haytaian because other witnesses, for example, drafted certain documents that the Government cited and could have been examined about them. This argument cannot be squared with the record or the law. Mr. Haytaian authored or signed key documents himself, *see, e.g.*, Ex. A (agreement signed by Mr. Haytaian), Ex. E (email from Mr. Haytaian).[2] No other witness can testify to his own intent, knowledge, and decisions. And while the Government did question other deponents about certain relevant documents, *see, e.g.*, Ex. B (memorandum discussed at John Gallina's deposition), Ex. D (email discussed at Kristina Cournoyer's deposition), that is no substitute for examining Mr. Haytaian himself on such critical questions. Anthem's position, if accepted, would shield executives from discovery whenever they communicated with subordinates, an outcome that the apex doctrine cannot support.[3]

*Mr. King's Account Underscores the Need for Examination.* As the Government explained in its moving brief, a separate reason for the deposition is the financial pressure instilled at Anthem, ███████████████████████████████████████. ECF No. 489, at 2. Mr. Haytaian's declaration claims only a ███████████████████████████████████████████████████████████. Haytaian Decl. ¶ 25. The Government is entitled to test that assertion. As the Supreme Court has explained, "cross-examination is the greatest legal engine ever invented for the discovery of truth." *Kentucky v. Stincer*, 482 U.S. 730, 736 (1987) (citation and quotation marks omitted). Mr. King testified that ████████████████████████████████████████████████████████████ Ex. G, Tr. 238:12–13. Contemporaneous letters corroborate that account. They reflect that ████████████████████████████████████████████████████████████. Ex. J, ██████████████. This contemporaneous record contradicts Mr. Haytaian's declaration and confirms precisely why a deposition is necessary: to test his professed lack of memory, under oath, against a detailed record.

For these reasons, the Court should direct Mr. Haytaian to testify in this matter. We thank the Court for its attention to this matter and consideration of the Government's request.

---

[1] Anthem contends that an exhibit cited by the Government referencing ██████████████████████████████████████████████████. *See, e.g.*, Exhibit I (██████████████████████████).

[2] Exhibits A through H are attached to ECF No. 489. Exhibits I and J are attached to this filing.

[3] Anthem's reliance on the Government's decision not to include Mr. Haytaian among its 60 document custodians is misplaced. Discovery is iterative, and his key decision-making role related to chart review became clear only after Anthem produced records in discovery. The Government should not be penalized for conducting discovery iteratively.

Respectfully submitted,

JAY CLAYTON
United States Attorney

By:     _/s/ Adam Gitlin_____
PIERRE ARMAND
PETER ARONOFF
RACHAEL DOUD
HARRY FIDLER
ADAM GITLIN
CHARLES JACOB
DANA WALSH KUMAR
Assistant United States Attorneys
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: (212) 637-2734

cc:  Counsel of record (via ECF)