**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------X

UNITED STATES OF AMERICA,

                              Plaintiff,

            -against-

ANTHEM, INC.,

                         Defendant.

----------------------------------------------------------------X

| USDC SDNY |
| --- |
| DOCUMENT |
| ELECTRONICALLY FILED |
| DOC #:_____ |
| DATE FILED: 7/2/2026 |

**20-CV-2593 (ALC) (KHP)**

**OPINION AND ORDER ON**
**REQUEST FOR DISCOVERY**

**KATHARINE H. PARKER, United States Magistrate Judge:**

On June 9, 2026, Defendant Anthem, Inc. ("Anthem") filed a letter motion requesting that the Court order Plaintiff (the "Government") to produce additional discovery relating to a February 27, 2026 Notice of Intermediate Sanctions issued to Anthem by the Centers for Medicare & Medicaid Services ("CMS") (the "Notice").  (ECF No. 523)  The Government filed a letter in opposition to Anthem's request on June 22, 2026.  (ECF No. 529)  Anthem filed a reply on June 29, 2026.  (ECF No. 535)  For the following reasons, Anthem's request is DENIED.

## BACKGROUND

In 2009, CMS conducted an audit of one of Anthem's Medicare Advantage contracts which found that Anthem had been underpaid due to diagnosis codes not being submitted.  As a result, Anthem developed a Corrective Action Plan ("CAP") to remediate the audit's findings and, on September 29, 2010, submitted its proposed CAP to CMS.  Part of its remediation plan was to implement a retrospective chart review program to identify additional diagnosis codes, and Anthem's CAP submission included a description of how it was going to conduct chart reviews.  The Government alleges that, from 2014 through 2018, Anthem learned through its retrospective chart review program that certain diagnosis codes submitted from 2012 to 2015 were invalid but knowingly failed to remove them and nevertheless falsely attested that the

diagnosis data it submitted to CMS was accurate.  By refusing to delete diagnosis codes that lacked evidentiary support, the Government alleges that Anthem failed to satisfy its obligation to submit corrected data through the CMS-prescribed systems.

Starting in November 2018 through October 2025, Anthem sent seven letters to CMS indicating that it would submit corrected data via external flash drive rather than via the CMS system.  CMS responded to these letters directing Anthem to submit data corrections through its system.  Anthem failed to submit the required data corrections through CMS's prescribed electronic systems.  On February 27, 2026, CMS issued the Notice, stating that Anthem's conduct constituted "substantial and persistent noncompliance with Medicare Advantage risk adjustment data submission requirements" for submissions made after 2015.  (ECF No. 529-1 p. 2)  Anthem disputes the Notice and its administrative appeal is pending.

Shortly after CMS issued the Notice, the Government supplemented its Rule 26 disclosures to include it.  The Government informed Anthem that it expects to rely on the Notice as evidence bearing on materiality and as a response to Anthem's assertions concerning CMS's alleged lack of enforcement activity on the same issues.  (ECF No. 523 p. 3)  Anthem then served both a document request and an interrogatory seeking discovery related to the Notice. The document request seeks "[a]ll Documents Concerning the Notice of Intermediate Sanctions against Elevance Health."[1]  (ECF No. 523 p. 3)  The interrogatory asks for "the identity of 'all Persons who participated in the decision to issue the Notice of Intermediate Sanctions against Elevance Health.'"  (*Id.*)  In response to these requests, the Government agreed to produce the

---

[1] The Notice was directed to Elevance Health, Inc., the entity formerly known as Anthem.

Notice and the correspondence between CMS and Anthem that resulted in the Notice, and identified Dr. Mehmet Oz, the CMS Administrator, as the individual who made the final decision to issue it.  (ECF No. 529 p. 2)

Though Anthem contends that the Notice is not relevant to this action because the conduct reflected in the Notice post-dates the alleged conduct covered in this action, Anthem's stated reason for requiring further discovery is that "if Plaintiff intends to rely on this evidence, Anthem must have discovery to contest it."  (ECF No. 523 p. 3)  The Government asserts that Anthem cannot justify additional discovery as to the Notice and that Anthem's requests are overbroad, burdensome, and not proportional to the needs of the case.

**LEGAL STANDARD**

Under Rule 26(b), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).  The party seeking the discovery bears the burden of proving the discovery is relevant, and the party withholding discovery on burden, expense, privilege, or work product grounds bears the burden of proving the discovery is in fact privileged or work product.  *See Vaigasi v. Solow Mgmt. Corp.*, No. 11 Civ. 5088 (RMB) (HBP), 2016 WL 616386, at *11 (S.D.N.Y. Feb. 16, 2016) (explaining relevance standard)*; Fireman's*

3

*Fund Ins. Co. v. Great Am. Ins. Co. of New York*, 284 F.R.D. 132, 135 (S.D.N.Y. 2012) ("Once relevance has been shown, it is up to the responding party to justify curtailing discovery.").

**DISCUSSION**

As the party bearing the burden of justifying the need for the discovery it seeks, Anthem has failed to demonstrate how additional discovery on this issue, beyond what the Government has already provided, is proportional to the needs of this case. As a threshold matter, the Notice concerns Anthem's conduct that is not at issue and therefore is at best tangential to the issues to be tried in this case. *See In re Lifetrade Litig.*, No. 17 Civ. 2987 (JPO) (KHP), 2022 WL 3079735, at *2 (S.D.N.Y. Aug. 3, 2022) (dismissing motion to compel where among other reasons, the information sought "is not important to resolving the claims in this matter[.]"). Indeed, Anthem itself argues the Notice is not relevant to the claims in this case.

Second, Anthem already has the information it needs to make the argument that the Notice is not relevant to the issues in this case and that that the Government issued the Notice only to bolster its case in this action. *See Norex Petroleum Ltd. v. Access Industries, Inc.*, No. 02 Civ. 1499 (LTS) (KNF), 2003 WL 1484269, at *4 (S.D.N.Y. Mar. 21, 2003) (dismissing motion to compel after finding that party seeking discovery could make its assertions "without resort to the many court files plaintiff sought."). Anthem has cited to deposition testimony and the date of the Notice in support of these arguments. The Notice itself explains the basis for CMS's action (ECF No. 529-1 p. 2), identifies the conduct CMS deemed noncompliant (*Id.*), describes the correspondence between Anthem and CMS that preceded the sanction (*Id.* p. 4-6), and includes the CMS personnel reflected on the Notice (*Id.* p. 10). Additionally, the Government

4

represents it has produced the correspondence between CMS and Anthem that led to its issuance, and that it identified the CMS Administrator, Dr. Mehmet Oz, as the final decisionmaker.  (ECF No. 529 p. 2)

Third, Anthem's discovery requests are facially overbroad.  A request for "all documents" concerning the Notice is not tailored to any discrete issue in this case.  It would require the Government and CMS to conduct a broad search and undertake a substantial privilege review involving attorney-client communications, deliberative process materials, and communications between CMS and the Department of Justice.  The likely burden of that exercise is significant, while the likely benefit is slight given that Anthem already has the Notice, the underlying correspondence, and the identity of the final decisionmaker.

Likewise, the interrogatory seeking the identity of "all" persons who participated in the decision to issue the Notice is not tailored to the needs of this case.  The Government has identified the final decisionmaker, and the Notice itself identifies CMS personnel associated with the enforcement action.  Anthem has not shown why a broader roster of every person who participated in, advised on, reviewed, or commented on the decision to issue the Notice would be relevant and proportional to the needs of this FCA action.

This case is over six years old and fact discovery needs to come to an end.  *See* Fed R. Civ. P. 26(b)(2)(C)(ii) (contemplates the timing of discovery in a Court's decision to grant further discovery).  The additional broad discovery sought about the Notice, which Anthem contends is irrelevant to this case, is simply not proportional to the needs of the case.  Even if the Government is able to introduce the Notice into evidence to rebut Anthem's contention that

CMS doesn't rigorously enforce its rules, the information Anthem already has is sufficient to cross-examine any Government witness who introduces the Notice.[2]  The discovery sought is at best tangential to the core issues, and expanding discovery at this late stage on an issue that is tangential and which might be resolved through an ongoing administrative claim process would serve to unnecessarily prolong and enlarge this case.

Accordingly, Anthem has not established that further discovery concerning the Notice is relevant and proportional to the needs of this case.

**CONCLUSION**

For the foregoing reasons, Anthem's request is DENIED.

**SO ORDERED.**

DATED:          New York, New York
                July 2, 2026

_Katharine H Parker_
_____
KATHARINE H. PARKER
United States Magistrate Judge

---

[2] The Court also notes that Anthem may obtain additional information through the ongoing administrative process pursuant to which it is contesting the Notice that potentially could be used for cross-examination.