

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

July 21, 2026

<u>Via ECF</u>
The Honorable Katharine H. Parker
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *United States of America v. Anthem, Inc.*, No. 20 Civ. 2593 (ALC) (KHP)

Dear Judge Parker:

This Office represents the Government in the above-referenced matter. We write pursuant to the Court's July 7, 2026 order (the "Order"), which invited the Government to "elect[] to defer a portion of or all its" Second Set of Interrogatories (the "Interrogatories") "pending the completion of Rule 30(b)(6) depositions" and to "submit a letter motion by no later than July 21, 2026, requesting a limited extension of time to the discovery schedule" for that purpose. ECF No. 546. The Government has elected to defer six of the Interrogatories and respectfully requests a limited extension to serve and obtain responses to them following the Government's Rule 30(b)(6) depositions. As the Order also directs, the Government provides an update on the status of the parties' meet-and-confer efforts relating to their respective Rule 30(b)(6) notices. *See id.*

**Background.** The Government served the Interrogatories on May 1, 2026, and the parties discussed them on the record at the July 7, 2026, conference. On June 24, 2026, Anthem served responses and objections to the Interrogatories in which it refused to answer a single interrogatory. According to Anthem, it did so because it asserted that the Interrogatories contained discrete subparts and therefore exceeded the number of interrogatories that the parties are permitted to serve in this matter. As explained in the Government's position statement in advance of the July 7 conference, ECF No. 539, and at the conference itself, Anthem's refusal to answer the Interrogatories—or even to identify which interrogatories purportedly had subparts and what they were—was improper. Nevertheless, the Government has substantially narrowed its Interrogatories on two occasions: first on June 30, 2026, prior to the July 7 conference, and again by letter dated July 14, 2026. As narrowed, the Government has withdrawn two of the Interrogatories and revised nine others. *See* ECF No. 539-4 (setting forth the Government's modifications to the Interrogatories in advance of the July 7 conference); Exhibit 1 (describing the Government's further modifications to the Interrogatories after the conference). In response to the Court's invitation, the Government has also elected to defer six Interrogatories (Nos. 2, 3, 4, 6, 15, and 22) until after the Government's Rule 30(b)(6) deposition(s). Anthem has agreed to treat each of the Government's Interrogatories that it is not deferring as a single interrogatory for numerosity purposes and informed the Government that it will respond to these interrogatories by August 20.

**The Court Should Extend Discovery to Accommodate the Deferral of These Interrogatories.** Each of the six Interrogatories the Government seeks to defer corresponds to a topic the Government noticed for its Rule 30(b)(6) depositions. For example, Interrogatory 6 seeks

a description of the processes by which Anthem certified the accuracy, completeness, and truthfulness of the diagnosis codes underlying its annual Risk Adjustment attestations to CMS. That subject matter overlaps with a topic in the Government's Rule 30(b)(6) notice concerning Anthem's annual attestations, on which Anthem has agreed to designate a witness. If Anthem's witness fully addresses that topic, a written response to Interrogatory 6 may be unnecessary. Accordingly, the Government has elected to defer this and five other interrogatories until after the Rule 30(b)(6) depositions, to conserve the parties' time and resources, because the testimony may narrow or eliminate the need for the corresponding interrogatory. The Government proposes that, within 14 days after the conclusion of the Rule 30(b)(6) depositions, it may serve a narrowed set of the deferred Interrogatories, and that Anthem respond within 30 days thereafter.

Anthem has informed the Government that it opposes the Government's deferral of the six Interrogatories. This position is perplexing, given the Court's Order stating that "[i]nsofar as the government elects to defer a portion of or all its interrogatory requests pending the completion of Rule 30(b)(6) depositions, *it may do so*." ECF No. 546 (emphasis added). Anthem's position appears to be that the six Interrogatories the Government seeks to defer contain discrete subparts (though Anthem has not specified what they are), and that the Government must revise those interrogatories to address that issue now, rather than after the Government's Rule 30(b)(6) depositions. That position is at odds with the approach the Court proposed at the July 7 conference, and it cannot be squared with the Court's Order, which permits the Government to defer its interrogatory requests pending completion of the Rule 30(b)(6) depositions. Anthem's demand would require the Government to narrow the six Interrogatories without the testimony that may narrow or eliminate them, and to redraft them once the deposition record exists. There is no reason to require the Government to undertake that duplicative and inefficient exercise.

Nor is Anthem prejudiced by deferral. The parties have agreed that Anthem will respond to 21 non-deferred interrogatories by August 20, and the Government previously served two interrogatories. Thus, the Government is comfortably within the limit (23 of 35 interrogatories) set by the discovery schedule. The Government further understands that Anthem has preserved any objections to the deferred interrogatories, including regarding numerosity. But the time to resolve such objections will come later, and only if the Government maintains the deferred interrogatories.

**Status of the Rule 30(b)(6) Depositions.** The parties are continuing to meet and confer regarding their Rule 30(b)(6) notices. With respect to the Government's notice to Anthem, the parties have held four meet-and-confer sessions. Further, the Government sent a letter to Anthem modifying certain topics in its notice on June 23, 2026, and Anthem responded by letter on July 18, 2026. The Government is reviewing Anthem's July 18 letter and will respond shortly. Although the parties have made progress, disputes remain.

With respect to Anthem's notice to the Government, the parties held multiple meet-and confer-sessions, including on June 3, 2026. On July 10, Anthem sent the Government a letter regarding its topics, which the Government is reviewing. The parties are continuing to meet and confer on these issues and hope either to resolve them or to bring any remaining disputes to the Court's attention at the next conference held by the Court.

We thank the Court for its attention to this matter and consideration of the Government's request.

Respectfully submitted,

JAY CLAYTON
United States Attorney

By:     */s/ Adam Gitlin*
PIERRE ARMAND
PETER ARONOFF
RACHAEL DOUD
HARRY FIDLER
ADAM GITLIN
CHARLES JACOB
DANA WALSH KUMAR
Assistant United States Attorneys
86 Chambers Street, 3rd Floor
New York, New York 10007

cc:     Anthem's Counsel (Via ECF)

3