USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/21/2026

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
UNITED STATES OF AMERICA,

Plaintiff,

-against-

ANTHEM, INC.,

Defendant.
-----------------------------------------------------------------X

**20-CV-2593 (ALC) (KHP)**

**OPINION AND ORDER ON MOTION TO SEAL**

**KATHARINE H. PARKER, United States Magistrate Judge:**

On September 18, 2026, Anthem filed a letter pursuant to the Court's Order at ECF No. 5581 requesting that the Court enter an order maintaining under seal the confidential information contained in Exhibits A and C to the Government's July 1, 2026 Position Statement. (ECF Nos. 540-1 and 540-3) The Government has not filed an opposition to this request. For the reasons that follow, Anthem's request to seal the documents referenced in its letter is GRANTED.

## LEGAL STANDARD

The First Amendment accords a strong presumption of public access to pleadings and other judicial documents that "have historically been open to the press and general public" and "play[ ] a significant positive role in the functioning of the [judicial] process[.]" *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 141 (2d Cir. 2016) (internal quotation marks and citation omitted); *see also Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006). The Second Circuit has held that this presumption applies to complaints filed in civil actions, *Bernstein*, 814 F.3d at 140, as well as "pretrial motions and written documents submitted in connection with them, and docket sheets." *Newsday LLC v. County of Nassau*, 730 F.3d 156, 164 (2d Cir. 2013) (citations omitted).

In considering a motion to seal, the court undertakes a three-part analysis. First, the court must determine whether the document is in fact a judicial document. A document is judicial if it "would reasonably have the tendency to influence a district court's ruling on a motion or in the exercise of its supervisory powers, without regard to which way the court ultimately rules or whether the document ultimately in fact influences the court's decision." *Brown v. Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019).

Second, once the Court finds that the document is a "judicial document," the court must determine the weight of the presumption that attaches. The weight given the presumption of access is "governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Id*. at 49. "The strongest presumption attaches where the documents 'determin[e] litigants' substantive rights,' and [the presumption] is weaker where the 'documents play only a negligible role in the performance of Article III duties.'" *Olson v. Major League Baseball*, 29 F.4th 59, 89-90 (2d Cir. 2022) (citations omitted). "Thus, a strong presumption attaches to materials filed in connection with dispositive motions, such as a motion to dismiss or a summary judgment motion." *Id*. However, the weight accorded to the presumptive right to public access is lower if the document is submitted in connection with a discovery dispute or other non-dispositive motion. *See Brown,* 929 F.3d at 49-50.

Third, once the Court has determined the weight to accord the presumption of public access, it must determine whether competing considerations outweigh the presumption. *Lugosch*, 435 F.3d at 120. Once triggered, the First Amendment "requires a court to make specific, rigorous findings before sealing [a] document or otherwise denying public access" to

the judicial record. *Bernstein*, 814 F.3d at 141 (internal quotation marks and citation omitted). "[T]he presumptive right of access prevails unless it is overcome by specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim." *Newsday*, 730 F.3d at 165 (internal quotation marks and citation omitted). This is because "[w]hat offends the First Amendment is the attempt to [exclude the public] without sufficient justification, not the simple act of exclusion itself." *Id*. (alteration in original) (internal quotation marks and citation omitted). Thus, once a document is "judicial," the presumption of public access is weighed against the "danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure." *Lugosch*, 435 F.3d at 120 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)). "[E]ven if material is properly designated as Confidential or Highly Confidential by a protective order governing discovery, that same material might not overcome the presumption of public access once it becomes a judicial document." *Dodona I, LLC v. Goldman, Sachs & Co*., 119 F. Supp. 3d 152, 155 (S.D.N.Y. 2015).

**DISCUSSION**

Though the documents are undoubtedly judicial documents to which a presumption of public access attaches, the weight of that presumption is modest. *See Alexander Interactive, Inc. v. Adorama, Inc*., No. 12 Civ. 6608 (PKC) (JCF), 2014 WL 4346174, at *2 (S.D.N.Y. Sept. 2, 2014). Both exhibits were submitted in connection with a discovery dispute, rather than a dispositive motion, and were offered principally to provide context for discrete discovery issues. Their contents were not themselves material to the Court's resolution of those issues. Accordingly, the public's interest in access is limited. *See Brown*, 929 F.3d at 49-50.

The Court further concludes that the limited presumption of public access is outweighed by the substantial interests in preserving the confidentiality of the information contained in the exhibits. Exhibit A contains internal communications among Anthem compliance personnel concerning draft policies and protocols relating to Anthem's Medicare Risk Adjustment programs. After thorough review, it is clear that disclosure of the contents of Exhibit A would reveal information about Anthem's internal compliance procedures and deliberative processes that could chill candid internal discussion concerning compliance policies. Exhibit C likewise contains sensitive financial and strategic information, including revenue figures, return-on-investment targets, vendor costs, revenue goals, and competitive strategy. Disclosure of such information could provide competitors with insight into Anthem's pricing, cost structure, vendor relationships, and strategic planning and could place Anthem, as well as relevant third parties, at a competitive disadvantage. Based on the above, the Court is satisfied that Anthem has made the requisite showing that higher values justify sealing these documents.

As with analogous materials previously sealed by the Court, the exhibits consist predominantly of the confidential information that gives rise to the need for sealing, while any non-confidential material contained within them is incidental and would contribute little to the public's understanding of the underlying discovery dispute or the Court's exercise of its judicial function. Redaction would therefore provide little additional public benefit while risking disclosure of the sensitive information noted above.

**CONCLUSION**

For the above reasons, the Court GRANTS the motion to seal.

**The Clerk of Court is respectfully directed to terminate the motion at ECF No. 597 and maintain ECF Nos. 540-1 and 540-3 under seal. The Clerk of Court is also respectfully directed to unseal ECF No. 512-4.**

**SO ORDERED.**

DATED: New York, New York
September 21, 2026

Katharine H Parker

KATHARINE H. PARKER
United States Magistrate Judge