**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

November 13, 2026

Via ECF
The Honorable Katharine H. Parker
United States District Court
500 Pearl Street
New York, New York 10007

Re: *United States of America v. Anthem, Inc.*, No. 20 Civ. 2593 (ALC) (KHP)

Dear Judge Parker:

This Office represents the Government in the above-referenced matter. We write in accordance with the Court's November 12, 2026 order permitting the parties to file position statements in advance of the November 17, 2026 conference. *See* ECF No. 614. As an initial matter, we note that the parties have resolved issue III on the proposed agenda, ECF No. 612. Anthem has agreed to amend its responses to the Government's Second Set of Interrogatories to make clear that interrogatories 7(a), 7(b), 9(a), 9(b), 10, 16, 17, 21, and 23 cover the agreed upon periods. Anthem has also agreed to produce its response to interrogatory No. 23 at least 24 hours before the November 20, 2026 deposition. Accordingly, two issues remain in dispute for the November 17 conference: issue IV, the Government's request regarding its obligations under the prior Court Order (ECF No. 425), and issue V, the applicable time limit on the record for each day of the parties' respective depositions pursuant to Fed. R. Civ. P. 30(b)(6).[1] *See* ECF No. 612.

As to issue IV, the Court should confirm that the Government has satisfied its obligations under the orders requiring disclosure of the list of allegedly false diagnosis codes, including ECF No. 425. The orders' purposes have been satisfied, and the Government disclosed its intended sampling and extrapolation approach to Anthem many months ago in interrogatory responses. Anthem, however, now appears intent on extracting concessions to which it is not entitled. But Anthem will have other opportunities—as contemplated by the Federal Rules—to take issue with the Government's legal theories or factual proof.

Finally, as the Court is aware, the parties began 30(b)(6) depositions this week. Anthem unilaterally decided which and how many topics to schedule for a single witness on a single day, with two witnesses covering seven topics each and a third covering three topics plus a small portion of a fourth. Despite this asymmetric division, Anthem refuses to allow additional deposition hours or days if it is not possible to get through all the topics covered by a designee in a single day or in seven record hours. The Government respectfully requests that Anthem make its witnesses available for a total of 21 on-the-record hours and allow designees to be recalled for a second day of testimony should time remain in the hours cap and a day concludes without completing examination of the designated topics.

[1] The Court has already set a briefing schedule for issue II: Anthem's November 2, 2026 production, and the Government's request to exclude documents included in that production under Fed. R. Civ. P. 37 or in the alternative to permit additional fact discovery. *See* ECF No. 614.

## I. <u>The Court Should Confirm the Government Has Satisfied Its Obligations Under the Orders Requiring Disclosure of the List of Allegedly False Diagnosis Codes</u>

The Government respectfully requests that the Court deem its obligations satisfied under ECF No. 425 and related earlier orders. These orders required the Government to provide Anthem with its "list of allegedly false diagnosis codes or allegedly false claims for payment or overpayment," including when the Government narrowed its list. These orders were intended to allow Anthem the opportunity to prepare its defense by seeking documents or testimony during fact discovery based on the Government's disclosure. That purpose has now been served. Anthem may continue to raise issues with the Government's theory of the case or method of proof as permitted by the Federal Rules of Civil Procedure; there is no need for any special procedure.

The requirement for the government to disclose its list of allegedly false diagnosis codes originated in Anthem's request at the April 2023 initial conference. Anthem requested that the Government identify the claims it contended were false and raised the prospect of contention interrogatories as a means to seek this information. Tr. 44:16-16:14. The Government responded that it first required Anthem data before it could identify codes, but that it would provide an overview of the methodology it planned to use. Tr. 47:12-49:24. The Court agreed that contention interrogatories would not be useful. Tr. 51:19-52:11. The Government did provide the overview of its methodology for identifying allegedly false codes by a letter it sent on June 15, 2023.

The parties discussed the list of allegedly false diagnosis codes again in the July 2024 conference, after Anthem had produced relevant data. Anthem explained that it required the list so that it would have the opportunity to seek discovery—including third-party discovery—during the fact discovery period. For example, Anthem said that it might need to seek information from doctors, Tr. 17:9-22, or coders, Tr. 20:1-4, or third-party coding societies or professional groups, Tr. 20:6-13. The colloquy ended this way:

> THE COURT: I understand what you're saying is that you can only know certain third-party discovery after you have the Government's final position on which things are false.
>
> MR. BLALACK: Correct. Once they identify which codes they say are not documented in the record, which physicians got it wrong, effectively, then I'm going to go out and try to find doctors, coders to show that the doctor was right, we were right, and they're wrong.

Tr. 20:23-21:7.

The Government disclosed the list in April 2025. It also disclosed revised, narrowed versions of the list; the most recent version was disclosed on October 29, 2026. In each revision, the Government only removed (never added) diagnosis codes. The most recent list has approximately 200,000 entries.

While the Government does not have a complete understanding of how Anthem has used the lists to date, Anthem has not sought extensive third-party discovery as it appeared to contemplate in the July 2024 conference. But the disclosures nonetheless afforded Anthem the opportunity to seek responsive discovery.

Thus, the Government's disclosures have served the purposes the orders contemplated: they have given Anthem notice of the Government's claims, and they have permitted Anthem to seek responsive discovery. For this reason, the Government respectfully requests that the Court

deem its obligations under ECF No. 425 and any related orders satisfied.

The requested relief is appropriate so that these orders cannot be put to improper use. As the Government informed Anthem months ago in its June 2026 interrogatory responses (and has also explained in open court), the Government "is reviewing a sample of diagnosis codes, for which the Court ordered Anthem to produce the associated medical records, to determine which diagnosis codes within that sample are unsupported by the medical record documentation, and the results of that review will then be extrapolated to the broader population of diagnosis codes from which the sample was drawn to establish the percentage of diagnosis codes unsupported from the broader population and, with additional evidence, the Government's damages." Government's Response to Anthem's Interrogatory 18 (June 24, 2026).[2] But by necessity, the Government will not offer proof based on medical records for every single diagnosis code as to which it seeks damages. The impossibility of that massive undertaking is what necessitates sampling in the first place. As a result, during expert discovery, the Government will identify for Anthem the false diagnosis codes from the sample, as well as an extrapolated rate.

Anthem has indicated that it will object to the Government's statistical approach. It may do so through *Daubert* motion, with its own competing experts, by raising legal objections at summary judgment, or other means permitted by the Federal Rules.

Anthem has indicated, however, that it wishes to preserve another argument: that the Government's approach violates the Court's disclosure orders. Anthem apparently may seek to argue that the Government's use of a sample and extrapolation is inconsistent with the orders' requirement to disclose the "list of allegedly false diagnosis codes," since the Government will offer proof based on medical records only for the patient-years in the sample.

That argument is meritless and should be foreclosed. As noted above, it has no relation to the orders' purpose. Nor does Anthem appear to have believed so. It never raised this potential reading of the orders, even after the Government had disclosed—both in open court and then in interrogatory responses served in June—its specific plans to sample and extrapolate. Rather, it was only when the Government approached Anthem with the clarification proposal that Anthem sought to extract concessions from the Government.

Anthem may complain that the Government has changed its theory of the case or its intended mode of proof. The Government disputes those assertions, but they are also irrelevant to this request. Anthem will have ample opportunities to rebut the Government's legal theories and factual proof. But a dispute about the meaning of a case management order is not the time to do so.

## II. <u>Anthem Refuses to Allow Sufficient Time to Depose its Rule 30(b)(6) Designees</u>

The Government's Rule 30(b)(6) deposition of Anthem covers seventeen topics, and Anthem has designated three individuals appearing on three different days to testify on its behalf. Anthem designated the November 13 designee to cover seven topics, the November 19 designee to cover three topics and a portion of a fourth, and the November 20 designee to cover seven topics. Despite this self-imposed asymmetric division, Anthem refuses to provide the Government with sufficient time to complete its examination. Instead, Anthem argues that the deposition of each designee should be limited to one day and seven records hours without regard to the number of

[2] We attach the full interrogatory and response as Exhibit A to this letter.

topics the witness is designated to testify on.

While the Government acknowledges that this is the default under Rule 30, the rule also permits the Court to order a different time limit and instructs that "[t]he court must allow additional time consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination." Fed. R. Civ. P. 30(d)(1). Here, the default does not make sense where Anthem has self-imposed a lopsided division of the topics. *See Esso Exploration and Production Nigeria Ltd. v. Nigerian National Petroleum Corp.*, No. 14 Civ. 8445, 2018 WL 11217859, at *1 (S.D.N.Y. Oct. 12, 2018) (finding the default seven hours insufficient where one witness was designated to testify on 14 topics and the other witness on 4 topics). Anthem chose to designate two witnesses to handle approximately 40% of the topics each, and one witness to handle the remaining 20%. To limit each deposition to the same amount of time improperly allows Anthem to choose how the Government focuses its allocated time on the topics. Accordingly, the Government requests that the Court impose a 21 hour cap to cover all deposition topics.[3] If a deposition cannot be completed within a single day, the witness should be made available again provided the Government has time remaining on the cap. The Government would agree to a reciprocal arrangement for Anthem.

Respectfully submitted,

JAMES M. MCDONALD
United States Attorney

By: *<u>/s/ Harry Fidler</u>*
PIERRE ARMAND
PETER ARONOFF
RACHAEL DOUD
HARRY K. FIDLER
ADAM GITLIN
CHARLES S. JACOB
DANA WALSH KUMAR
Assistant United States Attorneys
86 Chambers Street, 3rd Floor

cc: Counsel of record (via ECF)

---

[3] The Government proposes 21 record hours to reflect the seven-hour limit typically imposed under Rule 30 for each of the three witnesses.