# EXHIBIT B

**From:** Doud, Rachael (USANYS) <Rachael.Doud@usdoj.gov>
**Sent:** Tuesday, December 2, 2025 6:03 PM
**To:** Blalack II, K. Lee <lblalack@omm.com>; Bowman, Jim <jbowman@omm.com>; Deaton, David <ddeaton@omm.com>; Sullivan, Stephen M. <ssullivan@omm.com>; Graves, Anwar <agraves@omm.com>; Levine, Adam <alevine@omm.com>
**Cc:** Jacob, Charles (USANYS) <Charles.Jacob@usdoj.gov>; Armand, Pierre (USANYS) <Pierre.Armand@usdoj.gov>; Walsh Kumar, Dana (USANYS) <Dana.Walsh.Kumar@usdoj.gov>; Gitlin, Adam (USANYS) <Adam.Gitlin@usdoj.gov>; Aronoff, Peter (USANYS) <Peter.Aronoff@usdoj.gov>
**Subject:** RE: New Discovery Schedule

Hi Lee,

Thanks, you too. The existing fact discovery deadline does not expire next week, as it was tolled for the duration of the shutdown. However, we of course share your desire to determine whether we can make a joint proposal or need to raise disputes to the court. Our responses and comments to your response and counter proposals are below.

Thanks,

Rachael

---

**From:** Blalack II, K. Lee <lblalack@omm.com>
**Sent:** Tuesday, December 2, 2025 4:55 PM
**To:** Doud, Rachael (USANYS) <Rachael.Doud@usdoj.gov>; Bowman, Jim <jbowman@omm.com>; Deaton, David <ddeaton@omm.com>; Sullivan, Stephen M. <ssullivan@omm.com>; Graves, Anwar <agraves@omm.com>; Levine, Adam <alevine@omm.com>
**Cc:** Jacob, Charles (USANYS) <Charles.Jacob@usdoj.gov>; Armand, Pierre (USANYS) <Pierre.Armand@usdoj.gov>; Walsh Kumar, Dana (USANYS) <Dana.Walsh.Kumar@usdoj.gov>; Gitlin, Adam (USANYS) <Adam.Gitlin@usdoj.gov>; Aronoff, Peter (USANYS) <Peter.Aronoff@usdoj.gov>
**Subject:** [EXTERNAL] RE: New Discovery Schedule

Greetings:

I hope you all had a relaxing Thanksgiving holiday. We have not received a response yet to our message of last Wednesday. When do you all anticipate responding to Anthem’s scheduling proposal below? We would like to determine soon whether a joint proposal to Judge Parker is feasible and, if not, reach agreement on the plan for submitting the parties’ respective proposals to the Court for consideration. The existing fact discovery deadline

expires next week. As noted last week, please let me know if you all would like to meet and confer on any details in Anthem's proposal. Best. Lee

---

**From:** Blalack II, K. Lee
**Sent:** Wednesday, November 26, 2025 8:09 PM
**To:** 'Doud, Rachael (USANYS)' <Rachael.Doud@usdoj.gov>; Bowman, Jim <jbowman@omm.com>; Deaton, David <ddeaton@omm.com>; Sullivan, Stephen M. <ssullivan@omm.com>; Graves, Anwar <agraves@omm.com>; Levine, Adam <alevine@omm.com>
**Cc:** Jacob, Charles (USANYS) <Charles.Jacob@usdoj.gov>; Armand, Pierre (USANYS) <Pierre.Armand@usdoj.gov>; Walsh Kumar, Dana (USANYS) <Dana.Walsh.Kumar@usdoj.gov>; Gitlin, Adam (USANYS) <Adam.Gitlin@usdoj.gov>; Aronoff, Peter (USANYS) <Peter.Aronoff@usdoj.gov>
**Subject:** New Discovery Schedule

Good Evening,

Thanks for speaking with us on Monday and providing an explanation for Plaintiff's proposed schedule and the additional discovery you're contemplating. While Anthem can agree to several of your proposed deadlines, the remainder are not in line with the stated discovery needs of the parties. There also are several other deadlines that Anthem believes should be separately identified in the new discovery schedule for clarity and to efficiently move the discovery process to conclusion. We therefore provide below Anthem's proposed schedule that more accurately reflects those needs.

Anthem agrees with the following deadlines in Plaintiff's proposed discovery schedule:

- We agree with your proposal to provide Anthem with Plaintiff's final list of allegedly false diagnosis codes or allegedly false claims for payment or overpayments by December 5, 2025. Based on our call, it is our understanding that this list will include the six data elements (namely, Health Insurance Claim Number or Medicare Beneficiary Identifier; From Date of Service; Thru Date of Service; Diagnosis Code (ICD-9 or ICD-10); RAPS Provider Type (01-hospital inpatient principal, 02-hospital inpatient other, 10-hospital outpatient, or 20-physician), and National Provider Identifier) that Plaintiff has previously agreed to include in its prior list of allegedly false diagnosis codes, as set forth in Anthem's July 29, 2024 letter and our follow-up email correspondence in April 2025. Please let us know if that understanding is incorrect.

  That is correct.

- We also agree with Plaintiff's proposal to identify by January 9, 2026 a sample of the allegedly false diagnosis codes that Plaintiff intends to draw from the full list of allegedly false diagnosis codes that Plaintiff will serve on December 5, 2025, as well as serve a single request for production seeking medical records associated with that sample. Please let us know if our understanding of Plaintiff's proposal is incorrect.

That is correct.

- We believe that March 31, 2026 is an overly aggressive deadline for the parties to complete all fact depositions. Given the number of witnesses already identified by the parties for depositions and the likelihood that some additional witnesses may be identified in the coming months, we believe it would be more prudent to set a realistic deadline for Rule 30(b)(1) depositions in late May. Notwithstanding these concerns, however, Anthem will agree to a deadline of March 31, 2026 for all Rule 30(b)(1) depositions of party and non-party witnesses, with the understanding that the parties have (i) already identified to opposing counsel the witnesses from whom they currently intend to seek Rule 30(b)(1) testimony, (ii) not subpoenaed any additional witnesses without informing opposing counsel, and (iii) anticipate seeking only a small number of additional depositions based on future factual developments in the case. Specifically, those witnesses are, for Plaintiff: Brown, Cabrera, Cogdill, DeShay, Gallina, King, Lieb, Lorance, Russo, Sassi, Smith, Welch, White; and for Anthem: Blum, Harlow, Johnson, Kapustij, Scott, Slavitt, Tavenner. Please note that Anthem has included a separate deadline below for completion of Anthem's Rule 30(b)(6) deposition of Plaintiff. It is simply not reasonable to expect the parties to complete their meet and confer over Plaintiff's objections to Anthem's Rule 30(b)(6) notice and/or any briefing to the Court to resolve outstanding disputes over those objections in time to schedule the responsive testimony by March 31, 2026. As you know, Plaintiff has not noticed any Rule 30(b)(6) deposition of Anthem, nor otherwise indicated any intention to take a Rule 30(b)(6) deposition. If you do in fact intend to seek a Rule 30(b)(6) deposition of Anthem, please notify us immediately as this intention would impact the reasonableness of the deadline that we have proposed below.

In light of your concerns, we are prepared to move the deadline for the parties to complete fact depositions to April 30, 2026.

Anthem disagrees with the remainder of Plaintiff's proposal. Anthem cannot agree to a fixed deadline for the production of medical records in response to Plaintiff's forthcoming document request which, as you proposed, will be served by January 9, 2026. As you know, Anthem intends to object to Plaintiff's request for medical records at this late stage in the litigation, and that threshold issue will need to be briefed by the parties and decided by the Court. In addition, we have not yet reviewed Plaintiff's request for production, nor do we know the size of Plaintiff's proposed sample. We therefore cannot predict the nature of Anthem's specific objections, nor the undertaking required to produce the requested medical records if the Court rules in Plaintiff's favor. It is therefore premature to impose a production deadline on Anthem. If and when the Court overrules Anthem's objections to Plaintiff's request for medical records, the Court will specify a reasonable time frame for Anthem to complete its production of responsive records.

We disagree. Unless you are willing to change your position, we can raise this with the Court.

After Plaintiff serves its new document request, Anthem is entitled to 30 days under the Federal Rules of Civil Procedure to prepare and serve responses and objections. Nevertheless, Anthem is willing to compress its deadline to serve its responses and objections from 30 days to 21 days. This abridged deadline is premised on Anthem's understanding that Plaintiff's January 9, 2026 document

request will be a single request for medical records associated with the proposed sample of diagnosis codes drawn from Plaintiff's final list of allegedly false codes or allegedly false claims for payment or overpayments, which Plaintiff will serve on December 5, 2025. If this premise is not correct, then Anthem would require the full 30-day period allotted by the Federal Rules of Civil Procedure.

We also disagree with Plaintiff's inclusion of a one-sided deadline for Anthem to supplement its Rule 26 disclosures unique to Plaintiff's final list of allegedly false diagnosis codes. Anthem has supplemented its Rule 26 disclosures twice already, but Plaintiff has not once supplemented its initial disclosures. Rule 26(e) requires parties to seasonably supplement their initial disclosures. It is not reasonable to believe that, in the two and a half years that this case has been in active discovery, Plaintiff has not identified any additional witnesses or documents that would warrant supplementation under Rule 26. And there is no credible basis to impose a deadline that is limited to a single topic and only Anthem. We have thus included in Anthem's proposal below a deadline of May 29, 2026 for both parties to supplement their Rule 26 disclosures to include any additional documents and/or witnesses the parties identify. This disclosure deadline would occur with 60 days remaining before Anthem's proposed fact discovery deadline. Anthem believes this deadline will afford the parties enough time within the remaining fact discovery period to conduct any necessary follow-up discovery related to any supplemental disclosures.

As we explained, we believe that initial disclosures based on the Government's request for medical records would be discrete and it is appropriate to treat them differently from other supplements to initial disclosures. However, based on your stated concerns, we believe it makes sense to remove the deadline for Anthem to supplement its initial disclosures concerning the list of allegedly false diagnosis codes rather than add a more general deadline to supplement initial disclosures. Or course, any supplements to initial disclosures must be made with sufficient time to permit follow-up discovery.

In addition, Anthem proposes that the parties include a May 29, 2026 deadline to serve any requests for admission and/or contention interrogatories. This deadline will provide the parties with sufficient time to prepare and serve those discovery requests following the deadline for Rule 30(b)(1) depositions and with sufficient time remaining in the fact discovery period to meet-and-confer and resolve any disputes about that contention discovery.

We believe this deadline is unnecessarily delayed and propose May 1, 2026.

Moreover, since the parties have indicated that they may serve additional discovery requests following the completion of Rule 30(b)(1) depositions, Anthem disagrees with your proposed fact discovery deadline of May 29, 2026, where that proposed deadline only provides the parties with 60 days after Rule 30(b)(1) depositions to complete an uncertain amount of follow-up discovery that may be sought by each party. Accordingly, Anthem proposes that fact discovery conclude on July 31, 2026. This is a more reasonable schedule to complete Anthem's Rule 30(b)(6) deposition of Plaintiff, contention discovery, and any last-minute discovery that arises from the parties' final supplementation of Rule 26 disclosures.

This substantial extension of the end of fact discovery is unwarranted. We would agree to move this deadline to June 30, 2026. We are planning to notice a Rule 30(b)(6) deposition but do not believe it, or Anthem's requested 30(b)(6) deposition, requires such a substantial amount of time to complete.

With respect to expert discovery deadlines, Anthem has simply adopted the timing set forth in the Court's April 29, 2025 order (Dkt. 345), which reflects the prior agreement of the parties, and Anthem's expert discovery deadlines follow from its proposed July 31, 2026 deadline for fact discovery.

Please let me know if we have Plaintiff's agreement to Anthem's proposed schedule or if you would like to meet and confer further regarding Anthem's proposal.

I hope you all have a happy Thanksgiving.
Lee

**

| | **Current Deadline** | **Plaintiff's Proposed Deadlines** | **Anthem's Proposed Deadlines** | **Government's Revised Proposed Deadlines** |
|---|---|---|---|---|
| Deadline for Plaintiff to serve its final list of allegedly false diagnosis codes or allegedly false claims for payment or overpayment | July 8, 2025 | December 5, 2025 | December 5, 2025 | December 5, 2025 |
| Deadline for Plaintiff to identify its sample of allegedly false diagnosis codes and serve a request for production seeking medical records associated with that sample | N/A | January 9, 2026 | January 9, 2026 | January 9, 2026 |
| ~~Deadline for Anthem's production of medical records in response to the~~ | N/A | ~~February 24, 2026~~ | N/A | February 24, 2026 |

| | | | | |
|---|---|---|---|---|
| ~~Government's RFP~~ | | | | |
| Deadline for Anthem to serve its objections and responses to Plaintiff's request for production seeking medical records associated with the sample of allegedly false diagnosis codes or overpayments disclosed to Anthem on December 5, 2025 | N/A | N/A | January 30, 2026 | N/A |
| ~~Deadline for Anthem to make any additional disclosures pursuant to Rule 26 relating to the Government's narrowed list~~ | N/A | ~~February 24, 2026~~ | N/A | N/A |
| Deadline for parties to complete all Rule 30(b)(1) depositions, including Rule 30(b)(1) depositions of non-party witnesses | December 9, 2025 | March 31, 2026 | March 31, 2026 | April 30, 2026 |
| Deadline for parties to serve final supplemental disclosures pursuant to Federal Rule of Civil Procedure 26(e) | N/A | N/A | May 29, 2026 | N/A |
| Deadline for parties to serve contention interrogatories and/or requests | N/A | N/A | May 29, 2026 | May 1, 2026 |

| | | | | |
|---|---|---|---|---|
| for admission | | | | |
| Deadline for Anthem to complete Rule 30(b)(6) deposition of Plaintiff | N/A | N/A | June 30, 2026 | May 29, 2026 |
| Deadline for all fact discovery | October 9, 2025 | May 29, 2026 | July 31, 2026 | June 30, 2026 |
| Affirmative expert disclosures and reports | January 20, 2026 | September 9, 2026 | November 11, 2026 | October 9, 2026 |
| Rebuttal expert disclosures and reports | April 20, 2026 | December 9, 2026 | February 9, 2027 | January 8, 2027 |
| Deadline for all expert discovery | June 18, 2026 | February 1, 2027 | April 9, 2027 | March 1, 2027 |

---

**From:** Doud, Rachael (USANYS) <Rachael.Doud@usdoj.gov>
**Sent:** Friday, November 21, 2025 10:45 PM
**To:** Bowman, Jim <jbowman@omm.com>; Deaton, David <ddeaton@omm.com>; Sullivan, Stephen M. <ssullivan@omm.com>; Graves, Anwar <agraves@omm.com>; Blalack II, K. Lee <lblalack@omm.com>; Levine, Adam <alevine@omm.com>
**Cc:** Jacob, Charles (USANYS) <Charles.Jacob@usdoj.gov>; Armand, Pierre (USANYS) <Pierre.Armand@usdoj.gov>; Walsh Kumar, Dana (USANYS) <Dana.Walsh.Kumar@usdoj.gov>; Gitlin, Adam (USANYS) <Adam.Gitlin@usdoj.gov>; Aronoff, Peter (USANYS) <Peter.Aronoff@usdoj.gov>
**Subject:** RE: Anthem Deposition Scheduling

Jim,

Removing Clarick Gueron from this chain.

Consistent with Judge Parker's instructions, we repeatedly asked for witnesses' availability for depositions during the shutdown, and neither you nor Clarick Gueron indicated that you were refusing to provide it for the duration of the shutdown and beyond in response to those requests, which were sent by email. There is no reason that depositions should not be scheduled at this time, or that you cannot provide witnesses' availability when asked. There is always a chance depositions may need to be rescheduled—for example, we had to postpone several depositions because it came to light that Anthem had failed to produce responsive documents—but that is not a basis to refuse to schedule any. There is no reason to believe that depositions scheduled for the next couple of months would need to be rescheduled. No matter the deadline for completing depositions during fact discovery, there is no possibility that the deposition deadline will affect whether the parties can take depositions in the next couple of months.

Below is a proposed discovery schedule. This is contingent to your agreement to the deposition

schedule we sent on Tuesday. In light of your refusal to provide Mr. Cogdill's availability over the course of almost two months and your failure to indicate which date you prefer among those we have proposed, we are attaching a deposition notice setting his deposition for December 9. We will begin making arrangements unless we hear from you by Monday that you prefer another date that we proposed.

Please provide times on Monday when you are available to meet and confer regarding the proposed schedule.

- Deadline for Government to transmit a narrowed list of false diagnosis codes or allegedly false claims for payment or overpayment: December 5, 2025
- Deadline for Government to serve an RFP requesting medical records based on a sample of the Government's narrowed list and transmit that sample: January 9, 2026
- Deadline for Anthem's production of medical records in response to the Government's RFP: February 24, 2026
- Deadline for Anthem to make any additional disclosures pursuant to Rule 26 relating to the Government's narrowed list: February 24, 2026
- Deadline to complete fact discovery depositions of current and former Anthem and Government employees: March 31, 2026
- Fact discovery deadline: May 29, 2026
- Affirmative expert disclosures and reports: September 9, 2026
- Rebuttal expert disclosures and reports: December 9, 2026
- Deadline for all expert discovery: February 1, 2027

Thanks,

Rachael

---

**From:** Bowman, Jim <jbowman@omm.com>
**Sent:** Friday, November 21, 2025 12:28 AM
**To:** Doud, Rachael (USANYS) <Rachael.Doud@usdoj.gov>; Deaton, David <ddeaton@omm.com>; Sullivan, Stephen M. <ssullivan@omm.com>; Graves, Anwar <agraves@omm.com>; Blalack II, K. Lee <lblalack@omm.com>; Levine, Adam <alevine@omm.com>; Nicole Gueron <ngueron@cgr-law.com>; Melissa Holsinger <mholsinger@cgr-law.com>
**Cc:** Jacob, Charles (USANYS) <Charles.Jacob@usdoj.gov>; Armand, Pierre (USANYS) <Pierre.Armand@usdoj.gov>; Walsh Kumar, Dana (USANYS) <Dana.Walsh.Kumar@usdoj.gov>; Gitlin, Adam (USANYS) <Adam.Gitlin@usdoj.gov>; Aronoff, Peter (USANYS) <Peter.Aronoff@usdoj.gov>
**Subject:** [EXTERNAL] RE: Anthem Deposition Scheduling

Hi Rachael,

Your email below mischaracterizes the record and the Court's instruction.

Early in October, the Court did suggest that the parties discuss re-scheduling the depositions from early October that were being taken off calendar because of the government shutdown. Specifically, at the October 3, 2025 telephonic conference, the

parties informed Judge Parker that there were three upcoming depositions that would have to be taken off calendar. Judge Parker said at that time that she was optimistic that the shutdown would not last beyond mid-October and asked the parties to discuss alternate dates for those depositions.

Over the next several weeks, however, it became evident that the government shutdown was going to last longer than Judge Parker anticipated. Before the settlement conference, and as we began postponing additional depositions, I spoke with Charlie by phone and we discussed the fact that it did not make sense to provide new dates for witnesses, where we did not yet know how long the shutdown would last. And at the October 23, 2025 settlement conference, Judge Parker said the shutdown had "blown up" the discovery schedule and instructed the parties to meet and confer about an entirely new discovery schedule ***after*** the shutdown had ended.

Your email below ignores the Court's later clear instruction. And your assertion that we should have provided rescheduled deposition dates weeks ago makes no sense, when we continued to cancel additional depositions each week, and where any new dates that we would have proposed at that time would either have had to be canceled again or would have been at risk of being canceled (depending on the length of the shutdown, which at that time there was no way of knowing).

The Court's direction at the settlement conference to meet and confer regarding the entire discovery schedule, which would include discussing the appropriate deadline for completing all Rule 30(b)(1) depositions, makes far more sense than your insistence that we prioritize scheduling isolated depositions that Plaintiff wants to take before any other meet and confer over the schedule can take place.

On November 12, 2025, before the shutdown concluded but when it was apparent that it was likely coming to an end soon, Lee emailed Charlie to start the meet and confer that Judge Parker had ordered the parties to conduct once the shutdown ended. We understand from Charlie's November 13, 2025 response that Plaintiff is "working on a proposed schedule," but more than a week later we still have not received it. As discussed at the settlement conference, and as Lee stated in his November 12, 2025 email, once we receive Plaintiff's proposed new discovery schedule, we will confer with our client and get back to you promptly so we can hopefully submit a joint proposal to Judge Parker. And at that point the parties can work on setting new deposition dates consistent with the new discovery schedule. Please let us know when you will be providing Plaintiff's proposed new discovery schedule.

In the meantime, we are prepared to move forward with the deposition of Camie Welsh on the December date scheduled several months ago in consultation with her counsel.

Best,

Jim

---

**From:** Doud, Rachael (USANYS) <Rachael.Doud@usdoj.gov>
**Sent:** Tuesday, November 18, 2025 1:15 PM
**To:** Bowman, Jim <jbowman@omm.com>; Deaton, David <ddeaton@omm.com>; Sullivan, Stephen

M. <ssullivan@omm.com>; Graves, Anwar <agraves@omm.com>; Blalack II, K. Lee <lblalack@omm.com>; Levine, Adam <alevine@omm.com>; Nicole Gueron <ngueron@cgr-law.com>; Melissa Holsinger <mholsinger@cgr-law.com>
**Cc:** Jacob, Charles (USANYS) <Charles.Jacob@usdoj.gov>; Armand, Pierre (USANYS) <Pierre.Armand@usdoj.gov>; Walsh Kumar, Dana (USANYS) <Dana.Walsh.Kumar@usdoj.gov>; Gitlin, Adam (USANYS) <Adam.Gitlin@usdoj.gov>; Aronoff, Peter (USANYS) <Peter.Aronoff@usdoj.gov>
**Subject:** Anthem Deposition Scheduling

All,

We write in response to Jim's email sent Friday and Melissa's email sent Monday. On the call with Judge Parker on October 3, and as Charlie noted in his October 16 email, she directed the parties to work during the shutdown to reschedule postponed depositions. We asked Anthem for potential dates for Cogdill and Lieb, and Clarick Gueron for potential dates for the remaining witnesses, several times during the shutdown, and you responded to suggest you were checking their availability but never provided potential dates. Now, you make clear that you never intended to provide potential dates during the duration of the shutdown, and you are continuing to do so now. There is no justification for Anthem or Clarick Gueron refusing to provide witnesses' availability. Throughout deposition scheduling in this case, you have repeatedly provided a single date per witness, often months from when we requested their availability. We have been accommodating, but it is not up to Anthem to dictate the sequence in which we take depositions or to delay depositions until the end of discovery. Accordingly, we are providing a schedule of when we intend to take the remaining depositions we have requested thus far. We are providing multiple potential dates for each witness, and we expect you to make these work. Please confirm by Friday that you will proceed according to this schedule. Once you do so we will propose a discovery schedule to Anthem.

Matt Cogdill: December 9-12
Patricia Cabrera: week of December 15
Jeff DeShay: week of January 5
Angele White: week of January 12
Sarah Lorance: week of January 19
Brian Sassi: week of January 26
Julie Smith: week of February 2
Calisse Brown: week of February 9
Anne Lieb: week of February 16

Thanks,

Rachael

**Rachael L. Doud**
Assistant United States Attorney
U.S. Attorney's Office
Southern District of New York